# CHRISTOPHER RILEY

ATTORNEY AT LAW
12 WATER STREET
SUITE 405
WHITE PLAINS, NY 10601

———

(914) 428-4010
FAX (914) 948-4177

———

Email: rileyc1@optonline.net

April 10, 2020

Hon. Philip M. Halpern, USDJ
Southern District of New York
500 Pearl Street
New York, New York 10007

> **Re:   Tal Properties v. Village of Pomona, et al**
> Case no. 7:19-cv-06838

Dear Judge Halpern:

Please be advised that the undersigned is defendant pro se named in the recently filed (but not yet served) Amended Complaint in the above matter. I write to request a pre-motion conference for the purposes of a Rule 12 motion and request for Rule 11 sanctions.

It is my understanding that plaintiffs have filed (but not yet served) an Amended Complaint which in its caption brings the proceeding against me as "Christopher Riley, individually and in his official capacity as Special Prosecutor". The only allegations made in the complaint specifically as to me is in paragraph 26 (wherein it is alleged that I was the Special Prosecutor, paragraph 138 (wherein it is alleged that I was recruited as Special Prosecutor by the then mayor, defendant Yagel) and paragraph 218 (wherein it is alleged that defendant Zummo stated I would not be able to draft an affidavit for the court to prosecute a non-violation absent a witness with knowledge). To the extent allegations are made, they are too vague and conclusory as to this defendant to support a complaint.

By letter dated April 6, 2019 and emailed that day, I wrote to both Stuart A. Krause, Esq. And Michael E. Sims, Esq. of Zeichner Ellman & Krause and Nathan Lewin of Lewin & Lewin advising them that prosecutors enjoy absolute immunity, citing Imbler v. Pachtman, 424 U.S. 409 (1976), and advising that nothing alleged in amended complaint as to me would bring the matter within any of the limited exception, citing Bernard v. Suffolk County, 356 F.3d 495 (2nd Cir., 2004). I requested that they withdraw the complaint as against me and stated that if they did not, I would request a pre-motion conference for the purposes of making a motion to dismiss and seeking Rule 11 sanctions, and asked that they advise me as to their position. To date, I have not received the courtesy of a reply.

It is well settled that absolute immunity for a prosecutor applies even in the face of allegations of unconstitutionally selective enforcement. Bernard v. County of Suffolk, 356 F.3d 495 (2nd Cir., 2004).

Additionally, a review of the history of this matter as well as the instant complaint clearly indicates a Statute of Limitations issue. Initially, a sate court action was commenced in Rockland Supreme Court under Index No. 31215/2017 by Summons dated March 17, 2017. Thereafter, the matter was removed to the Southern District. After three Amended Complaints, by Decision dated July 22, 2019 Judge Seibel dismissed the action, but with leave to commence a new action. This defendant was not a party to the prior proceeding. The instant action was commenced by Summons and Complaint dated July 23, 2019. This defendant was not named at that time. An Amended Complaint dated March 27, 2020 was filed (which has not been served as of yet on the undersigned) was filed which for the first time names the undersigned as a party. It relates to the same facts and events as the prior lawsuit. The facts alleged claim occurrences in 2015, 2016, and the early part of 2017 with the allegations thereafter relating to the date of findings issued by the Human Rights Commission relating to events that occurred well before and alleged admissions made by defendants other than the undersigned. It is respectfully submitted that there is no relation back for Statute of Limitations purposes for a variety of reasons (e.g. I was an independent contractor, not an employee, there is a lack of unity of interest since the alleged tortious acts are alleged to have been committed by defendants other than myself, and as prosecutor I am entitled to absolute privilege where the co-defendants are not). Under these circumstances leave is requested to move to dismiss on a Statute of Limitations basis as well.

It is well-settled that claims of absolute privilege should be resolved at the earliest appropriate stage preferably before discovery. See Galgano v. County of Putnam, Case No. 16-cv-3572, 2018 WL 4757968 (SDNY, 2018). Under the circumstances presented I respectfully request a pre-motion conference seeking leave to bring on a motion to dismiss and sanctions.

Sincerely,

CHRISTOPHER RILEY

cc: All Counsel via ECF