UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
TAL PROPERTIES OF POMONA, LLC
and AVROHOM MANES,

                            Plaintiffs,

v.                                                                          **ORDER**

VILLAGE OF POMONA, et al.,                          19-CV-06838 (PMH)

                            Defendants.
----------------------------------------------------------X

PHILIP M. HALPERN, United States District Judge:

By motion dated December 15, 2020, Plaintiffs moved to disqualify Michael H. Sussman ("Sussman") and his firm, Sussman & Associates, from representing Defendant Noreen Shea ("Shea") on the grounds that a conflict of interest exists. (Doc. 124; Doc. 127, "Pls. Br."). Specifically, Plaintiffs argue that Sussman represented them in a "substantially related" prior federal lawsuit and that through that representation, Sussman "gained [and] continues to withhold from Plaintiffs confidential and privileged documents concerning Plaintiffs' claims," and thus, Sussman must be disqualified. (Pls. Br. at 1-2). On December 20, 2020, Sussman filed an affirmation in opposition to Plaintiffs' motion seeking disqualification. (Doc. 128, "Sussman Aff.").

For the reasons that follow, Plaintiffs' motion to disqualify Sussman from representing Shea is GRANTED.

**DISCUSSION**

"[T]he authority to disqualify an attorney is a function of the court's inherent supervisory power" and "disqualification may be justified even in the absence of a clear ethical breach 'where necessary to preserve the integrity of the adversary process.'" *Revise Clothing, Inc. v. Joe's Jeans*

*Subsidiary, Inc.*, 687 F. Supp. 2d 381, 388 (S.D.N.Y. 2010) (quoting *Bd. of Educ. of the City of New York v. Nyquist*, 590 F.2d 1241, 1246 (2d Cir. 1979)). A court faced with a motion to disqualify opposing counsel must "balance 'a client's right freely to choose his counsel' against 'the need to maintain the highest standards of the profession.'" *Hempstead Video, Inc. v. Inc. Vill. of Valley Stream*, 409 F.3d 127, 132 (2d Cir. 2005) (quoting *Gov't of India v. Cook Indus., Inc.*, 569 F.2d 737, 739 (2d Cir. 1978)). While "any doubt should be resolved in favor of disqualification . . . motions to disqualify counsel are disfavored and subject to a high standard of proof." *Revise Clothing*, 687 F. Supp. 2d at 387-88. Thus, the "[m]ere appearance of impropriety will not alone serve as a sufficient basis for granting a disqualification motion. Rather, the motion will be granted only if the facts present a real risk that the trial will be tainted." *Id.* at 388 (quoting *U.S. Football League v. Nat'l Football League*, 605 F. Supp. 1448, 1452 (S.D.N.Y. 1985)).

One form of "taint" that may result in disqualification is "when an attorney places himself in a position where he could use a client's privileged information against that client." *Hempstead Video*, 409 F.3d at 133. Where the attorney facing possible disqualification represented a former client to whom he is now adverse—that is, a case in which the allegedly improper representation is successive as opposed to concurrent—disqualification is warranted where:

> (1) the moving party is a former client of the adverse party's counsel; (2) there is a substantial relationship between the subject matter of the counsel's prior representation of the moving party and the issues in the present lawsuit; and (3) the attorney whose disqualification is sought had access to, or was likely to have had access to, the relevant privileged information in the course of his prior representation of the client.

*United States v. Prevezon Holdings Ltd.*, 839 F.3d 227, 240 (2d Cir. 2016) (quoting *Evans v. Artek Sys. Corp.*, 715 F.2d 788, 791 (2d Cir. 1983)). The Court considers the three prongs of this disqualification test *seriatim*.

