UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TAL PROPERTIES OF POMONA, LLC AND AVROHOM MANES,<br><br>               Plaintiffs,<br><br>   -against-<br><br>VILLAGE OF POMONA, ET AL.,<br><br>               Defendants. | Case No.: 7:19-cv-06838 (PMH) |

**DECLARATION OF DANIEL G. ASHBURN**

DANIEL G. ASHBURN, ESQ., declares pursuant to 28 U.S.C. § 1746:

    1.    I am counsel for Plaintiffs TAL Properties of Pomona, LLC ("TAL Properties") and Avrohom Manes ("Mr. Manes") in this case. I am familiar with the facts and circumstances surrounding this action and submit this Declaration upon information and belief in opposition to Defendant Noreen Shea's Motion to Dismiss.

    2.    Attached as **Exhibit A** is a copy of Defendant Noreen Shea's November 3, 2017 complaint to the New York Human Rights Division ("HRD").

    3.    Mr. Manes convened a meeting at his home on or about November 15, 2017, with attorney Michael Sussman and a group of Orthodox Jewish residents of Pomona to discuss the possibility of bringing a lawsuit for religious discrimination against the Village. Also in attendance was Defendant Ian Banks, then a Village Trustee. Mr. Manes asked Shea to attend the meeting, but she did not show up.

    4.    Mr. Manes arranged in December 2017 for Shea to meet with him and Sussman to discuss the possibility of being a witness in a lawsuit against the Village for religious discrimination. At Shea's request, on or about December 21, 2017, Mr. Manes wrote an email in support of Shea's employment discrimination claim against the Village.

5. Attached as **Exhibit B** is a copy of the transcript of the January 10, 2018 hearing before Judge Cathy Seibel in *TAL Properties of Pomona, LLC, et al. v. Village of Pomona, et al.*, S.D.N.Y. No. 7:17-cv-02928 (CS) ("TAL1").

6. Attached as **Exhibit C** is a copy of Judge Cathy Seibel's January 10, 2018 order in TAL1.

7. In July 2018, Shea emailed a number of documents to Mr. Manes from the HRD investigation, including the HRD's June 2018 report and determination, which evidenced a broad pattern of discrimination by the Village against Orthodox Jewish residents.

8. Attached as **Exhibit D** is a copy of the complaint filed in *Noreen Shea v. Village of Pomona, et al.*, SDNY No. 7:18-cv-11170 (CS).

9. During 2019, Plaintiffs learned that Shea had secretly recorded hundreds, if not thousands, of hours of her conversations with others during her workdays at Village Hall over the course of her nearly one-and-a-half years of employment as Deputy Clerk. Shea had not disclosed the existence of these recordings during the HRD investigation, but she was required to produce them in her federal employment discrimination lawsuit.

10. Upon learning of the existence of Shea's recordings, Manes asked Shea and Sussman to share them with him to assist with his claims. Although Shea and Sussman stated that they wanted to cooperate with Plaintiffs and would provide the recordings, Plaintiffs were instead met with repeated delays and unkept promises. Sussman told Nash that Plaintiffs would need to seek any further materials from Shea via subpoena, which Nash sent. Finally, in or about early 2020, Sussman forwarded a selection of recordings from thirty-five dates at Village Hall, and one recording of a voice-message Shea received after her termination.

11. Attached as **Exhibit E** is a copy of Shea's August 30, 2019 deposition in her federal employment discrimination lawsuit.

12. Attached as **Exhibit F** is a copy of a fax from Shea to the HRD dated October 10, 2017, that Shea emailed to Mr. Manes in or about July 2018.

13. Attached as **Exhibit G** is a copy of Shea's EEOC letter produced by Shea's attorney Michael Sussman in discovery in Shea's federal employment discrimination lawsuit.

Dated: March 9, 2021

                                                                S/ Daniel G. Ashburn
                                                          Daniel G. Ashburn, Esq.