# EXHIBIT E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
TAL PROPERTIES OF POMONA, LLC AND AVRHOM :
MANES, :
 :
                                    Plaintiffs, :
 :
           -against- :    Docket No.: 19-cv-06838 (PMH)
 :
VILLAGE OF POMONA, BRETT YAGEL, individually :
and in his official capacity as Mayor of the Village Of :
Pomona, DORIS ULMAN, individually and in her official :
capacity as Attorney for the village of Pomona, :
LOUIS ZUMMO, individually and in his official capacity as :
Building Inspector for the Village Of Pomona, NOREEN :
SHEA, individually and in her official capacity as Deputy :
Village Clerk for the Village Of Pomona, FRANCIS ARSA- :
ARTHA individually and in her official capacity as Clerk :
Treasurer for the Village Of Pomona, CHRISTOPHER :
RILEY, individually and in his official capacity as Special :
Prosecutor for the Village Of Pomona; JOSEPH CORLESS, :
individually and in his official capacity as Engineer for the :
Village Of Pomona LEON HARRIS, individually and in his :
official capacity as Deputy Mayor for the Village Of :
Pomona, IAN BANKS, individually and in his official :
capacities as Trustee, and Current Mayor for the Village of :
Pomona, and :
JOHN DOES and JANE DOES, :
 :
                                      Defendants.
------------------------------------------------------------------------ x

# REPLY MEMORANDUM OF LAW IN SUPPORT OF INDIVIDUAL DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

Wilson, Elser, Moskowitz, Edelman & Dicker LLP
1133 Westchester Avenue
White Plains, New York 10604
(914) 323-7000

8587118v.1

# TABLE OF CONTENTS

Page

Introduction ................................................................................................................................. 1

Argument .................................................................................................................................... 1

    1. Plaintiffs Do Not Identify Any Reason That *Res Judicata* Does Not Apply .......... 1

        A. The January 2018 Judgment in the Prior Action Is "On the Merits" With Res Judicata Effect ................................................................................. 1

        B. Plaintiffs Do Not Identify Any New Claims That Are Not Barred by *Res Judicata* ................................................................................................ 3

    II. Plaintiffs Do Not Refute the Individual Defendants' Equal Protection Arguments ................................................................................................................. 6

    III. Plaintiffs Do Not Allege A Substantial Burden on Religious Practice ................... 6

    IV. Plaintiffs Fail to State A Claim under the Religious Land Use and Institutionalized Persons Act Because Plaintiffs Do Not Allege "Religious Land Use" ................................................................................................................. 7

    V. The Tortious Interference Claim Fails Because Plaintiffs Have Not Identified Any Prospective Customers ................................................................... 8

    VI. There Are No Allegations of Personal Participation by Arsa Artha or Harris ............................................................................................................................ 9

    VII. Plaintiffs Abandon Any Unconstitutional Conditions Claim Against the Individual Defendants ............................................................................................ 10

Conclusion ................................................................................................................................ 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ambrose v. City of White Plains*,
  2018 U.S. Dist. LEXIS 56309 (S.D.N.Y. Apr. 2, 2018) ........................................................... 10

*Brown Media Corp. v. K&L Gates, LLP*,
  854 F.3d 150 (2d Cir. 2017) ..................................................................................................... 4

*Carr v. Cnty. of Sullivan*,
  2018 WL 3733952 (S.D.N.Y. Aug. 3, 2018) .......................................................................... 10

*Central UTA of Monsey v. Village of Airmont*,
  2020 WL 377706 (S.D.N.Y. Jan. 22, 2020) ............................................................................. 7

*Chabad Lubavitch of Litchfield Cny., Inc. v. Borough of Litchfield*,
  2016 U.S. Dist. LEXIS 10491 (D. Conn. Jan. 27, 2016) .......................................................... 8

*Congregation Rabbinical College of Tartikov, Inc. v. Village of Pomona*,
  945 F.3d 83 (2d Cir. 2019) ....................................................................................................... 8

