UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

TAL PROPERTIES OF POMONA, LLC AND AVRHOM  :
MANES,
                                                                         :

                                          Plaintiffs,       :

                                                                          :

                -against-                    :    Docket No.: 19-cv-06838 (PMH)

                                                                      :

VILLAGE OF POMONA, BRETT YAGEL, individually  :
and in his official capacity as Mayor of the Village Of  :
Pomona, DORIS ULMAN, individually and in her official  :
capacity as Attorney for the village of Pomona,  :
LOUIS ZUMMO, individually and in his official capacity  :
as Building Inspector for the Village Of Pomona,  :
NOREEN SHEA, individually and in her official capacity  :
as Deputy Village Clerk for the Village Of Pomona,  :
FRANCIS ARSA-ARTHA individually and in her official  :
capacity as Clerk Treasurer for the Village Of Pomona,  :
CHRISTOPHER RILEY, individually and in his official  :
capacity as Special Prosecutor for the Village Of Pomona;  :
JOSEPH CORLESS, individually and in his official  :
capacity as Engineer for the Village Of Pomona LEON  :
HARRIS, individually and in his official capacity as  :
Deputy Mayor for the Village Of Pomona, IAN BANKS,  :
individually and in his official capacities as Trustee, and  :
Current Mayor for the Village of Pomona, and  :
JOHN DOES and JANE DOES,  :
                                                                     :

                                        Defendants.

------------------------------------------------------------------------ x

## DEFENDANT LOUIS ZUMMO'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO RECONSIDER

Wilson, Elser, Moskowitz, Edelman & Dicker LLP
1133 Westchester Avenue
White Plains, New York 10604
(914) 323-7000

## <u>TABLE OF CONTENTS</u>

Page

Introduction ............................................................................................................. 1

Preliminary Statement ............................................................................................ 1

Procedural History .................................................................................................. 2

      "TAL 1" or "The Prior Action" ........................................................................ 2

      TAL 2 ................................................................................................................ 4

Argument .................................................................................................................. 6

    I.     This Court Correctly Concluded that Plaintiffs' Claims Are Barred by *Res Judicata* ....................................................................................................... 7

          A.    There Are No "Unrelated Claims" Because All of Plaintiffs' Claims Arise from a Common Nucleus of Operative Fact ................................... 7

          B.    Plaintiffs' Individual Capacity Argument Fails ....................................... 16

               1.    This Argument Is Waived Because Plaintiffs Never Raised It In Opposition to the Motion to Dismiss .................................... 16

               2.    Zummo Was a Defendant, and Was in Privity with the Defendants, in TAL 1 ................................................................. 16

    II.    This Court Did Not "Overlook Allegations" That Would Prevent the Application of *Res Judicata* ..................................................................... 19

          A.    The "Fraudulent Concealment" and "Unable to Discover" Exceptions Do Not Apply Here .............................................................. 19

          B.    The Court Did Not "Overlook" Allegations of "Separate Claims" .......... 23

    III.    This Court Applied The Correct Burden Of Proof and Standard Of Review In Its Decision on The Motions To Dismiss ....................................... 23

Conclusion ............................................................................................................. 25

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amid v. Chase*,
720 Fed. Appx. 6 (2d Cir. 2017) .............................................................................................9

*Burke v. Bimbo Bakeries USA, Inc.*,
2020 U.S. Dist. LEXIS 167629 (S.D.N.Y. Sep. 14, 2020) ................................................6, 16

*Caribbean Trading & Fid. Corp. v. Nigerian Nat'l Petroleum Corp.*,
948 F.2d 111 (2d Cir. 1991) ....................................................................................................6

*Cayuga Nation v. Tanner*,
6 F.4th 361 (2d Cir. 2021) ...............................................................................................14, 15

*Edwards v. Barclays Servs. Corp.*,
2020 U.S. Dist. LEXIS 110745 (S.D.N.Y. June 23, 2020) ...................................................24

*El-Bey v. New York*,
464 F. Supp. 2d 329 (S.D.N.Y. 2006) ...................................................................................18

*Green Materials of Westchester v. Town of Cortlandt*,
2015 U.S. Dist. LEXIS 170280 (S.D.N.Y. Dec. 21, 2015) .......................................16, 17, 18

*Greenberg v. Bd of Governors of Fed. Reserve Sys.*,
968 F.2d 164 (2d Cir. 1992) ..................................................................................................15

*Hirschfeld v. Spanakos*,
871 F. Supp. 190 (S.D.N.Y. 1994) ..................................................................................16, 17

*Hyman v. Cornell Univ.*,
721 Fed. Appx. 5 (2d Cir. May 9, 2018) .................................................................................9

*Interoceanica Corp. v. Sound Pilots, Inc.*,
107 F.3d 86 (2d Cir. 1997) .................................................................................................8, 9

*John Street Leasehold, LLC v. Capital Mgt. Resources, L.P.*,
154 F. Supp. 2d 527 (S.D.N.Y. 2001) ...............................................................20, 21, 22, 23

*Leonard Partnership v. Chanango*,
779 F. Supp. 223 (N.D.N.Y. 1991) ........................................................................................13

*Maharaj v. BankAmerica Corp.*,
128 F.3d 94 (2d Cir. 1997) ....................................................................................................15

*Marshall v. Nat'l Ass'n of Letter Carriers Br. 36,*
   2003 U.S. Dist. LEXIS 19918 (S.D.N.Y. Nov. 7, 2003) ........................................17

*Monahan v. New York City Department of Corrections*
   214 F.3d 275 (2d Cir. 2000) .........................................................................................7, 8

*New Page at 63 Main, LLC v. Inc. Vill. of Sag Harbor,*
   2016 U.S. Dist. LEXIS 189158 (Mar. 19, 2016) ....................................................12

*Ningbo Prods. Imp. & Exp. Co. v. Eliau,*
   2011 U.S. Dist. LEXIS 125789 (S,D.N.Y. Oct. 31, 2011) .............................20, 24

*NLRB v. United Technologies,*
   706 F.2d 1254 (2d Cir. 1983) ............................................................................................8

*Pike v. Freeman,*
   266 F.3d 78 (2d Cir. 2001) ...........................................................................................8, 9

*Rafter v. Liddle,*
   288 Fed. Appx. 768 (2d Cir. 2008) ..........................................................................6, 16

*Rafter v. Liddle,*
   704 F. Supp. 2d 370 (S.D.N.Y. 2010) ........................................................................20

*Saud v. Bank of N.Y.,*
   929 F.2d 916 (2d Cir. 1991) .....................................................................................19, 20

*Schonberger v. Serchuk,*
   742 F. Supp. 108 (S.D.N.Y. 1990) ................................................................................6

*Shrader v. CSX Transp., Inc.,*
   70 F.3d 255 (2d Cir. 1995) ...............................................................................................6

*Thorsen v. Sons of Norway,*
   996 F. Supp. 2d 143 (E.D.N.Y. 2014) ..........................................................................6

*Valley Forge Christian Coll. v. Ams. United for Separation of Church & State,*
   *Inc.,*
   454 U.S. 464 (1982) .........................................................................................................13

*Vasquez v. Pappalardo,*
   395 F. Supp. 3d 257 (S.D.N.Y. 2019) ...................................................................18, 19

*Waldman v. Village of Kiryas Joel,*
   207 F.3d 105 (2d Cir. 2000) ...............................................................................8, 9, 10, 15

*Waldman v. Village of Kiryas Joel,*
   39 F. Supp. 2d 370 (S.D.N.Y. 1999) .....................................................................17, 18

**Other Authorities**

Rule 12(b)(6)................................................................................................................11, 24

Rule 60(b) ............................................................................................................................4

Rule 60(b)(3).....................................................................................................................21

S.D.N.Y. Local Rule 6.3 ....................................................................................................6

## Introduction

Defendant Louis Zummo respectfully submits this memorandum of law in opposition to Plaintiffs' Motion to Reconsider this Court's September 7, 2021 Memorandum Opinion and Order Granting the Individual Defendants' Motion to Dismiss the Second Amended Complaint.

