# EXHIBIT A

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TAL PROPERTIES OF POMONA, LLC, et al.,

               Plaintiffs,

-against-

VILLAGE OF POMONA, et al.,

               Defendants.

**MEMORANDUM OPINION AND ORDER**

19-CV-06838 (PMH)

PHILIP M. HALPERN, United States District Judge:

TAL Properties of Pomona, LLC ("TAL") and Avrohom Manes ("Manes," and together with TAL, "Plaintiffs") bring this action against the Village of Pomona ("Pomona"), Brett Yagel ("Yagel"), Doris Ulman ("Ulman"), Louis Zummo ("Zummo"), Noreen Shea ("Shea"), Francis Arsa-Artha ("Arsa-Artha"), Christopher Riley ("Riley"), Joseph Corless ("Corless"), Leon Harris ("Harris"), and Ian Banks ("Banks") (collectively, "Defendants"). Plaintiffs allege that Defendants have engaged in anti-religious discrimination against Pomona's Orthodox Jewish community. Specifically, Plaintiffs allege that Defendants actions interfered with Manes's ability to engage in real estate transactions in Pomona vis-à-vis TAL, resulting in economic and other harm.

**BACKGROUND**[1]

On March 16, 2017, Plaintiffs brought a state court action concerning largely the same subject matter at issue in this action. The previously brought state court action was removed to this Court and docketed as *TAL Properties of Pomona, LLC, et al. v. Village of Pomona, et al.*, No. 17-CV-02928 (S.D.N.Y. 2017) ("Prior Action"). On January 10, 2018, Plaintiffs' second amended

---

[1] Given the parties' extensive litigation history, the Court assumes their familiarity with the underlying facts and procedural history of this action. (*See* Prior Action, Doc. 53 at 1-10; SAC ¶¶ 1-305).

complaint in the Prior Action ("Prior SAC")[2] was dismissed and that case was terminated. (Prior Action, Jan. 10, 2018 Min. Entry; *see also id.*, Docs. 24-25). On November 2, 2018, Plaintiffs moved to reopen the Prior Action under Federal Rule of Civil Procedure 60(b). (*See id.*, Doc. 28). That motion was denied on July 22, 2019. (*Id.*, Doc. 53).

Plaintiffs commenced this action the very next day, July 23, 2019. (Doc. 1). On March 17, 2020, the action was reassigned to me. Plaintiffs filed their Second Amended Complaint ("SAC") on July 27, 2020. (Doc. 99). The SAC asserts nine claims for relief: (1) violations of the Fourteenth Amendment's Equal Protection Clause; (2) violations of the First Amendment's Free Exercise Clause; (3) violations of the Fair Housing Act; (4) violations of the Religious Land Use and Institutionalized Persons Act ("RLUIPA") Section (a)(1); (5) violations of the RLUIPA Section (b)(1); (6) violations of the RLUIPA Section (b)(2); (7) violations of the RLUIPA Section (b)(3)(B); (8) tortious interference; and (9) imposition of unconstitutional conditions in violation of due process, equal protection, and the Takings Clause. (SAC ¶¶ 306-49).

Defendants moved, by three separate motions, to dismiss the SAC under Federal Rule of Civil Procedure 12(b)(6).[3] For the reasons stated herein, Defendants' motions to dismiss are GRANTED.

## STANDARD OF REVIEW

On a Rule 12(b)(6) motion, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a

---

[2] The Prior SAC was filed on September 7, 2017. (Prior Action, Doc. 16).

[3] Yagel, Ulman, Zummo, Arsa-Artha, and Harris ("Individual Defendants") moved to dismiss on December 23, 2020. (Doc. 130; Doc. 130-5, "Ind. Defs. Br."; Doc. 135, "Ind. Defs. Reply"). Pomona, Riley, Corless, and Banks also moved to dismiss on December 23, 2020. (Doc. 131; Doc. 132 "Village Defs. Br."; Doc. 134 ("Village Defs. Reply"). Shea moved to dismiss on February 1, 2021. (Doc. 142; Doc. 143; Doc. 165). Plaintiffs filed their opposition to Defendants' motions on March 9, 2021. (Doc. 154, "Pl. Opp.").

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the ple[d] factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id*. The factual allegations pled "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"When there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Thus, the Court must "take all well-ple[d] factual allegations as true, and all reasonable inferences are drawn and viewed in a light most favorable to the plaintiff[]." *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). The presumption of truth, however, "'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678 (alteration in original)). Therefore, a plaintiff must provide "more than labels and conclusions" to show entitlement to relief. *Twombly*, 550 U.S. at 555.