First, it is undisputed that Sussman represented Plaintiffs in a prior federal lawsuit. (Pls. Br. at 5; Sussman Aff. ¶ 4(a) ("Between July 2017 and May 2018, I represented Avrohom Manes and/or a company owned by him, Tal Properties, as follows . . . ."); *id.* ¶ 5 ("I had contact related to litigation matters with Mr. Manes for a period of about 11 months . . . .")). The prior federal action was *TAL Properties of Pomona, LLC v. Vill. of Pomona*, No. 17-CV-02928 (S.D.N.Y.) (hereinafter "*TAL1*"), presided over by Judge Cathy Seibel. Sussman also represented Plaintiffs in a prior state court action. (Sussman Aff. ¶ 4(b)). A review of the *TAL1* docket reveals that Sussman was, in fact, counsel of record for plaintiff TAL Properties of Pomona, LLC, the same Plaintiff in the present action. Thus, prong one of the disqualification test is satisfied.

Second, there is a substantial relationship between *TAL1* and the present action. Plaintiffs argue that the matters are substantially related because "[t]he *TAL1* case was a predecessor case to this action" and that "*TAL1* alleged disparate treatment against Plaintiffs by the Village of Pomona and its officers and employees, while this action involves broader claims of systematic discrimination by the Village against Plaintiffs and other Orthodox Jews." (Pls. Br. at 5). Nowhere in Sussman's Affirmation does he endeavor to demonstrate how *TAL1* and the present action are not substantially related.

"A 'substantial relationship' exists where facts pertinent to the problems underlying the prior representation are relevant to the subsequent representation." *Prevezon*, 839 F.3d at 239 (quoting *Agilent Techs., Inc. v. Micromuse, Inc.*, No. 04-CV-3090, 2004 WL 2346152, at *10 (S.D.N.Y. Oct. 19, 2004)). In *TAL1*, plaintiff brought a religious discrimination claim, pursuant to 42 U.S.C. § 1983, against the Village of Pomona (the "Village") and certain Village officials. (*TAL1*, Doc. 16, Second Am. Compl. ¶¶ 47-49). The gravamen of plaintiff's Second Amended Complaint in *TAL1* was that the plaintiff faced religious discrimination because defendants refused

3

to issue a Certificate of Occupancy and suffered other discriminatory conduct related to the construction of a home. (*See generally id.*). While the allegations in the present action are more robust and include additional claims for relief and factual allegations, Plaintiffs here also assert claims against the Village and Village officials and also allege discrimination of the basis of Plaintiffs' religion related to the construction of a home. The Court easily concludes that a substantial relationship exists between *TAL1* and the present action.

Third, "[o]nce a substantial relationship between the cases is established, 'where the same individual lawyer participated in the prior and current representation, the movant is not required to make a specific showing that confidences were passed to counsel. Instead, the movant is entitled to the benefit of an irrebuttable presumption that confidences were shared.'" *Prevezon*, 839 F.3d at 240 (quoting *DeFazio v. Wallis*, 459 F. Supp. 2d 159, 164-65 (E.D.N.Y. 2006)). Here, such an irrebuttable presumption exists. Arguments to the contrary notwithstanding that Plaintiffs rely on outdated case law and that no such presumption exists (Sussman Aff. ¶ 21), recent Second Circuit case law holds otherwise. Indeed, it is firmly established that once the Court establishes a "substantial relationship" between the prior action and the present action:

> [t]he Court will assume that during the course of the former representation confidences were disclosed to the attorney bearing on the subject matter of the representation. It will not inquire into their nature and extent. Only in this manner can the lawyer's duty of absolute fidelity be enforced and the spirit of the rule relating to privileged communications be maintained.

*Prevezon*, 839 F.3d at 241 (quoting *Emle Indus., Inc. v. Patentex, Inc.*, 478 F.2d 562, 570 (2d Cir. 1973)). Thus, the Court finds that a presumption exists that Sussman had access to, or was likely to have had access to, relevant privileged information in the course of his prior representation of Plaintiffs. Accordingly, Plaintiffs have satisfied all three prongs of the disqualification test and the Court finds disqualification appropriate.

**CONCLUSION**

The Court GRANTS Plaintiffs' motion for disqualification. Michael H. Sussman and his firm, Sussman & Associates, are disqualified from representing Defendant Noreen Shea in the present action. The Clerk is instructed to terminate the pending motion (Doc. 124).

**SO ORDERED:**

Dated: New York, New York
       December 30, 2020

_____
Philip M. Halpern
United States District Judge