*Cotto v. Herbert*,
  331 F.3d 217, 250 n.20 (2d Cir. 2003) ..................................................................................... 3

*Curtis v. Citibank*,
  226 F.3d 133 (2d Cir. 2000) ..................................................................................................... 5

*Federated Dep't Stores v. Moitie*,
  452 U.S. 394 (1981) .................................................................................................................. 5

*Fortress Bible Church v. Feiner*,
  694 F.3d 208 (2d Cir. 2012) .................................................................................................. 6, 7

*Hang Hsin v. City of New York*,
  779 Fed. Appx. 12 (2d Cir. June 13, 2019) .............................................................................. 6

*Hu v. City of New York*,
  927 F.3d 81 (2d Cir. 2019) ....................................................................................................... 6

*Jim Mazz Auto, Inc. v. Progressive Cas. Ins. Co.*,
  2009 U.S. Dist. LEXIS 31945 (W.D.N.Y. Feb. 5, 2009) ......................................................... 9

*Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*,
  400 F.3d 139 (2d Cir. 2005) ..................................................................................................... 5

*Monahan v. New York City Dep't of Corrections*,
   214 F.3d 275 (2d Cir. 2000) ................................................................................................... 5

*Pyke v. Cuomo,*
   258 F.3d 107 (2d Cir. 2001) ................................................................................................... 6

*Radin v. Tun*,
   2015 WL 4645255 (E.D.N.Y. Aug. 4, 2015).......................................................................... 10

*Robinson v. Purcell Constr. Corp.*,
   647 Fed. Appx. 29 (2d Cir. Apr. 25, 2016)............................................................................. 5

*Scott v. J.P. Morgan Chase & Co.*,
   2014 U.S. Dist. LEXIS 11691 (S.D.N.Y. Jan. 30, 2014) ........................................................ 10

*Snyder v. Yonkers Pub. Sch. Dist.*,
   315 F. Supp. 2d 499 (S.D.N.Y. 2004) .................................................................................... 5

*Teltronics Servs., Inc. v. L.M. Ericsson Telecomms.*,
   642 F.2d 31 (2d Cir. 1981) ................................................................................................ 2, 3

*Treppel v. Biovail*,
   2004 U.S. Dist. LEXIS 20714 (S.D.N.Y. Oct. 15, 2004) ........................................................ 9

*Westchester Day School v. Vill. of Mamaroneck*,
   504 F.3d 338 (2d Cir. 2007) ................................................................................................... 8

**Statutes**

42 U.S.C. § 2000cc(a)(1) ............................................................................................................. 7

42 U.S.C. § 2000cc(b)............................................................................................................. 7, 8

**Rules**

Fed. R. Civ. P. 12(b)(6)................................................................................................... 1, 2, 3, 5

Fed. R. Civ. P. 60(b) .................................................................................................................... 3

**Introduction**

Defendants Brett Yagel, Doris Ulman, Louis Zummo, Leon Harris, and Fran Arsa Artha (collectively, the "Individual Defendants"), respectfully submit this reply memorandum of law in support of their motion to dismiss the Second Amended Complaint ("SAC") filed by plaintiffs TAL Properties of Pomona, LLC ("TAL"), and Avrohom Manes (collectively, "Plaintiffs").

In their Memorandum of Law in support of their Motion to Dismiss the Second Amended Complaint ("MTD"), the Individual Defendants demonstrated that (1) all claims in the SAC are barred by the doctrine of *res judicata*, due to the dismissal with prejudice of their Prior Action against the Village; and (2) in addition to being barred by *res judicata*, all of Plaintiffs' claims are also subject to dismissal because the SAC fails to state a claim against the Individual Defendants. In opposition Plaintiffs fail to refute these arguments. Indeed, Plaintiffs fail to rebut the legal authority cited by the Individual Defendants and fail to offer any authority for most of the arguments in their opposition.