## Preliminary Statement

Plaintiffs' motion to reconsider fails to identify any facts or law that were overlooked by this Court in granting the defendants' motions to dismiss.  Instead, Plaintiffs (1) repeat their nebulous "unrelated claims" argument, which was considered and rejected by the Court, and (2) impermissibly attempt to raise new arguments that were not made in opposition to the motion to dismiss.  Accordingly, the motion to reopen should be denied.

Contrary to Plaintiffs' assertions, merely alleging additional facts or repackaging the core facts of the prior action under new legal theories, does not create new claims that survive *res judicata*.  Plaintiffs' allegations from TAL 1 form the core of their claims in TAL 2.  Moreover, the legal tests for identifying claims based on the same transaction or parties who are in privity are not nearly as narrow as Plaintiffs contend.  Rather, such tests are "flexible," and are based on "common sense" and "actual relationship[s]."  Applying these standards, as the Court did in the September 7, 2021 Order, it is clear that Plaintiffs' claims in TAL 2 are barred by *res judicata*.

In the underlying motion to dismiss, the defendants demonstrated that the allegations in TAL 2 were either raised in TAL 1, should have been raised in TAL 1, or were insufficient to state a plausible claim for relief.  In the September 7, 2021 Order, this Court properly applied the correct standard to conclude that Plaintiffs' claims in TAL 2 arose from the same transaction or series of transactions are TAL 1 and could and should have been raised in TAL 1.

Accordingly, the Court did not apply the wrong burden of proof or standard of review in

1

considering the motions to dismiss.  Instead, the defendants satisfied their burden, by comparison of the pleadings and TAL 1 litigation, to establish that *res judicata* applied.  In response, Plaintiffs failed to adequately allege an exception to *res judicata*.  Accordingly, this Court correctly granted the motions to dismiss, and there is no basis for reconsideration.

Finally, Defendant Zummo notes that the underlying motion to dismiss set forth independent bases, besides *res judicata*, as to why each of the causes of action in the TAL 2 SAC failed.  Accordingly, even if this Court were to reconsider its decision regarding *res judicata*, the SAC should remain dismissed for the alternate grounds stated in the motion to dismiss.

## **Procedural History**

While this Court is well aware of the lengthy procedural history in this action, it is set forth here for completeness and ease of reference.

### "TAL 1" or "The Prior Action"

On March 16, 2017, Plaintiffs initiated suit in state court against the Village of Pomona and eight individual defendants, including Zummo, concerning alleged religious discrimination by the Village and its employees against Plaintiffs with respect to land use approvals ("TAL 1" or the "Prior Action").  That lawsuit was removed to federal court (Dkt. 17-cv-2928 (CS)).  Upon removal, Plaintiffs were permitted to amend the complaint in TAL 1 twice, filing a Second Amended Complaint (TAL 1 SAC) on September 7, 2017.  In the TAL 1 SAC, Plaintiffs included only Yagel, Ulman, and the Village as defendants.  Ex. B (Indiv. Defs. Motion to Dismiss) at Ex. H (July 22, 2019 Order) at *1, n.1; Ex. at Ex. B; Ex. E at 6-7.

The TAL 1 SAC asserted claims for selective enforcement in violation of the Equal Protection Clause and violation of the Free Exercise Clause based on allegations that the Village discriminated against them due to Plaintiff Manes's Orthodox Jewish religion.  Ex. B (Indiv. Def. Mot.) at Ex. B (TAL 1 SAC) at ¶¶48-49; Ex. B at Ex. E (Jan 2018 Decision) at 76:25-7:8.

2

Plaintiffs' SAC in TAL 1 alleged the following instances of discrimination: (1) that the Village delayed issuing a Certificate of Occupancy ("CO") for the property owned by Plaintiffs at 22 High Mountain Road ("22 High Mountain") due to an outstanding $6300 debt on the property from a prior owner, even though Zummo informed Plaintiffs that the property satisfied all requirements; (2) the imposition of requirements for a grading permit for 22 High Mountain; and (3) the Village demanded an acknowledgement that the road accessing 22 High Mountain was not a public road and would be privately maintained.  Ex. B at Ex. B (TAL 1 SAC) at ¶¶ 8-16 (CO), ¶¶23-33 (grading), ¶¶35-40 (road).  Plaintiffs alleged that they earned lower profits due to delays in approvals from the Village.  *Id*. at ¶¶41-43.

The defendants' motion to dismiss the SAC in TAL 1 with prejudice was granted on January 10, 2018.  Ex. B (Indiv. Def. Motion) at Exs. C, D, E, F.  The district court dismissed the Equal Protection claim, holding that Plaintiffs failed to plausibly allege that they were treated differently than similarly situated comparators or that the defendants' actions were based on religious animus.  Ex. B (Indiv. Def. Motion) at Ex. E (1/10/18 Transcript) at 10-11, 14-15.  With respect to the Free Exercise claim, the district court held that the SAC failed to allege that the requirements at issue were not of general applicability or were designed to interfere with religious observation.  Ex. B (Indiv. Def. Motion) at Ex. E (1/10/18 Transcript) at 16.  The district court also held that "Plaintiffs failed to allege that the conditions and requirements imposed by defendants substantially burden religious freedom or interfere with religious observation."  *Id*.  The district court denied any further amendment given that Plaintiffs "have already amended twice after having the benefit of two pre-motion letters from defendants . . . and my observations[.]"  Ex. B at Ex. E at 19.  Accordingly, TAL 1 was dismissed with prejudice and Plaintiffs did not appeal.

On November 2, 2018, Plaintiffs filed a motion to reopen TAL 1 pursuant to Rule 60(b).