## **ANALYSIS**

I. <u>Res Judicata</u>

Defendants' primary argument for dismissing the SAC is that Plaintiffs' claims are barred by the doctrine of *res judicata*. (*See* Ind. Defs. Br. at 6-9; Ind. Defs. Reply at 1-6; Village Defs. Br. at 4-5; Village Defs. Reply at 1-3).

3

"Res judicata evokes the common law principles of judicial economy and comity. It provides that a final judgment on the merits bars a subsequent action between the same parties over the same cause of action." *Channer v. Dep't of Homeland Sec.*, 527 F.3d 275, 279 (2d Cir. 2008). "Whether or not the first judgment will have preclusive effect depends in part on whether the same transaction or connected series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first." *N.L.R.B. v. United Techs. Corp.*, 706 F.2d 1254, 1260 (2d Cir. 1983). As the Supreme Court "and other courts have recognized, res judicata . . . relieve[s] parties of the cost and vexation of multiple lawsuits, conserve[s] judicial resources, and, by preventing inconsistent decisions, encourage[s] reliance on adjudication." *Allen v. McCurry*, 449 U.S. 90, 94 (1980).

It is well-settled that "[a] res judicata challenge 'may properly be raised via a motion to dismiss for failure to state a claim under Rule 12(b)(6).'" *Iotova v. Patel*, 293 F. Supp. 3d 484, 487 (S.D.N.Y. 2018) (quoting *Thompson v. Cty. of Franklin*, 15 F.3d 245, 253 (2d Cir. 1994)), *adopted by* No. 17-CV-06594, 2018 WL 3642623 (S.D.N.Y. Aug. 1, 2018); *see also TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 498 (2d Cir. 2014) ("A court may consider a *res judicata* defense on a Rule 12(b)(6) motion to dismiss when the court's inquiry is limited to the plaintiff's complaint, documents attached or incorporated therein, and materials appropriate for judicial notice.").

To prove that the affirmative defense of *res judicata* applies, Defendants "must show that (1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000).

As for the first prong, despite Plaintiffs' protestation,[4] there is no question that Judge Seibel's dismissal of Plaintiffs' Prior SAC was "an adjudication on the merits." *Id*.; *see also Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981) ("The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'"); *Sweater Bee by Banff, Ltd. v. Manhattan Indus., Inc.*, 754 F.2d 457, 462 (2d Cir. 1985) ("[J]udgments under rule 12(b)(6) are on the merits, with *res judicata* effects." (internal quotation marks omitted)).

Further, Plaintiffs in this action are the same as in the Prior Action, thereby satisfying the second prong. (*See* Prior Action, Doc. 1-3).[5]

With the first two prongs satisfied, Defendants' *res judicata* argument hinges on the third prong: whether "the claims asserted in" this action "were, or could have been, raised" in the Prior Action. *Monahan*, 214 F.3d at 285. Defendants argue that all of Plaintiffs' claims in this action arise from "the same allegedly discriminatory transactions as the Prior Action." (Ind. Defs. Br. at 8). Therefore, it is Defendants' position that the allegations contained in the SAC either were or could have been raised in the Prior Action.

---

[4] Plaintiffs argue that Judge Seibel's decision to dismiss the Prior SAC based on conclusory allegations was not an adjudication on the merits for *res judicata* purposes. (Pl. Opp. at 7-9). To that end, Plaintiffs argue that although Judge Seibel rejected their allegations as conclusory, "she did not rule that she would reject such allegations on their merits had they been supported by more specific factual details." (*Id*. at 8). But as Individual Defendants rightly counter, "the 'merit' of a Rule 12(b)(6) motion is the adequacy of the pleadings," and therefore, a court's determination that the pleading's allegations are conclusory is necessarily an adjudication "on the merits." (Ind. Defs. Reply at 1-2). Individual Defendants further argue that Plaintiffs' purported "conclusory allegations" exception for judgments on Rule 12(b)(6) motions is nowhere to be found in this Circuit's case law, and in fact, is flatly contradicted by the Second Circuit's seminal *res judicata* decision in *Teltronics Services, Inc*. The Court agrees, and therefore finds Plaintiffs' argument on this point unpersuasive.

[5] For good measure, the majority of the Defendants named in this action were also named as defendants in the Prior Action. (*See* Prior Action, Doc. 1-3 ¶¶ 2-23 (naming Pomona, Ulman, Yagel, Harris, Banks, Zummo, and Corless as defendants)).