**Argument**

I. **Plaintiffs Do Not Identify Any Reason That *Res Judicata* Does Not Apply**

   A. **The January 2018 Judgment in the Prior Action Is "On the Merits" With Res Judicata Effect**

In the MTD, the Individual Defendants argued that the January 12, 2018 Judgment granting dismissal of the Prior Action bars the current action. MTD at 7. The MTD cited numerous cases holding that "judgments under rule 12(b)(6) are on the merits, with *res judicata* effects." *Id.* (collecting cases). Plaintiffs argue that the January 12, 2018 Judgment did not have res judicata effect because the district court dismissed the Prior Action due to pleading deficiencies and conclusory allegations. However, Plaintiffs fail to identify any case holding that a Rule 12(b)(6) dismissal based on "conclusory" pleading constitutes an exception to the rule that judgments under

1

Rule 12(b)(6) are "on the merits." *See Teltronics Servs., Inc. v. L.M. Ericsson Telecomms.*, 642 F.2d 31, 32-33 (2d Cir. 1981). This is not surprising since such an exception would swallow the rule: motions under Rule 12(b)(6) always tests the sufficiency of the pleadings; *i.e.*, the "merit" of a Rule 12(b)(6) motion is the adequacy of the pleadings. Indeed, Plaintiffs' argument is directly contradicted by the seminal *res judicata* case *Teltronics* cited in the MTD.

In *Teltronics*, the plaintiffs filed a complaint alleging violations of the Securities Exchange Act of 1934 and the Sherman and Robinson-Pateman Acts. The defendants "moved to dismiss for failure to state a claim upon which relief could be granted" under Rule 12(b)(6), and the motion was granted. *Id*. A judgment of dismissal was entered; no motion was made to amend the complaint and no appeal was taken from the judgment of dismissal. *Id*. at 33. Two months after the dismissal, the plaintiffs' new counsel attempted to file a second action again alleging violations of the Sherman Act. The Second Circuit held that the new action was barred by the prior dismissal under Rule 12(b)(6); the prior dismissal was considered "on the merits, with res judicata effects," *id*. at 34, even though the dismissal was based on what Plaintiffs here deem mere "pleading deficiencies."[1] Indeed, similar to Plaintiffs' counsel here, the plaintiffs' counsel in *Teltronics*, argued that res judicata should not apply because the first complaint "was hastily drafted" by "inexperienced counsel," i*d*. at 35, and their new and improved complaint stated a claim. The Second Circuit flatly rejected this argument:

> [N]o case has been cited or discovered where relief from res judicata principles has been granted simply because the plaintiff was represented by inexperienced counsel. To sanction this exception would be to encourage endless litigation and the relitigation of issues previously determined thus emasculating the very basis of

---

[1] Plaintiffs concede that the res judicata cases cited in the MTD, which include *Teltronics*, involve judgments "on the merits." Pl. Opp. at 8 ("all six cases [cited by defendants] concern records where the Rule 12(b)(6) dismissal that barred a second lawsuit was on the merits."). There is no difference between the dismissal in *Teltronics* and the dismissal in the Prior Action.

2

> the doctrine. In our jurisprudence 'each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all the facts.'

*Id.* at 36 (internal citations omitted). Here, the fact that Plaintiffs' new counsel believe they had drafted a more thorough complaint than prior counsel, and that the prior complaint was dismissed for "conclusory" pleading deficiencies, is not a basis to abrogate *res judicata*.

Plaintiffs focus on Judge Seibel's statement, when denying Plaintiffs' motion to reopen in July 2019, that "should Plaintiffs commence a new lawsuit, they may well be able to state a claim." Ex. H.[2] But this statement is irrelevant dicta. The question of whether Plaintiffs could commence a new lawsuit, or whether such a lawsuit would be precluded by the earlier January 2018 dismissal, was not briefed and was not before Judge Seibel on the motion to reopen. *See Cotto v. Herbert*, 331 F.3d 217, 250 n.20 (2d Cir. 2003) (statements that "were not necessary to the holdings of the decisions in which they were made" constitute "dicta"). This statement had no effect whatsoever on the prior January 2018 judgment. Like the plaintiffs in *Teltronics*, Plaintiffs here did not appeal the January 2018 dismissal order; nor did they appeal the July 2019 denial of the motion to reopen. The January 2018 judgment is "on the merits with res judicata effect," even if Plaintiffs' new counsel think they could do a better job drafting a new complaint. Pl. Opp. at 8.