3

The district court denied Plaintiffs' motion on July 22, 2019, holding, *inter alia*, that none of the purported "new" allegations would have cured "the deficiencies that resulted in dismissal of the SAC."[1]  Ex. B (Indiv. Def. Mot.) at Ex. H (7/22/19 Decision) at *19; *Id*. at *21.  Despite Plaintiffs' claims of "newly discovered evidence, Plaintiffs proposed Third Amended Complaint in TAL 1 "still ha[d] not identified any similarly situated comparators or any substantial burdens on [Plaintiffs'] free exercise of religion."  *Id*. at *21.  With respect to Plaintiffs' argument that the "new" information relied on from the Shea investigation, the court observed that "Plaintiffs' showing on this score is weak."  *Id*. at *19 n.5.  The court observed that "Plaintiffs had spoken with Shea prior to filing their SAC and at that time knew, or should have known, of the facts Shea alleged in her Human Rights Complaint. . . . it is clear that Plaintiffs were not justifiably ignorant of those facts."  *Id*.[2]

TAL 2

On July 23, 2019, after their motion to reopen TAL 1 was denied, Plaintiffs filed the instant lawsuit, naming Yagel, Ulman, and the Village as defendants and asserting the same claims for Equal Protection and Free Exercise violations as well as two new state law claims.  DE #1.  On November 21, 2019, the defendants moved to dismiss on numerous grounds, including *res judicata*.  DE #33-35.  In response, Plaintiffs amended the complaint, adding seven defendants, 146 additional paragraphs of allegations, and claims under the Fair Housing Act, RLUIPA, and tortious interference.  DE #54.  Defendants again notified Plaintiffs of their intent to move to dismiss.  DE #72.  In response, Plaintiffs (represented by their fourth set of counsel in this action) filed an even lengthier Second Amended Complaint ("SAC") which added a claim for

---

[1] The defendants disputed whether the evidence relied on by plaintiffs was actually "newly discovered."  The court, however, did not decide this issue. Ex. H at *19.

[2] Plaintiffs appeal from the July 22, 2019 order was dismissed when they failed to file a brief.  Ex. I.

unconstitutional conditions.  Ex. B (Indiv. Def. Mot.) at Ex. A.

The defendants moved to dismiss the TAL 2 SAC.  The Individual Defendants argued that all of Plaintiffs' claims were barred by *res judicata*, based on the dismissal with prejudice in TAL 1.  Ex. C (Indiv. Def. Mem.) at pp.6-9; Ex. E (Indiv. Def. Reply Mem.) at pp.1-6.  The Individual Defendants also argued that each cause of action separately failed to state a claim for independent reasons.  Ex. C at pp.10-25; Ex. E at 6-10.  In opposition to the application of *res judicata*, Plaintiffs argued: (1) that the dismissal in TAL 1 was not a decision "on the merits"; (2) that the allegations in TAL 1 were limited to 22 High Mountain Road, and (3) that the SAC in TAL 2 included allegations that occurred after the filing of the operative complaint in TAL 1.  Ex. D at 7-11.

On September 7, 2021, this Court granted the Individual Defendants' motion to dismiss.  Ex. A.  The court held that (1) the January 2018 dismissal in TAL 1 was an "adjudication on the merits," and (2) the plaintiffs in both actions are identical and the defendants were either identical or in privity with parties to TAL 1.  Ex. A at 5.  The majority of the court's analysis concerned whether the claims asserted in TAL 2 "'were, or could have been, raised' in the Prior Action."  *Id*.  The Court rejected Plaintiffs' argument that TAL 2 concerned "unrelated" claims merely because Plaintiffs new lawyers included additional allegations.  Ex. A at 6-7.  With respect to conduct alleged in ¶¶283-305, concerning actions taken by Mayor Banks, the court concluded that these allegations could not have been alleged in TAL 1, and thus were not barred by *res judicata* and permitted Plaintiffs to file a final, amended complaint limited to these allegations.  Ex. A at 8-9.

Plaintiffs filed a motion for reconsideration on October 18, 2021.  In the motion for reconsideration, Plaintiffs abandoned their argument that the TAL 1 dismissal under Rule 12(b)(6) was not an adjudication on the merits.  Instead, they repeat their argument that the SAC in TAL 2 included allegations regarding claims that were "unrelated" to the claims in TAL 1; raise the new

argument that *res judicata* should not apply because they are now asserting claims against the defendants in their individual capacities; and contend that the court applied the wrong burden of proof and standard of review. Because this Court already properly considered and rejected Plaintiffs' arguments in the September 7, 2021 Order, the motion to reconsider should be denied.

## <u>Argument</u>

As noted in Plaintiffs' motion to reconsider, "[t]he standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Rafter v. Liddle*, 288 Fed. Appx. 768, 769 (2d Cir. 2008) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). "It is well-settled that [a motion for reconsideration] is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Thorsen v. Sons of Norway*, 996 F. Supp. 2d 143, 169 (E.D.N.Y. 2014) (citation omitted). Pursuant to Local Rule 6.3, on a motion for reconsideration, "there shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked." (emphasis added). Accordingly, "'[a] motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court[.]" *Burke v. Bimbo Bakeries USA, Inc.*, 2020 U.S. Dist. LEXIS 167629, at *6 (S.D.N.Y. Sep. 14, 2020) (citation omitted); *see also Caribbean Trading & Fid. Corp. v. Nigerian Nat'l Petroleum Corp.*, 948 F.2d 111, 115 (2d Cir. 1991); *Schonberger v. Serchuk*, 742 F. Supp. 108, 119 (S.D.N.Y. 1990).

261815035v.1

## I.   This Court Correctly Concluded that Plaintiffs' Claims Are Barred by Res Judicata

### A.  There Are No "Unrelated Claims" Because All of Plaintiffs' Claims Arise from a Common Nucleus of Operative Fact

In the motion to reopen, Plaintiffs do not dispute that *res judicata* bars re-litigation of claims arising from transaction alleged in a prior case, even if a plaintiff attempts to assert new legal theories based on the same facts.  Nor do Plaintiffs dispute that, in both TAL 1 and TAL 2, they asserted claims based on the alleged (1) delayed issuance of a CO for 22 High Mountain, (2) the imposition of conditions on a grading permit for 22 High Mountain, (3) the demand that Plaintiffs acknowledge that the road accessing 22 High Mountain was not publicly maintained, and (4) alleged decreased profits from the sale of 22 High Mountain.  *See* Pl. Mem. at 1-2.

Instead, Plaintiffs argue that the SAC in TAL 2 survives *res judicata* because TAL 2 includes additional factual allegations that were not included in TAL 1 regarding "Unrelated Claims."  Pl. Mem. at 6.  This argument fails.  Indeed, this Court already considered and rejected this argument in its September 7, 2021 Order.  Ex. A at 6-7 ("To be sure, the SAC—drafted by new counsel—is three hundred paragraphs longer and contains five more claims for relief than the Prior SAC. . . But Plaintiffs' attempt to rectify their previous presentation by retaining new counsel and initiating a new action does not dodge the effects of *res judicata*.").  As explained below (and as argued in the underlying motion to dismiss), the SAC in TAL 2 did not assert "unrelated claims" against defendant Zummo.  The allegations and legal theories asserted by Plaintiffs in TAL 2 were either raised in TAL 1, should have been raised in TAL 1, or were insufficient to state a plausible claim for relief.  Accordingly, dismissal of the SAC in TAL 2 was proper.