5

Plaintiffs' response is twofold. First, they argue that Defendants' *res judicata* defense does not apply because the Prior SAC "was limited to specific claims involving the 22 High[6] property, whereas the SAC alleges facts and presents causes of action that were not at issue in the earlier lawsuit." (Pl. Opp. at 9). Second, they argue that the Court should reject Defendants' *res judicata* defense because "the SAC alleges facts and presents legal issues that arose after September 7, 2017, the date on which the" Prior SAC was filed. (*Id.* at 10). The Court addresses Plaintiffs' arguments *seriatim*.

With respect to Plaintiffs' first argument, the Court is not persuaded that *res judicata* is inapplicable here simply because Plaintiffs press additional allegations and claims for relief in this action, which they characterize as "unrelated" to those asserted in the Prior Action. *See Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017) ("A party cannot avoid the preclusive effect of res judicata by asserting a new theory or a different remedy." (internal quotation marks omitted)). To be sure, the SAC—drafted by new counsel—is three hundred paragraphs longer and contains five more claims for relief than the Prior SAC. (*Compare* Prior SAC (containing forty-nine paragraphs of allegations and two claims for relief), *with* SAC (containing 349 paragraphs of allegations and nine claims for relief)). But Plaintiffs' attempt to rectify their previous presentation by retaining new counsel and initiating a new action does not dodge the effects of *res judicata*. *See Teltronics Servs., Inc. v. L M Ericsson Telecommunications, Inc.*, 642 F.2d 31, 35 (2d Cir. 1981) (explaining that the Second Circuit "has taken a dim view of a plaintiff's efforts to avoid res judicata effects of a prior judgment of dismissal on the ground that it did not adequately present the case initially").

---

[6] "22 High" refers to Manes's property at 22 High Mountain Road in Pomona, which he purchased in late 2015. (SAC ¶ 57).

6

Indeed, simply because Plaintiffs' previous counsel did not allege facts that were "unrelated" to the 22 High property discussed in the Prior SAC, it remains true that they *could have* done so. (Pl. Opp. at 9). For instance, the SAC relies heavily on recorded conversations that were obtained by Shea in 2016 and 2017. (*See, e.g.*, SAC ¶¶ 9-10, 82, 156, 159, 180-89, 191-94, 201-03). Although these recordings were not made available to Plaintiffs until after Judge Seibel dismissed the Prior SAC, the content of those recordings could have been discovered with some due diligence by Plaintiffs prior to filing that pleading. (*See* Prior Action, Doc. 53 at 14 n.5 ("Plaintiffs had spoken with Shea prior to filing their [Prior SAC].")). As Plaintiffs themselves concede, Shea knew of the existence and content of the recorded conversations before Plaintiffs filed their Prior SAC. (SAC ¶ 39 (alleging that Shea made the Village Hall recordings in 2016 and 2017)). Accordingly, had Plaintiffs pressed Shea to further discuss her knowledge of Defendants' alleged discriminatory actions, Plaintiffs could have learned the content of the recorded conversations and included such information in their Prior SAC. They simply chose not to do so.

Additionally, several of the SAC's "unrelated" allegations are based on alleged admissions made by Zummo and Ulman in 2018 regarding their involvement in past discriminatory conduct. (*See, e.g.*, *id*. ¶¶ 70-73, 172-73, 217-21). Although Zummo and Ulman's admissions post-date the filing of the Prior SAC, that alone does not mean that Plaintiffs could not have included the information revealed by these admissions in the Prior SAC. Indeed, Plaintiffs do not allege that they were unable to speak with Zummo and Ulman before filing the Prior SAC. Had Plaintiffs pursued Zummo and Ulman's admissions sooner, it is conceivable that the information revealed by such admissions "could have been" included therein. *Monahan*, 214 F.3d at 285. As such, Plaintiffs' argument that *res judicata* does not apply to their allegations that are "unrelated" to the 22 High property falls flat.

7

Second, Plaintiffs argue that the Court should reject Defendants' *res judicata* defense because "the SAC alleges facts and presents legal issues that arose after September 7, 2017, the date on which the" Prior SAC was filed. (Pl. Opp. at 10-11 (citing SAC ¶¶ 91-92, 98-99, 102-30, 283-305)). For the most part, this argument also fails, because the vast majority of the allegations that Plaintiffs cited "could have been raised" in the Prior SAC. *Monahan*, 214 F.3d at 284 (quoting *Allen*, 449 U.S. at 94).