**B. Plaintiffs Do Not Identify Any New Claims That Are Not Barred by *Res Judicata***

Plaintiffs do not dispute that the alleged (1) delayed issuance of a CO for 22 High Mountain; (2) request that Plaintiffs pay $6300 in outstanding fees on the property; (3) conditions regarding a grading permit; and (4) access road to Plaintiffs' property, were already raised in the Prior Action. Pl. Opp. at 9 (Prior Action concerned "claims involving the 22 High property").

---

[2] Plaintiffs conflate Judge Seibel's decision granting the motion to dismiss with the decision denying the motion to reopen. Contrary to Plaintiffs' assertion, Judge Seibel did not say that her dismissal of the Prior Action "was based on 'the confines of Rule 60(b)[.]'" Pl. Opp. at 7. She stated that her denial of the motion to reopen was based on the confines of Rule 60(b). Ex. H, 2019 U.S. Dist. LEXIS 12179, at *26. The January 2018 dismissal was based on the failure to allege plausible claims, as required by Rule 12(b)(6). *See* Ex. E at 15:7-8.

8587118v.1

Instead, Plaintiffs argue that the SAC differs from the Prior Action by alleging new, additional issues—namely "causes of action that were not at issue in the earlier lawsuit" and facts that arose after the operative complaint in the Prior Action was filed on September 7, 2017. Pl. Opp. at 9, 10. Plaintiffs' alleged distinctions are illusory.

First, Plaintiffs cannot evade *res judicata* simply by adding new legal theories to their case (*e.g.* FHA, RLUIPA, tortious interference, and unconstitutional conditions) based on the same underlying transactions as the Prior Action. *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017) ("A party cannot avoid the preclusive effect of res judicata 'by asserting a new theory or a different remedy.'").

Second, Plaintiffs do not sufficiently allege any actionable conduct occurring after the operative complaint was filed in the Prior Action (September 7, 2017). Indeed, Plaintiffs do not specifically identify a new transaction that forms the basis of this action; instead, they make a single-sentence assertion that the SAC alleges many allegations of illegal conduct after September 7, 2017, citing ¶¶91-92, 98-99, 102-130, and 285-305. Pl. Opp. at 11. As explained in the MTD, the cited paragraphs do not contain non-conclusory allegations of actionable conduct occurring after the Prior Action. *See* ¶¶ 91 and 92[3] (allegation that unspecified permits and COs were denied at unspecified times on unspecified properties); ¶¶98-115 (allegations describing the declaratory judgment action initiated by Plaintiffs against the Village in state court in March 2017 (the *Roads* litigation)); ¶¶116-130 (allegations regarding a December 2017 stop-work order, and undated allegations regarding Plaintiffs' efforts to purchase property from Ms. Chernikov),[4] and ¶¶ 285-305 (allegations concerning Mayor Banks refusal to terminate Building Inspector Zummo, which

---

[3] In the SAC, Plaintiff alleges that he purchased "other subdivided but underdeveloped properties (the "Subdivided Properties"). At no point in the SAC do Plaintiffs identify the location or addresses of the "Subdivided Properties").
[4] The inadequacy of the stop-work order allegations and the Chernikov allegations were explained in the MTD. *See* Indiv. Defs. Memo of Law at 13, 22-23.

4

8587118v.1

occurred after Defendants Yagel, Ulman, Harris, and Arsa-Artha left Village employ, and which fail to state a claim for the reasons stated previously (MTD at 23, Village's Memo. of Law at 9). Accordingly, there are no new, distinct claims in the SAC.