In *Monahan v. New York City Department of Corrections*, the court stated that "[t]o prove the affirmative defense [of *res judicata*] a party must show that 1) the previous action involved an adjudication on the merits; 2) the previous action involved the plaintiffs or those in privity with

them; and 3) the claims asserted in the subsequent action were, or could have been, raised in the prior action."[3]  214 F.3d 275, 285 (2d Cir. 2000); *see also Waldman v. Village of Kiryas Joel*, 207 F.3d 105, 108 (2d Cir. 2000) ("Res judicata … makes a final valid judgment conclusive on the parties, and those in privity with them, as to all matters, fact and law, [that] were or should have been adjudicated in the proceeding.").   The *Monaghan* court provided further guidance for determining whether there is "sufficient identity of claims to support a finding of *res judicata*," stating that:  "Whether or not the first judgment will have preclusive effect depends in part on whether the same transaction or series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first." *Monahan*, 214 F.3d at 289 (quoting *NLRB v. United Technologies*, 706 F.2d 1254, 1260 (2d Cir. 1983)).

Moreover, contrary to Plaintiffs' implication, *res judicata* does not apply only where the claims asserted are identical.  Rather, when assessing *res judicata*, "'[t]ransaction' must be given a flexible, common-sense construction that recognizes the reality of the situation." *Monaghan*, 214 F.3d at 289 (quoting *Interoceanica Corp. v. Sound Pilots, Inc.*, 107 F.3d 86, 91 (2d Cir. 1997)). For this reason, merely asserting additional facts is insufficient to bar the application of *res judicata*.  "[A] plaintiff cannot avoid the effects of res judicata by 'splitting' his claim into various suits, based on different legal theories (with different evidence 'necessary' to each suit)." *Waldman*, 207 F.3d at 110.

In assessing whether claims are barred by res judicata, "it must first be determined that the

---

[3] Plaintiff criticizes *Monaghan* as a "shorthand" test that is an "inaccurate statement of the law,"  Pl. Mem. at 7, clarified by other Second Circuit cases.  Pl. Memo. at 16.  However, *Pike v. Freeman*, 266 F.3d 78 (2d Cir. 2001) (cited by Plaintiff) does not describe *Monahan* as inaccurate or erroneous.  Rather, *Pike* cites *Monahan* with approval for the test for *res judicata* and cite the same language to describe the factors used to determine identity of claims. *Pike*, 266 F.3d at 91.  Accordingly, there can be no argument that the Court overlooked the applicable case law.

second suit involves the same 'claim' – or 'nucleus of operative fact' – as the first suit." *Waldman*, 207 F.3d at 108. "To ascertain whether two actions spring from the same 'transaction' or 'claim,' we look to whether the underlying facts are 'related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations[.]" *Id*. (quoting *Interoceanica*, 107 F.3d at 90)). As recognized by Plaintiffs, a subsequent claim is barred where it "should have been asserted" in the first proceeding, *Pike v. Freeman*, 266 F.3d 78, 91 (2d Cir. 2001). Pl. Mem. at 7-8. Whether a claim "should have been raised" in the prior proceeding is assessed by the "related in time, space, origin, or motivation" test. *Pike*, 266 F.3d 78, 91.

Merely asserting allegations that occurred subsequent to a prior litigation does not save a second complaint from res judicata. *See Waldman*, 207 F.3d 105, 110 n.2, 3 (2d Cir. 2000); *Hyman v. Cornell Univ.*, 721 Fed. Appx. 5 (2d Cir. May 9, 2018) (inclusion in second suit of subsequent allegations that plaintiff student was forced to leave university and that defendant failed to respond to her email did not state a new claim that was not barred by *res judicata*); *Amid v. Chase*, 720 Fed. Appx. 6, *9-10 (2d Cir. 2017) (affirming dismissal based on *res judicata* where both suits alleged pattern of harassment based on malicious denial of village approval for permits to renovate and improve property, despite inclusion of allegations in second suit that occurred after first suit).

For example, in *Waldman*, the Second Circuit applied *res judicata* to bar a second lawsuit even though the second suit alleged facts that occurred after the first suit. The first suit sought to bar the defendant village from discriminating against religious dissidents in the provision of public housing in violation of the Free Exercise, Establishment, and Equal Protection Clauses, and alleged various incidents of alleged discrimination against religious dissidents. 207 F.3d at 109. In the second suit, the plaintiff sought dissolution of the village due to excessive entanglement between

9

government and religion.  The second suit alleged the same discrimination as the first suit, as well as several new allegations that did not occur until after the complaint in the first suit, including that (1) the village mayor stated under oath that the village would not enforce state laws that conflict with Jewish laws, (2) interference with dissident voting rights and the plaintiff's attempt to run for office, and (3) the passage of an ordinance to prevent dissidents from protesting near the home of a rabbi.  207 F.3d at 110.

The plaintiff in *Waldman* argued that the first case concerned only discrimination in public housing, not a broader entanglement between church and state, *Id*. at 110, and that the two lawsuits were not "sufficiently related to each other to constitute a single 'transaction or connected series of transactions.'  *Id*. at 111.  The Second Circuit rejected this argument, finding that the facts were "related in time, space, origin, or motivation" as they were all derived from "the alleged entanglement of church and state in [the village]."  *Id*. at 112.  Moreover, the suits would have formed a convenient unit as they involved substantially the same incidents, the same relationships, and the same witnesses and treating them as a single unit would have "conformed to the parties' expectations."  *Id*. at 112.  The court concluded that the claims were barred by *res judicata* despite the addition of new allegations that occurred after the first suit, holding that they did not create a new cause of action that did not exist at the time of the first suit.  *Id*.  However, the court acknowledged, that "at some point, repetition of the same or similar acts may well give rise to a new claim, and the latter action . . . would not then be precluded by res judicata."  *Id*. at 114.

As an initial matter, Plaintiffs do not dispute that the SACs in TAL 2 and TAL 1 both contain numerous allegations regarding 22 High Mountain.  Thus, Plaintiffs cannot dispute that all claims related to (1) the CO at 22 High Mountain, (2) the grading permit, and (3) the access road,

were or could have been raised in TAL 1, regardless of the legal theory involved.  *See* Ex. C (Indiv. Def. Mem.) at 8-9 (comparing allegations of SAC in TAL 1 with SAC in TAL 2).

Instead, Plaintiffs assert that TAL 1 only concerned 22 High Mountain, whereas the allegations regarding 22 High Mountain in TAL 2 make up only a small portion of the total allegations in TAL 2.  *See* Pl. Memo. at 10 ("[t]he allegations regarding the 22 High Mountain Property were limited to paragraphs 57, 59-69, 71-87 of the SAC").  Therefore, they argue, "the TAL 1 judgment should not have *res* judicata effect on any claims *unrelated* to the 22 High Mountain Property."  Pl. Mem. at 10 (emphasis added).  Plaintiffs' argument ignores the reality that the allegations regarding 22 High Mountain TAL 2 make up the essential allegations in support of Plaintiffs' claims in TAL 2.  The fact that Plaintiffs added allegations is irrelevant given that those new allegations do not state a separate claim based on new transactions.  Indeed, Plaintiffs never actually articulate what the new "unrelated" claims are.  As set forth above, simply asserting allegations that were not included in a prior lawsuit does not save the subsequent suit from *res judicata*.  In the underlying motion, the Individual Defendants argued that the allegations that were added in TAL 2 do not plausibly state a separate claim that is not barred by *res judicata*.  *See* Ex. C.  We briefly review all of the allegations in the TAL 2 SAC here for completeness:

Paragraphs 1-15, 48-56, and 116 contain conclusory allegations of an "anti-Orthodox Jewish program in the Village of Pomona" that diminishing the demand for Plaintiffs' properties; these allegations do not plausibly state a claim under Rule 12(b)(6).