For instance, although the state court action referenced in paragraphs 98-99 and 102-07 of the SAC was not brought until March 2017, *see Indig v. Village of Pomona*, No. 18-CV-10204, 2019 WL 2482202, at *1 (S.D.N.Y. June 14, 2019), the facts underlying that action were referenced in the Prior SAC. (*See* Prior SAC ¶ 39). Further, the allegations in paragraphs 91-92, 108-15, and 121-30 of the SAC are undated, and therefore, the Court has no basis to conclude that the conduct alleged in these paragraphs occurred after September 7, 2017. Lastly, the Court agrees that the allegations related to the December 2017 stop work order, (*id.* ¶¶ 116-20), are barred by *res judicata* because, although the alleged conduct occurred after September 7, 2017, Plaintiffs could have raised such conduct in an amended pleading prior to Judge Seibel's dismissal of the Prior SAC on January 10, 2018. (*See* Prior Action, Jan. 10, 2018 Min. Entry; *see also id.*, Docs. 24-25); *cf. Snyder v. Yonkers Pub. Sch. Dist.*, 315 F. Supp. 2d 499, 502 (S.D.N.Y. 2004) (finding that *res judicata* barred plaintiff's Title VII claim brought in second lawsuit because plaintiff received right-to-sue letter before first lawsuit was dismissed, and therefore plaintiff could have amended complaint in first lawsuit to include Title VII claim).

The Court finds, however, that the conduct alleged in paragraphs 283-305 could not have been raised in the Prior SAC, and therefore is not precluded by *res judicata*. Plaintiffs allege in those paragraphs that Banks, after being elected mayor in 2019, engaged in discriminatory conduct

against Manes and others. (*Id*. ¶¶ 283-305). Of note, Banks allegedly threatened Manes and non-party Robert Klein ("Klein") that "Zummo would continue to enforce code and building violations against Orthodox Jewish residents of Pomona unless they dropped their lawsuits against the Village." (*Id*. ¶ 300). Further, Banks allegedly stated that unless Manes and Klein dismissed their discrimination lawsuits against the Pomona, neither of them "would receive permits to develop or continue building projects in Pomona." (*Id*. ¶ 301).

That being said, Plaintiffs' allegations regarding Banks's alleged *quid pro quo* statements still fail to state a claim for relief. Although these statements were allegedly made after Banks was elected mayor, Plaintiffs do not specify precisely when or where Banks made these statements. Nor do Plaintiffs tether these allegations to a specific claim for relief. Defendants, however, do not address these specific allegations in their moving papers. Accordingly, Defendants have not shown that Plaintiffs would not be able state a claim for relief given the benefit of an amended pleading.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motions to dismiss with prejudice with respect to all claims for relief to the extent they are supported by the conduct alleged in paragraphs 1-282. The Court GRANTS Defendants' motions to dismiss without prejudice with respect to all claims for relief to the extent they are supported by the conduct alleged in paragraphs 283-305. Plaintiffs may file a Third Amended Complaint, should they be so advised, within thirty days of the date of this Order to plead claims for relief concerning the allegations set forth in paragraphs 283-305, limited to Banks's role as mayor beginning in 2019. The Third Amended Complaint must not exceed twenty pages and should be limited to viable legal theories generated by this limited fact pattern. Plaintiffs are cautioned—as this will be Plaintiffs' seventh and last chance to plead a proper claim for relief on the new facts alleged in paragraphs 283-305 of the

9

SAC—to adhere strictly to Federal Rule of Civil Procedure 8's requirements and to limit the presentation required thereby. Failure to comply strictly with this Court's directions for a limited amendment to address the issues identified herein will result in a dismissal of this action with prejudice. *See Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012) ("District courts in this Circuit have routinely dismissed claims in amended complaints where the court granted leave to amend for a limited purpose and the plaintiff filed an amended complaint exceeding the scope of the permission granted."); *see also Makhnevich v. MTGLQ Invs., L.P.*, No. 19-CV-00072, 2021 WL 3406484, at *11 (S.D.N.Y. Aug. 4, 2021) (granting plaintiff leave to amend complaint "for the limited purpose of adding . . . specific allegation").

The Clerk of the Court is respectfully directed to terminate the motion sequences pending at Doc. 130, Doc. 131, and Doc. 142.

**SO ORDERED:**

Dated: White Plains, New York
       September 7, 2021

_____
Philip M. Halpern
United States District Judge