Moreover, both the Prior Action and this action concern claims of religious discrimination in code enforcement and building permit approval, the same underlying transactions and occurrences, which occurred before the Prior Action was dismissed in January 2018. Thus, Plaintiffs are attempting to re-litigate issues that "could have been raised" in the Prior Action. *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 398 (1981); *Monahan v. New York City Dep't of Corrections*, 214 F.3d 275, 285 (2d Cir. 2000). Where allegations relate to the same series of "transactions or occurrences" that was raised in the first action and "could have been asserted" in the prior action, they are barred by res judicata. *See Snyder v. Yonkers Pub. Sch. Dist.*, 315 F. Supp. 2d 499, 502 (S.D.N.Y. 2004).

The pair of employment discrimination cases cited by Plaintiffs are not applicable here, as they address the *res judicata* effect of a failed motion to amend. Neither case holds that a Rule 12(b)(6) dismissal with prejudice does not have a *res judicata* effect. In *Curtis v. Citibank*, 226 F.3d 133 (2d Cir. 2000) the court held that the denial of a motion to amend an employment discrimination suit to add claims for later retaliation (where the underlying discrimination claim proceeded) did not have res judicata effect on a separate, subsequent claim for retaliatory discharge. *Id.* at 139 ("decision denying leave to amend is irrelevant to the claim preclusion analysis."); *see also Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 400 F.3d 139, 141-142 (2d Cir. 2005) (subsequent suit alleging retaliatory discharge claim not barred by prior denial of motion to amend Title VII suit to include retaliatory discharge claim). *Compare Robinson v. Purcell Constr. Corp.*, 647 Fed. Appx. 29, *30 (2d Cir. Apr. 25, 2016) (plaintiffs' claim based on

5

subsequent failure to rehire was *res judicata* because it was part of same transaction that was litigated in prior action even though court refused to amend complaint to include failure to rehire).

## II. Plaintiffs Do Not Refute the Individual Defendants' Equal Protection Arguments

Plaintiffs effectively concede that they have failed to adequately allege the similarly situated comparators necessary to allege a selective enforcement claim under the Equal Protection Clause by failing to address the Individual Defendants' argument on this point. Instead, Plaintiffs' argue only that they have alleged a claim under *Pyke v. Cuomo*. First, to the extent this claim is based on the allegations concerning the CO, outstanding debt, grading permit, and access road, these issues were raised in the Prior Action and are barred by *res judicata*. Second, Plaintiffs' allegations fall under the rubric of selective enforcement, and for the reasons stated in the MTD at pp. 13-17, a *Pyke* claim is not available here. Indeed, Plaintiffs ignore the recent Second Circuit cases cited in the MTD—*Hu v. City of New York*, 927 F.3d 81, 96 (2d Cir. 2019) and *Hang Hsin v. City of New York*, 779 Fed. Appx. 12 (2d Cir. June 13, 2019)—in which the Second Circuit affirmed dismissal of analogous Equal Protection claims against a city building inspector due to the failure to allege similarly situated comparators. MTD at 15.

## III. Plaintiffs Do Not Allege A Substantial Burden on Religious Practice

In the MTD, the Individual Defendants analyzed each of the alleged "substantial burdens" identified in the SAC and explained why they were deficient. Plaintiffs do not address that analysis. Instead, Plaintiffs criticize the Individual Defendants for failing to cite *Fortress Bible Church v. Feiner*, 694 F.3d 208 (2d Cir. 2012). Pl. Opp. at 13. But *Fortress Bible* does not help Plaintiffs' case. In fact, it only reinforces that Plaintiffs have not alleged a substantial burden on religion for a Free Exercise Claim or an RLUIPA claim.