Paragraphs 16-40 contain allegations concerning the parties, jurisdiction, venue, and procedural history; they do not allege wrongdoing or other conduct to state a claim for relief.

11

Paragraphs 41-47 contain allegations regarding Plaintiff Manes's move to Pomona and his plan to make money by developing residential homes that appeal to Orthodox Jewish buyers; they do not contain allegations of wrongdoing.

Paragraphs 57-87 concern the CO, grading permit, and roads issue raised in TAL 1; all claims based on these allegations are barred by *res judicata*.

Paragraphs 88-115 allege that, at unspecified times, Manes was denied unidentified permits with respect to unidentified "Subdivided Properties." These allegations fail to state a claim that is not barred by *res judicata* for several reasons. First, as explained in the Individual Defendants' motion to dismiss, these allegations are conclusory and do not plausibly state a claim. Ex. E (Indiv. Def. Reply Mem.) at 4-5. Plaintiff does not identify the permits that were denied, or even allege that he ever applied for a permit. *See e.g., New Page at 63 Main, LLC v. Inc. Vill. of Sag Harbor*, 2016 U.S. Dist. LEXIS 189158, *52-53 (Mar. 19, 2016) (plaintiffs failed to plausibly allege Due Process violation arising from processing of building permit applications where "complaint offers no specifics as to the 'building permit' applications" that plaintiffs submitted to village).

Second, Plaintiff alleges that he purchased these Subdivided Properties in 2015. Ex. B (Indiv. Def. Motion) at Ex. A (TAL 2 SAC) at ¶57. Thus, to the extent any permits were denied prior to September 7, 2017, those claims are clearly barred by res judicata as they are part of the same transaction or series of transactions raised in TAL 1 – alleged religious discrimination in the denial of land use permits—and the parties would have expected the claims to be part of the same trial unit. Notably, Plaintiff alleges that the road issue (the Village's contention that the road was not publicly maintained) affected the Subdivided Properties as well as 22 High Mountain. Exhibit B (Indiv. Def. Motion) at Ex. A (TAL 2 SAC) at ¶95. Plaintiff filed the "Roads" litigation in state court on March 17, 2017 – 6 months prior to the SAC in TAL 1. Ex. B at Ex. A at ¶98 (citing *TAL*

12

*Properies of Pomona, LLC v. Village of Pomona, et al.,* Index No. 031216/2017 (Sup. Ct. Rockland Cnty) (complaint filed 3/17/2017).  Thus the issues related to the Subdivided Properties, in addition to being too vague to state a claim, are clearly barred by *res judicata* as part of the same transaction or series of transactions raised in TAL 1.

Paragraphs 117-123 contain allegations concerning a stop work order issued for a driveway project in December 2017.  This allegation is again based on the same alleged discriminatory theory as in TAL 1, and fails to state an independent claim for the reasons stated in the underlying motion to dismiss, which includes, among other things, that Plaintiffs failed to allege similarly situated comparators.  *See* Ex. C (MOL) at 13; Ex. E (Reply MOL) at 4.

Paragraphs 124-125, and 128-131 contain undated allegations that have nothing to do with defendant Zummo.

Paragraphs 126-127, 212-222 and 259-282 contain allegations (many of them conclusory), about alleged discriminatory treatment of other individuals (many of them unnamed) and purported burdens on free exercise.  These allegations were addressed at length in the underlying motion to dismiss.  *See* Ex. C (Indiv. Def. MOL) at 17-21; Ex. E (Indiv. Def. Reply Mem.) at 6-7. None of these allegations state a plausible claim; they do not allege that Manes's religious practices were ever impeded, nor do they state any injury to Plaintiffs.  *See Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982) ("[Article] III requires the party who invokes the court's authority to 'show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant.'" (citation omitted)); *Leonard Partnership v. Chanango*, 779 F. Supp. 223, 233-234 (N.D.N.Y. 1991) (plaintiffs lacked standing to challenge denial of building permit where they did not submit the permit application and thus "did not sustain the requisite injury-in-fact").

Paragraphs 132-142 allege that defendants Shea and Arsa-Artha generally delayed services to Orthodox Jews; there is no allegation against Defendant Zummo.  There is also no claim regarding a specific incident involving Plaintiffs.  To the extent such delays occurred prior to September 7, 2017, or relate to the allegations contained in TAL 1, they are barred by *res judicata*.

Paragraphs 143-179 contain further conclusory allegations of an "anti-Orthodox Jewish Agenda," as well as allegations regarding other litigation in the Village.  These allegations do not state a plausible claim, and many of them concern matters that arose prior to TAL 1.

Paragraphs 180-211, and 223-242 concern "recorded conversations," "whistleblower's disclosures," and "judicial findings" from other litigation, which purport to show discriminatory animus.  They do not independently state a claim of wrongdoing separate from the allegations of TAL 1; to the extent they concern matters raised in TAL 1, they are part of the same claims barred by *res judicata*.

Paragraphs 243-258 repeat allegations regarding delayed responses to FOIL requests, and *inter alia*, conduct alleged in the state investigation of defendant Shea's complaint.  These allegations do not allege any wrongdoing with respect to Plaintiffs.

Paragraphs 283-305 concern actions by Mayor Banks.  They do not include any allegations of wrongdoing by Mr. Zummo.

Finally, paragraphs 306-349 identify Plaintiffs' causes of action; they do not contain any additional factual allegations against Mr. Zummo.

Thus, the new allegations added in TAL 2 either (1) could and should have been raised in TAL 1; or (2) do not state plausible claims that are not barred by *res judicata*.

The cases cited in Plaintiffs' motion to reopen do not alter this conclusion; they merely apply the "transaction" test to different facts and conclude that the subsequent litigation in those

14

matters involved separate transactions than those raised in the prior litigation at issue.

For example, in *Cayuga Nation v. Tanner*, 6 F.4th 361 (2d Cir. 2021), the court held that the Nation's 2014 claim that a local gambling ordinance was preempted by the federal Indian Gaming Regulatory Act was not barred due to a 2003 lawsuit in which the Nation sought a declaratory judgment that it had sovereignty over a parcel of land within the Village. The court noted that "where the facts that have accumulated after the first action are enough on their own to sustain the second action, the new facts clearly constitute a new 'claim' and the second action is not barred by [claim preclusion]." *Id.* at 376 (citation omitted). The court then found that "the current litigation arises out of facts that have accumulated since the first action that are more than enough on their own to support it." *Id.* (finding that two actions arose from two separate enforcement actions). The *Cayuga* court then distinguished *Waldman* on the grounds that in *Cayuga*, the new claims "arise out of events that *entirely* postdate the 2003 Complaint." *Id.* at 377 (emphasis added). Thus, there was no core nucleus of fact common to both actions in *Cayuga*.