8587118v.1

*Fortress Bible* concerned a SEQRA review of the plaintiff church's plan to build a new church and religious school on property within the town. The Second Circuit held that denial of necessary approvals for a new church, where the evidence showed that "the Church's current facilities were inadequate to accommodate its religious practice" and the Town "would not have allowed the Church to build any worship facility and school" on the property, constituted a substantial burden on religious practice. *Id*. at 218. The Court explained:

> A substantial burden is one that directly coerces the religious institution to change its behavior. The burden must have more than a minimal impact on religious exercise, and there must be a close nexus between the two. A denial of a religious institution's building application is likely not a substantial burden if it leaves open the possibility of modification and resubmission.

*Id*. at 219. Similarly, *Central UTA of Monsey v. Village of Airmont*, 2020 WL 377706 (S.D.N.Y. Jan. 22, 2020), also cited by Plaintiffs, concerned restrictions allegedly impeding the plaintiffs' operation of a Hasidic Jewish school.

Plaintiffs Mr. Manes and TAL Properties are not a church or any other religious institution, and they are not seeking to build a church on their property. They are real estate developers, and the land use approvals referenced in the SAC do not concern the use of land for the practice of religion, they concern the sale of residential homes as part of Plaintiffs' commercial business. For the reasons stated in the MTD, Plaintiffs have failed to allege a substantial burden on their practice of religion.

### IV. Plaintiffs Fail to State A Claim under the Religious Land Use and Institutionalized Persons Act Because Plaintiffs Do Not Allege "Religious Land Use"

As set out in the MTD, Plaintiffs fail to state a claim under 42 USC § 2000cc(a)(1) because they have failed to allege a substantial burden on the exercise of their religion. *See also supra*, Point III. Plaintiffs fail to state a claim under 42 U.S.C. § 2000cc(b), *inter alia*, because this subsection applies only to a "religious assembly" or "institution" and Plaintiffs are neither. *See*

7

*Chabad Lubavitch of Litchfield Cny., Inc. v. Borough of Litchfield*, 2016 U.S. Dist. LEXIS 10491, at *92-93 (D. Conn. Jan. 27, 2016).

Plaintiffs fail to cite any authority for their assertions (1) that an individual "person" may assert a claim under § 2000cc(b) even though the term "person" is excluded from that subsection; (2) that all Jewish Orthodox residents of the Village of Pomona constitute a "religious assembly" under the statute, (3) that Plaintiffs have standing to sue on behalf of the purported "assembly"; (4) that unidentified "clientele" of TAL Properties constitute a "religious assembly" for purposes of the statute; or (5) that Plaintiffs have standing to sue on behalf of the unnamed "clientele" for their unspecified injuries. Notably, the SAC also fails to adequately allege any statutory violations against any other residents of the Village. Plaintiffs simply offer no authority to support their misplaced RLUIPA claims.

Here, Plaintiff has not alleged any substantial burden on religious exercise due to a land use regulation, nor has Plaintiff identified any land that is intended to be put to a religious use. The cases cited by Plaintiff only demonstrate why RLUIPA claims are not applicable here. *See Congregation Rabbinical College of Tartikov, Inc. v. Village of Pomona*, 945 F.3d 83 (2d Cir. 2019) (application of land-use ordinances to proposed rabbinical school); *Westchester Day School v. Vill. of Mamaroneck*, 504 F.3d 338 (2d Cir. 2007) (denial of permit for Orthodox Jewish day school). Plaintiffs do not allege that any of their property was to be used for a religious school or any other religious purpose. Plaintiffs allege that they are real estate developers and the properties are to be sold as private residences. SAC ¶¶ 2, 16, 17.