By contrast, as set out above, the operative facts of both TAL 1 and TAL 2 concern the Village's alleged religious discrimination affecting 22 High Mountain. Unlike in *Cayuga*, the allegations forming the basis of the claims in TAL 2 did not all "accumulate since the first action." *Cayuga*, 6 F.4th at 376; *see also Maharaj v. BankAmerica Corp.*, 128 F.3d 94, 97-98 (2d Cir. 1997) (plaintiff shareholder's current claims based on dissolution of corporation did not arise from same transaction as claims filed over two years prior to dissolution arising from termination of plaintiff's employment); *Greenberg v. Bd of Governors of Fed. Reserve Sys.*, 968 F.2d 164, 168-170 (2d Cir. 1992) (prior enforcement proceedings did not have *res judicata* effect because (i) first proceeding did not result in decision on the merits, and (ii) the transactions at issue in current proceeding were not covered by prior settlement agreement and monetary penalty)). Accordingly, this Court

correctly concluded that TAL 2 does not involve "unrelated claims" not barred by *res judicata*.

### B. Plaintiffs' Individual Capacity Argument Fails

#### 1. *This Argument Is Waived Because Plaintiffs Never Raised It In Opposition to the Motion to Dismiss*

In their opposition to the Individual Defendants' motion to dismiss, Plaintiffs never argued that the second prong of the res judicata test—that "the previous action involved the parties or those in privity with them"—was not satisfied.  Plaintiffs never argued that the judgment in TAL 1 did not have a *res judicata* effect as to claims against Zummo due to a lack of privity.  Accordingly, this argument is waived and is not a proper basis for a motion to reconsider.  *Rafter*, 288 Fed. Appx. at 769 (2d Cir. 2008) (motion for reconsideration is not  a "second bite at the apple"); *Burke*, 2020 U.S. Dist. LEXIS 167629 at *6 (reconsideration motion should not be used to "advance new arguments to supplant failed arguments").

#### 2. *Zummo Was a Defendant, and Was in Privity with the Defendants, in TAL 1*

While, in general, government officials sued in their individual capacities are not considered to be in privity with their government employer, that is not always the case.  *See Green Materials of Westchester v. Town of Cortlandt*, 2015 U.S. Dist. LEXIS 170280, *15-16 (S.D.N.Y. Dec. 21, 2015); *Hirschfeld v. Spanakos*, 871 F. Supp. 190, 193 n.3 (S.D.N.Y. 1994).  Rather, in a number of cases, courts have applied *res judicata* to preclude a plaintiff's subsequent suit asserted against individual defendants in their individual capacities.

"[P]rivity in the <u>res judicata</u> context 'eschews strict reliance on formal representative relationships in favor of a more flexible consideration of whether all of the facts and circumstances of the party's and nonparty's actual relationship, their mutuality of interest and the manner in which the nonparty's interests were represented in the prior litigation establishes a functional representation." *Green Materials of Westchester*, 2015 U.S. Dist. LEXIS 170280, at *15.  "In its

16

modern form, the principle of privity bars relitigation of the same cause of action against a new defendant known by a plaintiff at the time of the first suit where the new defendant has a sufficiently close relationship to the original defendant to justify preclusion."  *Id*. at *15-16.

As explained in *Hirschfeld v. Spanakos*, the rationale behind the general rule of a lack of privity for individual capacity claims "is that a party who occupies both individual and representative capacities may have conflicting interests with respect to the conduct of the litigation. In consequence, principles of former adjudication ought not aggravate the problem by effectively compelling one sued or who sues, for example, in a representative capacity to consider also his or her personal interests."  871 F. Supp. at 193 n.3 (internal citation omitted).  However, where such concerns are absent, the rule regarding lack of privity does not apply.  *Id.*; *Green Materials of Westchester*, 2015 U.S. Dist. LEXIS 170280, at *17.[4]

In *Hirschfeld*, the court concluded that the plaintiffs' claims for damages against a Board of Elections and its members (in their individual and official capacities) were barred by *res judicata* based on a prior lawsuit against the Board and its members in their official capacities only, as the plaintiff "labored under no conflicting interests" in the first suit and thus had no reason not to assert all available claims arising from the transactions at issue in the first suit at that time. 871 F. Supp. at 193 n.3.  In *Green Materials*, the plaintiffs' second suit was barred by res judicata even though plaintiffs asserted the new claims against the defendant town officials in their individual capacities, while the prior suit asserted only official capacity claims.  *Green Materials of Westchester*, 2015 U.S. Dist. LEXIS 170280, at *17-18.  The *Green Materials* court explained

---

[4] Courts have also held that alleged co-conspirators are in privity within one another, even if not named in a prior suit.  *See Waldman v. Village of Kiryas Joel*, 39 F. Supp. 2d 370, 381-82 (S.D.N.Y. 1999)*; see also Marshall v. Nat'l Ass'n of Letter Carriers Br. 36*, 2003 U.S. Dist. LEXIS 19918, at *10, *28 (S.D.N.Y. Nov. 7, 2003) (newly added government agencies and their employees sued in their official and individual capacities were in privity with prior government agency defendant).

17

that "there is no indication or allegation that the Town officials have individual interests conflicting with their interests as Town officials, nor is there any allegation the Town officials acted outside of their capacity as Town officials.  Under these circumstances, plaintiffs cannot avoid res judicata merely by suing the same officials again in their individual capacities."  *Id.  See also Waldman v. Village of Kiryas Joel*, 39 F. Supp. 2d 370, 382 (S.D.N.Y. 1999) (res judicata barred new claims asserted against village trustees in their individual capacities, even though trustees were not named in first suit) *aff'd* 207 F.3d 105 (2d Cir. 2000); *El-Bey v. New York*, 464 F. Supp. 2d 329, 334 n.3 (S.D.N.Y. 2006) (assertion of claims against defendants in their individual capacities did not save claim from preclusion because there were no allegations that individuals acted outside the scope of their employment or were otherwise personally involved in the alleged violations); *Compare Vasquez v. Pappalardo*, 395 F. Supp. 3d 257, 260 (S.D.N.Y. 2019) (cited by Plaintiffs) (holding that prior § 1983 suit did not have res judicata effect on subsequent suit against police officers in their individual capacity where officers were not named in the first suit and summary judgment was granted to the city "because the Plaintiff had not adduced evidence sufficient to create a material question of fact as to the City's *Monell* liability.").[5]

Here, even if Plaintiffs' argument were not waived (which it is), the circumstances call for application of *res judicata* despite the fact that Plaintiffs now assert their claims against Zummo in an individual capacity.  First, Plaintiffs named Zummo as a defendant in their original complaint in TAL 1 (apparently only in his official capacity).  Ex. F (TAL 1 Original Summons and Complaint).  All of the defendants in TAL 1 were represented by the same counsel (Wilson Elser, Zummo's present counsel).  In the TAL 1 SAC filed on September 7, 2017, Plaintiffs dropped many of the defendants from the caption, naming only the Village, and Brett Yagel and Doris

---

[5] Plaintiffs cite to Judge Jacobs lone dissenting opinion in *Proventud*.  Pl. Mem. at 11-12.  This passing reference in a dissent is clearly not controlling on the issue.