**V. The Tortious Interference Claim Fails Because Plaintiffs Have Not Identified Any Prospective Customers**

To allege tortious interference with prospective business relations under New York law, the complaint must allege "relationships with specific third parties with which the respondent

8

interfered." *Treppel v. Biovail*, 2004 U.S. Dist. LEXIS 20714, *55-56 (S.D.N.Y. Oct. 15, 2004) (collecting cases). "Furthermore, the relationship must be in existence at the time of the interference," and "[t]he complaint must also state how the defendant interfered in those relationships." *Id*. at 56. Moreover, "[t]hat interference must be direct interference with a third party, that is, the defendant must direct some activities towards the third party and convince the third party not to enter into a business relationship with the plaintiff." *Id*. (internal quotation marks omitted); *see also Jim Mazz Auto, Inc. v. Progressive Cas. Ins. Co.,* 2009 U.S. Dist. LEXIS 31945, at *1 (W.D.N.Y. Feb. 5, 2009) ("a cause of action for interference with prospective business relationships must *specifically identify* the potential customers at issue. Allegations of tortious interference must be more than just mere suspicions, and, therefore, a complaint must allege interference with a specific identified business relationship with a third party. A general allegation of interference with customers without any sufficiently particular allegation of interference with a specific contract or business relationship will not withstand a motion to dismiss." (emphasis added)). Plaintiffs' conclusory assertions that all Orthodox Jews are their potential customers and that the Village "harassed and humiliated current Orthodox Jewish residents" are patently insufficient to state a claim for tortious interference with prospective business relations.

## VI. There Are No Allegations of Personal Participation by Arsa Artha or Harris

The allegations against Ms. Arsa Artha amount to conclusory allegations of discriminatory intent. There are no allegations that Ms. Arsa Artha personally participated in any of the alleged wrongdoing against Plaintiffs (*e.g.,* delay of the CO, demand for $6300 debt, acknowledgement of private nature of access road, issuance of SWO, etc.). The allegations against Mr. Harris allege that he reported resident complaints to the Village Building Inspector and asked him to investigate and issue tickets for code violations. There is no allegation that Mr. Harris ever directed that any

9

tickets or violations be issued against Plaintiffs. Accordingly, all claims against Ms. Arsa Artha and Mr. Harris must be dismissed. *See Carr v. Cnty. of Sullivan*, 2018 WL 3733952, at *6 (S.D.N.Y. Aug. 3, 2018) (dismissing § 1983 claims where "[t]he Amended Complaint does not plausibly allege how each of the named individuals or John Does were involved in the alleged constitutional deprivation"); *Radin v. Tun*, 2015 WL 4645255, at *3 (E.D.N.Y. Aug. 4, 2015) ("the Court cannot speculate" as to how each defendant participated, if at all, in alleged violations).

## VII. Plaintiffs Abandon Any Unconstitutional Conditions Claim Against the Individual Defendants

In addressing their unconstitutional conditions claim, Plaintiffs only discuss allegations against Defendant Ian Banks. Pl. Opp. at 23-24. Accordingly, Plaintiffs have effectively conceded that they fail to state an unconstitutional conditions claim against any of the Individual Defendants, and the claim must be dismissed. *See Ambrose v. City of White Plains*, 2018 U.S. Dist. LEXIS 56309, *40 (S.D.N.Y. Apr. 2, 2018) ("Plaintiffs do not respond to this argument, apparently conceding the point"); *Scott v. J.P. Morgan Chase & Co.*, 2014 U.S. Dist. LEXIS 11691, 31-32 (S.D.N.Y. Jan. 30, 2014) (collecting cases) *aff'd* 603 Fed. Appx. 33 (2d Cir. Mar. 17, 2015).

## Conclusion

For the reasons stated above, and in the Individual Defendants' opening motion papers, this Court should grant the Individual Defendants' motion and dismiss the SAC with prejudice.

Dated:   White Plains, New York
         December 23, 2020

                                          Respectfully submitted,

                                          WILSON, ELSER, MOSKOWITZ,
                                          EDELMAN & DICKER LLP
                                          Attorneys for the Individual Defendants

10

8587118v.1

Janine A. Mastellone
Eliza M. Scheibel
1133 Westchester Avenue
White Plains, NY  10604
(914) 323-7000
Our File No.  00295.12564

11

8587118v.1