Ulman (in their official and individual capacities) as defendants.  Ex. B (Indiv. Def. Mot.) at Ex. B (TAL 1 SAC) at ¶¶4-5.  Plaintiffs' claims in TAL 1 were based, in part, on actions taken by Zummo as building inspector (*e.g.,* the refusal to issue a certificate of occupancy).  Thus, Plaintiffs were well aware of any claims against Zummo at the time of TAL 1.

Additionally, Plaintiffs allegations against Zummo in both TAL 1 and TAL 2 concern actions taken within the scope of Zummo's employment as building inspector for the Village, *i.e.*, the delayed issuance of a CO and issuance of a stop work order, and there is no indication of any conflict between Zummo's individual v. official interests as a defendant.  Finally the dismissal in TAL 1 was based on arguments applicable to both individual and official capacity claims (failure to plausibly allege similarly situated comparators, discriminatory intent, or undue burden on religion), not on arguments specific to the Village (*e.g.*, *Monell* liability as in *Vasquez*).  Refusing to apply *res judicata* here, merely because Plaintiffs now assert individual capacity claims would circumvent the strong policies served by *res judicata* and permit Plaintiffs to take unlimited bites at the apple merely by strategically omitting certain Village employees from their first suit.

## II. This Court Did Not "Overlook Allegations" That Would Prevent the Application of *Res Judicata*

Plaintiff argues that this Court overlooked allegations concerning (1) the withholding or destruction of records, (2) newly discovered evidence, and (3) "many allegations of wrongdoing."  Pl. Mem. at 13-14.  These allegations were not "overlooked" by the Court, nor do they save Plaintiffs' second case from *res judicata*.

### A. The "Fraudulent Concealment" and "Unable to Discover" Exceptions Do Not Apply Here

"As a general rule, newly discovered evidence does not preclude the application of *res judicata.*"  *Saud v. Bank of N.Y.*, 929 F.2d 916, 920 (2d Cir. 1991).  "Exceptions to this rule exist

when the evidence was either fraudulently concealed or when it could not have been discovered with due diligence." *Id*.  "A plaintiff seeking to apply the fraud exception to res judicata must 'allege with particularity' what the defendant 'did to conceal any material information' and why it 'was unable to discover' defendant's actions." *Ningbo Prods. Imp. & Exp. Co. v. Eliau*, 2011 U.S. Dist. LEXIS 125789, *27 (S,D.N.Y. Oct. 31, 2011) (dismissing claims as barred by *res judicata* and rejecting fraudulent concealment argument for failure to plead with requisite specifity).  Where a plaintiff could have uncovered the purported new information "'with minimal diligence' or upon reasonable inspection, the fraud exception to claim preclusion will not apply." *Id*.; *Rafter v. Liddle*, 704 F. Supp. 2d 370, 378 (S.D.N.Y. 2010) (holding *res judicata* barred claims where plaintiff could have discovered "new information" "by simply asking" about facts relevant to claims).

In *Saud v. Bank of New York*, the plaintiff argued that his RICO claim should not be barred by *res judicata* because the facts giving rise to the claim could have not have been discovered at the time of the prior action.  To support his argument, the plaintiff noted that, subsequent to the dismissal of his prior action, one of the defendant's employees was convicted of bribery and distribution of bribery proceeds. 929 F.2d at 920.  The Second Circuit rejected the argument, finding that the plaintiff's submissions in the prior action demonstrated that he had sufficient information to create "a duty of further investigation" even without knowledge of the employee's bribery convictions.  *Id*. at 921.  Accordingly, the plaintiff was "chargeable with full knowledge of the fraud" that allegedly served as the basis for the subsequent action, at the time of the prior action.  *Id*.  ("neither of these exceptions is relevant herein, since we believe that even without the alleged newly discovered evidence, Saud had sufficient notice at the time of the [prior action] of the essential facts that are now alleged in support of his RICO complaint.").

20

In *John Street Leasehold, LLC v. Capital Mgt. Resources, L.P.*, 154 F. Supp. 2d 527 (S.D.N.Y. 2001), the plaintiff claimed that the defendant improperly accelerated foreclosure of a mortgage.   The court held that plaintiff's claims were barred by *res judicata* where, in the plaintiff's first action, the plaintiff sued the FDIC alleging bad faith by breaching an oral agreement with respect to waiving the Call Provision of plaintiff's mortgage, and in the subsequent action, the plaintiff alleged that agents of the FDIC acted in bad faith to cause the FDIC to foreclose on the mortgage. *Id*. at 536, 538-539.  The court rejected plaintiff's arguments that *res judicata* should not apply because the defendants had discarded essential documents because (1) the plaintiff offered no evidence that the documents were discarded with malicious intent, and (2) "the plaintiff has not established that any document would have been relevant to the material issues in this litigation." *Id*. at 540-541.

Here, Plaintiff's fraudulent concealment and new evidence arguments fail.[6]   The allegations cited by Plaintiff (TAL 2 SAC at ¶¶70-73 and ¶¶243-258) fail to allege that any defendant concealed information that was necessary to Plaintiffs' claims.  *See John Street Leasehold*, at 541.  Similarly, Plaintiffs fail to allege any relevant "new evidence" that they were unable to discover via minimal diligence or investigation.

---

[6] Indeed, Plaintiffs' allegations of fraudulent concealment were rejected in TAL 1.  In TAL 1, Plaintiffs argued that they were entitled to reopen the case pursuant to Rule 60(b)(3), due to the "fraud …, misrepresentation, or misconduct by an opposing party."  Ex. B (Indiv. Def. Mot.) at Ex. H (7/22/2019 Decision) at *22-26.  In the Proposed Third Amended Complaint submitted in conjunction with Plaintiffs' motion to reopen in TAL 1, Plaintiffs included allegations of misconduct: deliberate failure to produce documents in response to FOIL requests and supposed admissions from Zummo that Ulman altered the property file for 22 High Mountain.  *See* Ex. B at Ex. G (Proposed Third Amended Complaint) at ¶¶19, 109-112, 119 (May 22, 2019).  The district court held that Plaintiffs allegations did not show misconduct nor did they allege that the misconduct affected their ability to plead their claims.  Ex. B (Indiv. Def. Mot.) at Ex. H (7/22/2019 Decision) at *25 ("Nor have Plaintiffs shown, by clear and convincing evidence or otherwise, that any disarray in the property files prevented them from getting what they needed to make their case. . . . [They] have not specified any record that existed at one time but no longer can be located.").

21

First, this Court already specifically addressed Plaintiffs' allegations of subsequent statement by Zummo at ¶¶70-73; thus, they were not "overlooked."  Ex. A at 7.  At ¶¶70-73, Plaintiffs allege that Zummo admitted "various discriminatory actions Defendants had taken against Manes," including that the alleged $6300 debt "never existed," and that pages were added to Manes's file.  But Plaintiffs do not allege how this information was previously concealed from them.  Indeed, in TAL 1, Plaintiff included numerous allegations about the alleged $6300 debt, and alleged that he was in communication with Zummo, who acknowledged "selective enforcement" against Plaintiffs.  Ex. B (Indiv. Def. Mot.) at Ex. B (TAL 1 SAC) at ¶¶16-21, ¶28.  Accordingly, the Court was correct in holding that ¶¶70-73 do not adequately allege that information necessary to Plaintiffs' new claims was fraudulently concealed or that Plaintiffs could not have discovered this information upon the exercise of minimal diligence.

The allegations in ¶¶243-258 contain conclusory allegations of "Defendants' Cover-Up and Concealment," and generally allege that the defendants had an unofficial policy of delaying service to Orthodox Jews and that upon leaving office, former Mayor Yagel refused to provide relevant passwords to access electronic information to incoming Mayor Banks.  Plaintiffs do not allege that any of this conduct resulted in the concealment of information necessary to the claims asserted in the TAL 1 or TAL 2 complaints.  *See John Street Leasehold*, 154 F. Supp. 2d at 541 (fraudulent concealment fails where plaintiff does not show how withheld information was material to its claims).  Accordingly, these allegations do not plead fraudulent concealment with the necessary particularity to overcome *res judicata*.

Similarly, Plaintiff asserts that the court overlooked allegations concerning "new evidence" obtained from Zummo, Ulman, and Shea.  This Court did not overlook these allegations in the September 7, 2021 Order.  *See* Ex. A at 7.  But again, Plaintiffs failed to plead that this information

22

would not have been available through reasonable diligence or investigation, or why the information is necessary to their claims.  Notably, in denying the motion to reopen TAL 1, the district court observed that, while Plaintiffs argued that the information from Zummo. Ulman, and Shea constituted "newly discovered evidence," in fact, the allegations revealed that Plaintiffs were receiving information from Shea before filing the TAL 1 SAC, and had also obtained information from Zummo.  Ex. B (Indiv. Def. Mot.) at Ex. H (7/22/2019 Decision) at *19 n.5.  Moreover, "Plaintiffs do not allege that they were unable to speak with Zummo . . . prior to filing their Complaint, or that those individuals were previously unwilling to share information with Plaintiffs."  *Id.*; *see also* Ex. A at 7.  Accordingly, this is not a basis for reconsideration.

### B.  This Court Did Not "Overlook" Allegations of "Separate Claims"

Plaintiffs again vaguely assert, without citation, that the TAL 2 SAC alleged "separate claims" involving a litany of activities including "discriminatory conduct, harassment, denial of services . . ." Pl. Mem. at 15.  Zummo addresses all of Plaintiffs' allegations in detail above in Pt. I.A.  For the reasons stated above, none of the allegations states a plausible "separate claim" that Plaintiff has standing to raise, that was not barred by *res judicata*.

### III. This Court Applied The Correct Burden Of Proof and Standard Of Review In Its Decision on The Motions To Dismiss

Plaintiff argues that this Court applied the wrong burden of proof because it "presumed" that factual matter occurring prior to dismissal of TAL 1 was precluded.  Pl. Opp. at 12.[7]  Contrary to Plaintiffs' assertion, this Court applied the proper burden of proof for an affirmative defense of *res judicata*.  Ex. A at 2-4; *Id.* at 4 (citing proper standards).  The Individual Defendants simply met their burden.  In the underlying motion to dismiss, the Individual Defendants demonstrated

---

[7] Notably, Plaintiffs are silent as to which specific allegations or claims in TAL 2 would not be precluded.

that (1) the dismissal in TAL 1 was a judgment on the merits, (2) the same parties, or their privies, were involved in both cases, and (3) both TAL 1 and TAL 2 were based on a common core of operative facts such that any additional claims could, and should have been raised in TAL 1.  *See* Ex. C (Indiv. Def. Mem.) at 6-9; *id.* at 8-9 (comparing allegations of TAL 1 and TAL 2); Ex. E (Indiv. Def. Reply Mem.) at 1-6.  Plaintiffs simply failed to rebut the movants' showing.  Again, on their motion for reconsideration, Plaintiffs do not rebut Defendants' argument.  They merely assert, in conclusory fashion, that there are "unrelated" allegations, without explaining how those "unrelated" allegations plausibly state a claim for relief.  Defendant Zummo again addresses the TAL 2 allegations above and explains, *inter alia*, why the allegations occurring prior to dismissal in TAL 1 do not state a new claim that is not barred by *res judicata*.  *See supra* I.A.

   This Court also did not fail to draw permissible inferences in Plaintiffs' favor.  Even the case law cited by Plaintiffs' motion to reconsider provides that where a Plaintiff is relying on an exception to *res judicata* it is the plaintiff's burden to adequately plead that exception.  Where a defendant raises the defense of *res judicata* on a motion to dismiss under Rule 12(b)(6):

> A plaintiff seeking to apply the fraud exception to res judicata must "allege with particularity" what the defendant "did to conceal any material information" and why it "was unable to discover" defendant's actions.  If the plaintiff could have uncovered the allegedly concealed evidence "with minimal diligence" or upon reasonable inspection, the fraud exception to claim preclusion will not apply.

*Ningbo Prods. Imp. & Exp. Co. v. Eliau*, 2011 U.S. Dist. LEXIS 125789, * 27 (S.D.N.Y. Oct. 31, 2011) (internal citations omitted), *cited by* Pl. Mem. at 13; *see also Edwards v. Barclays Servs. Corp.*, 2020 U.S. Dist. LEXIS 110745, at *9 (S.D.N.Y. June 23, 2020) (dismissing complaint under Rule 12(b)(6) on *res judicata* grounds where "Plaintiff has both failed to explain what specific fraud Defendant committed on the Court, as well as what new evidence has been discovered to support his fraud claim.").  Accordingly, in assessing whether Plaintiffs adequately

24

pleaded an exception to *res judicata* based on new information, the court was not required to ignore the allegations of Plaintiffs' complaint, or the findings in TAL 1, indicating that Plaintiff had access to Shea, Zummo, and Ulman prior to filing the SAC in TAL 1.  Nor did Plaintiff adequately plead that these individuals denied Plaintiffs access to information necessary to state their claims. For example, even if Defendant Shea did not mention her recordings of past conversations, there is no allegation that Plaintiffs ever asked Shea for information and were refused.  DE #155.  Rather, Plaintiffs allege that Manes had a friendly relationship with Shea and that she provided him with other information that formed the basis of TAL 1.  *See* TAL 1 SAC at ¶¶35; DE #154 at 2.  The Court was not required to presume that Plaintiffs could not have discovered the information sooner or that the information was material, where the allegations made in TAL 1 and TAL 2 show that was not the case.

## Conclusion

For the reasons stated above, Plaintiffs' motion to reconsider should be denied.

Even if this Court were to reconsider its holdings with respect to *res judicata*, that should not change the outcome of the September 7, 2021 Order.  The SAC should remain dismissed in its entirety as to defendant Zummo for all of the reasons stated in the Individual Defendants' underlying motion to dismiss, which demonstrated that all of Plaintiffs' claims failed for independent reasons in addition to *res judicata*.

Dated:     White Plains, New York
           November 19, 2021

                              Respectfully submitted,

                              WILSON, ELSER, MOSKOWITZ,
                              EDELMAN & DICKER LLP
                              *Attorneys for Defendant Louis Zummo*

                              _____
                              Janine A. Mastellone
                              Eliza M. Scheibel
                              1133 Westchester Avenue
                              White Plains, NY  10604
                              (914) 323-7000
                              Our File No.  00295.12564

26