# EXHIBIT C

EXHIBIT G

1

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ----------------------------------x

3   TAL PROPERTIES of POMONA LLC,

4               Plaintiff,

5           -against-                    17 Civ. 2928(CS)

6   VILLAGE of POMONA, et al.,

7               Defendants.

8   ----------------------------------x

9
                              United States Courthouse
10                            White Plains, New York

11                            January 10, 2018

12
    B e f o r e:
13
                    HON. CATHY SEIBEL,
14                            District Court Judge

15  A P P E A R A N C E S:

16  SUSSMAN & WATKINS
            Attorney  for Plaintiff
17          1 Railroad Avenue 3
            Goshen, New York 10924
18  BY:  MICHAEL H. SUSSMAN (By phone)

19
    WILSON ELSER MOSKOWITZ EDELMAN & DICKER
20          Attorneys for Defendants
            1133 Westchester Avenue
21          White Plains, New York 10604
    BY:  JANINE A. MASTELLONE
22

23

24

25

              Angela O'Donnell, RPR, 914-390-4025

 1                        P R O C E E D I N G S

 2              THE COURT:  Hi, Mr. Sussman.

 3              MR. SUSSMAN:  Yes, your Honor.

 4              THE COURT:  You sure you want to do this,

 5    Mr. Sussman?  You can always order the transcript.

 6              MR. SUSSMAN:  I haven't heard anything.  I'll stay on

 7    the line.  Thank you.  Has anybody spoken?  I haven't heard

 8    anything.

 9              THE COURT:  Nobody said anything.  I understand

10    you're dealing with a personal matter, if you would --

11              MR. SUSSMAN:  I'm sorry I'm not there.  Thank you.

12              THE COURT:  I'm giving you an out if you --

13              MR. SUSSMAN:  I understand.  I appreciate it.

14              THE COURT:  All right.

15              MR. SUSSMAN:  I'm okay just sitting here talking.

16              THE COURT:  And Ms. Mastellone, you can have a seat.

17              MS. MASTELLONE:  Thank you, your Honor.

18              THE COURT:  Any last words anybody wants to add

19    beyond what's in the motion papers?

20              MS. MASTELLONE:  No.  Thank you, your Honor.

21              THE COURT:  All right, so I'm just going to read my

22    decision.

23              It's a motion the dismiss the second amended

24    complaint or SAC.  I accept as true the facts, although not the

25    conclusions in the SAC.  Plaintiff is TAL Properties of Pamona,

                    Angela O'Donnell, RPR, 914-390-4025

1    which is an LLC that conducts business in Rockland County.  The
2    sole owner of TAL is Avrohom Manes, who's an Orthodox Jew
3    residing in Rockland County.  He's not named in the caption as
4    a plaintiff, but he is named in the body.  So I am assuming it
5    is intended he is a plaintiff.

6        The defendant, Village of Pomona, is in Rockland
7    County.  The defendant, Brent Yagel is the mayor of the Village
8    and the defendant Doris Ulman is the Village attorney.  The
9    caption doesn't name her as a defendant, but the body does, so
10   I assume she's meant to be a defendant.

11       Plaintiffs sue both Yagel and Ulman in both their
12   official and individual capacities.  Plaintiffs allege that
13   both individual defendants knew that Manes was Jewish.

14       In December 2015, plaintiffs bought a residential
15   home, which I'm going to call the property, at 22 High Mountain
16   Road in the Village.  In January 2016, they made repairs to the
17   property.  The same month the Village building inspector, Louis
18   Zummo, inspected the property and advised plaintiffs that the
19   work had been completed in accordance with the applicable codes
20   and regs and that a C of O should be issued, a certificate of
21   occupancy should be issued.  Despite plaintiffs qualifying for
22   the issuance of a C of O, Yagel and Ulman are alleged to have
23   directed Zummo not to issue the certificate.  They are alleged
24   to have acted in contravention of the Village Construction
25   Code, Chapter 47-10, which, according to plaintiffs, requires

Angela O'Donnell, RPR, 914-390-4025

FILED: ROCKLAND COUNTY CLERK 10/18/2018 02:05 PM   INDEX NO. 031216/2017
NYSCEF DOC. NO. 104   Case 7:19-cv-06838-PMH   Document 181-2   Filed 12/23/20   Page 6 of 22
RECEIVED NYSCEF: 10/18/2018

4

 1    the issuance of the CO because the property complied with the
 2    applicable code requirements.

 3            In seeking to justify the Village's refusal to issue
 4    the CO, Yagel, acting through Ulman, claimed that a previous
 5    owner of the property owed the Village $6,379.34 and demanded
 6    that plaintiffs pay this debt in exchange for the CO.  At no
 7    time did defendants claim the plaintiffs incurred the debt or
 8    have any basis for such a claim.  Plaintiffs allege that
 9    refusing to grant the CO on that basis is not based in law,
10    does not represent the Village's general practice and is
11    without precedent.  Yagel and Ulman allegedly failed to take
12    any action to collect the sum of 6300 and change from the
13    previous owner, who is not Jewish, and that they allegedly
14    permitted the previous owner's developer bond to lapse without
15    collection even though the developer failed to develop and
16    complete roads secured by the bond.

17            During the time plaintiffs sought to sell the home,
18    defendants are alleged to have repeatedly used unspecified
19    false explanations for delays in the issuance of the CO, thus
20    preventing plaintiffs from alienating their property.
21    Plaintiffs attempted to grade slopes on the property to create
22    usable backyard space and to enhance the property's value.  The
23    Village engineer worked with plaintiff's engineer to develop a
24    plan to address the slopes and initially approved the plan.
25    But after being pressured by Yagel and Ulman, the Village

1  engineer retracted his approval, disavowed the plan and imposed
2  costly conditions on plaintiffs.

3          Zummo then advised the engineer, although the SAC
4  does not say whether that refers to the Village engineer or
5  plaintiff's engineer, that he would longer participate in this
6  allegedly selective enforcement against plaintiffs.  Zummo and
7  the Village clerk have both told Manes that Yagel and Ulman
8  advised them to give Manes a hard time with anything he needed.
9  The conditions imposed, which owners of "similarly sloped"
10 properties allegedly did not have to satisfy, required
11 plaintiffs to post a bond to insure that plaintiffs did not
12 damage their neighbor's property, which plaintiffs claim was
13 highly unusual; show that the original surveyor whose work
14 product plaintiffs used in their submission authorized
15 plaintiff to use his work, which, according to plaintiffs, was
16 highly unusual, as land surveys are typically relied upon
17 without such authorization; and test the compressed fill they
18 used for grading in a manner inconsistent with requirements
19 imposed on others using such fill for similar projects.

20         Although plaintiffs agreed to comply with these
21 requirements, the Village still rejected plaintiff's
22 application and did not issue a permit for the grading work.

23         In the fall of 2016, plaintiffs entered into a
24 contract to sell the property.  By this point, the Village had
25 dropped any claim that plaintiffs owed the debt incurred by the

FILED: ROCKLAND COUNTY CLERK 10/18/2018 02:05 PM        INDEX NO. 031216/2017
NYSCEF DOC. NO. 104        Case 7:19-cv-06838-PMH   Document 181-3   Filed 12/23/20   Page 8 of 22   RECEIVED NYSCEF: 10/18/2018

6

1    previous owner and the Village had issued a CO.  Following the
2    sale of the property, the Village threatened to withdraw the CO
3    if plaintiffs failed to sign an agreement acknowledging, among
4    other things, that the road accessing the property was not a
5    Village road and that its maintenance was the sole
6    responsibility of the property's owner.  Plaintiffs allege this
7    requirement was contrary to Village practice, not authorized by
8    the Village code and another *ultra vires* action taken by the
9    Village dictated by Yagel and Ulman to impede and complicate
10   plaintiff's alienation of the property.

11           Plaintiffs allege that the delays in issuing the
12   required CO and the discriminatory imposition of grading
13   requirements cost plaintiff to incur a substantial decline in
14   the sales price of the property and prevented plaintiffs from
15   using the proceeds from a sale for other profitable business
16   opportunities.

17           TAL filed this lawsuit in state Court on March 16,
18   2017 and defendants removed it to federal court on April 21,
19   2017.  Defendant sent a letter requesting a premotion
20   conference on May 12 and plaintiffs responded by filing the
21   first amended complaint on July 5th.  The first amended
22   complaint added Manes as a plaintiff and removed many
23   defendants.  Defendants then asked for a premotion conference
24   again on July 26.  Plaintiff responded by letter on July 31,
25   and we had a conference on August 25.  Plaintiffs then filed

Angela O'Donnell, RPR, 914-390-4025

FILED: ROCKLAND COUNTY CLERK 10/18/2018 02:05 PM    INDEX NO. 031216/2017
NYSCEF DOC. NO. 104    Case 7:19-cv-06838-PMH    Document 181-3    Filed 12/23/20    Page 9 of 22    RECEIVED NYSCEF: 10/18/2018

7

1    the SAC on September 7, it contains two claims, both under

2    Section 1983, one for violation of the Equal Protection Clause

3    of the Fourteenth Amendment based on the theory that defendants

4    engaged in selective enforcement against plaintiffs based on

5    Manes' religion; and, second, a claim that by intentionally

6    imposing harsher conditions on plaintiffs than on non-Jewish

7    developers, defendants burdened the free exercise of Manes's

8    religion. Defendants moved to dismiss on October 16.

9        On a Rule 12(b) motion, the familiar standards of

10   *Iqbal* and *Twombly* apply. Defendants raise four grounds for

11   dismissal: One that plaintiffs lack standing to demand

12   damages; two, that they failed to sufficiently plead the

13   elements of both constitutional violations; three, that the

14   individual defendants are entitled to qualified immunity, and,

15   four, that plaintiffs failed to sufficiently plead *Monell*

16   liability.

17       The first argument is that plaintiffs lack standing

18   to sue at least insofar as they allege claims arising from the

19   Village's unsuccessful attempt to collect the debt incurred by

20   the previous property owner. If the claim in this case were

21   that the Village's collection attempt violated state law or a

22   federal statute, defendants might be right that plaintiffs had

23   suffered no concrete injury. But plaintiffs are not alleging

24   concrete injury from having had to make a wrongful payment.

25   Plaintiffs are alleging that they suffered concrete injury,

Angela O'Donnell, RPR, 914-390-4025

Case 7:19-cv-00333-PMH Document 153-2 Filed 11/23/20 Page 90 of 212

 1   that is, lost money, from being subjected to unfair impediments

 2   in connection with their CO on the basis of plaintiff, Manes's,

 3   religion and that the claim that plaintiffs owed the prior

 4   owner's debt was a pretext for that discrimination.  If they

 5   could so prove, the violation of their equal protection rights

 6   would be a sufficient injury.  Likewise, contrary to

 7   defendants' argument, plaintiffs are not claiming injury from

 8   an otherwise proper land use approval process that just took

 9   too long as one would in a due process or takings case.

10   Plaintiffs are alleging discrimination based on religion, so

11   the loss of money and emotional stress they allege suffice to

12   demonstrate standing.

13         I will now address each alleged constitutional

14   violation in turn.

15         First, the selective enforcement claim.  A plaintiff

16   can bring a 1983 claim under the Equal Protection Clause which,

17   among other things, bars the government from selective adverse

18   treatment of individuals compared with other similarly situated

19   individuals if such selective treatment was based on

20   impermissible considerations such as race, religion, intent to

21   inhibit or punish the exercise of constitutional rights or

22   malicious or bad faith intent to injure a person.  *Bizzarro*

23   *versus Miranda*, 394 F.3D 82, 86.  To properly state a claim for

24   selective enforcement, plaintiff has to show, not surprisingly,

25   that, one, the person compared with others similarly situated

                Angela O'Donnell, RPR, 914-390-4025

FILED: ROCKLAND COUNTY CLERK 10/18/2018 02:05 PM INDEX NO. 031216/2017
NYSCEF DOC. NO. 104   Case 7:19-cv-06838-PMH   Document 183-2   Filed 12/23/20   Page 10 of 22   RECEIVED NYSCEF: 10/18/2018

9

1   was selectively treated; and, two, that the selective treatment

2   was based on impermissible consideration such as religion.

3   *LeClair versus Saunders*, 627 F.2d 606, 609-10; *accord Zahra*

4   *Town of Southold*, 48 F.3d 674, 683.  To satisfy the first prong

5   plaintiffs must, at a minimum, plausibly allege comparators

6   that are similarly situated in all material respects.  *Sharp*

7   *versus City of New York*, 2013 WL 2356063 at *4 (E.D.N.Y.,

8   May 29, 2013) *aff'd* 560 F.App'x 78.  Exact correlations are not

9   required, but at least a rough similarity is.  *Mosdos Chofetz*

10  *Chaim Inc. versus Wesley Hills*, 815 F.Supp. 2d 679, 698

11  (S.D.N.Y., 2011), where the Court said that, at the motion to

12  dismiss stage, the court must still determine whether, based on

13  the plaintiff's allegations in the complaint, it is plausible

14  that a jury could ultimately determine that the comparators are

15  similarly situated.  Conclusory allegations of selective

16  treatment are insufficient to state an equal protection claim.

17  *Bishop versus Best Buy* 2010 WL 4159566 at *11 (S.D.N.Y.,

18  October 13, 2010), *on reconsideration* 2011 WL 4011449,

19  (September 8, 2011), *aff'd* 518 F.App'x 55.  *See Segreto versus*

20  *Town of Islip*, 2014 WL 737531 at *7 (Eastern District of New

21  York, February 24, 2014) where the court dismissed an equal

22  protection claim where plaintiffs merely alleged that others

23  were allowed to get permits but it was unclear whether those

24  properties had any circumstances similar to plaintiff.  To

25  satisfy the second prong, plaintiff can offer both direct and

FILED: ROCKLAND COUNTY CLERK 10/18/2018 02:05 PM INDEX NO. 031216/2017
NYSCEF DOC. NO. 104   Case 7:19-cv-06838-PMH   Document 183-2   Filed 12/23/20   Page 12 of 22   RECEIVED NYSCEF: 10/18/2018

10

1   circumstantial evidence of discriminatory intent.  *Chabad*
2   *Lubavitch of Litchfield County versus Litchfield Historic*
3   *District*, 768 F.3d 183, 199, but must offer more than
4   conclusory allegations of disparate treatment and personal
5   opinions that such treatment was motivated by discriminatory
6   intent.  *Morales versus New York* F.Supp. 3d 256, 275 (S.D.N.Y.,
7   2014).

8            Plaintiffs appear to have alleged three incidents of
9   selective treatment:  One, defendants' delay in issuing a CO,
10  including defendants' request that plaintiffs pay the debt on
11  the property incurred by the previous owner; two, defendants'
12  requirement that plaintiffs fulfill certain conditions before
13  receiving a grading permit for their property; and, three,
14  defendants' request the plaintiff sign an agreement in exchange
15  for maintaining the certificate of occupancy.  Other property
16  owners on High Mountain Road are similarly situated and were
17  not subject to similar treatment.

18           Plaintiff's allegations regarding similarly situated
19  persons are conclusory.  Although the SAC details plaintiff's
20  travails in obtaining a certificate of occupancy and a grading
21  permit, it does not provide specific examples of similarly
22  situated persons applying for a CO or a grading permit, much
23  less examples of similarly situated persons receiving
24  preferential treatment.  *See Amid versus Village of Old*
25  *Brookville*, 2013 WL 52772 at *6 (E.D.N.Y., February 7, 2016),

Angela O'Donnell, RPR, 914-390-4025

1    where the Court said, "Where a plaintiff claims to have been
2    treated unfairly in a zoning/building context, he must plead
3    specific examples of applications and hearings that were
4    similar to plaintiff's application and demonstrative of the
5    disparate treatment."

6            Although the similarly situated standard for
7    selective enforcement claim is less stringent than the one for
8    a class of one claim, *see, e.g., New Page at 63 Main versus*
9    *Incorporated Village of Sag Harbor*, 2016 WL 8653493 at *20-21
10   (E.D.N.Y., March 19, 2016); *Mosdos*, 815 F.Supp. 2d at 695-96,
11   plaintiffs must still provide more than conclusory allegations
12   and speculation that they were treated less favorably.
13   *Rodrigues versus Incorporated Village of Mineola*, 2017 WL
14   2616937 at *6 (E.D.N.Y., June 16, 2017) is an example of a
15   court holding the plaintiffs adequately alleged that a
16   similarly situated comparator was treated differently than
17   plaintiffs.  In that case, plaintiffs listed six neighboring
18   businesses that engaged in the same activities as plaintiffs
19   that is operating outdoor facilities on their property, but
20   unlike plaintiffs, the other businesses operated outdoor
21   facilities without frequent visits from Village inspectors and
22   some operated without permits.  The plaintiffs also allege that
23   the Village issued plaintiffs a summons for allowing the
24   accumulation of filth, dirt, concrete dust and stones on a
25   public place, but the Village did not issue a summons to a

1    neighboring business even though that same business had spilled
2    concrete onto public streets.   That's *Rodrigues* at *6.

3         In another case, in contrast, *Joglo Realties Inc.*
4    *versus Seggos*, 229 F.Supp. 3d 146, 157 (E.D.N.Y., 2017), the
5    court dismissed plaintiff's selective enforcement claim where
6    plaintiffs allege their neighbors had violated the same
7    environmental regulations plaintiffs were accused of violating,
8    because the plaintiffs "failed to provide the Court with
9    factual details that would allow the Court to infer that their
10   neighbors have violated the relevant laws and regulations to
11   such an extent that the violations could be fairly be compared
12   with plaintiff's alleged infractions."

13        Plaintiff's allegations in this case are not nearly
14   as detailed as the allegations in *Rodrigues* or even *Joglo*.  As
15   to the previous owner, plaintiffs do not allege that the
16   previous owner ever applied for a certificate of occupancy.  As
17   to the other property owners on High Mountain Road, even if the
18   conclusory allegations that their properties were, "similarly
19   sloped," were sufficient, which it's not, plaintiffs do not
20   allege that these property owners ever applied for grading
21   permits or that they received grading permits with preferential
22   conditions as compared to those imposed on plaintiffs.
23   Likewise while plaintiffs allege that it was not Village
24   practice to require an agreement that plaintiffs access road
25   was not a Village road, they do not allege -- first they don't

FILED: ROCKLAND COUNTY CLERK 10/18/2018 02:05 PM    INDEX NO. 031216/2017
NYSCEF DOC. NO. 104    Case 7:19-cv-06838-PMH    Document 183-3    Filed 12/23/20    Page 15 of 22    RECEIVED NYSCEF: 10/18/2018

13

```
 1    allege that they were not properly responsible for that road,
 2    but moreover they don't allege that any other property owner
 3    had a similar access road or that responsibility for another
 4    access road was ever in dispute.  Plaintiffs provide no facts
 5    about the comparator's properties or activities from which the
 6    court could infer they were, in fact, similarly situated but
 7    treated better in their interactions with defendants.  See New
 8    Page at *21, where the court dismissed an equal protection
 9    claim under either selective prosecution or class-of-one
10    theories where the plaintiff neither identified a similarly
11    situated restaurant nor offered any non-conclusory allegations
12    suggesting all the neighboring in all material respects.
13    Segreto at *7, where vague allegations regarding the neighbors
14    were insufficient given that there were no allegations that the
15    neighbors had received permits that were denied to plaintiff
16    and it was unclear whether the properties were similar.
17    Parkash versus Town of Southeast, 2011 WL 5142669 *8 (S.D.N.Y.,
18    September 30, 2011) where the conclusory reference to
19    unspecified similarly situated persons without accompanying
20    examples was insufficient to state a selective enforcement
21    claim, aff'd 468 F.App'x 80; and cf. Whittle versus County of
22    Sullivan, 2017 WL 5197154 at *7-8, one of my cases from
23    November 8th of last year, where allegations of the similarly
24    situated comparator were inadequate in an employment
25    discrimination case where the plaintiff failed to provide facts
```

Angela O'Donnell, RPR, 914-390-4025

FILED: ROCKLAND COUNTY CLERK 10/18/2018 02:05 PM    INDEX NO. 031216/2017
NYSCEF DOC. NO. 104    Case 7:19-cv-06838-PMH    Document 183-2    Filed 12/23/20    Page 16 of 22    RECEIVED NYSCEF: 10/18/2018

14

1    as to which colleagues submitted similar acts but were not

2    fired, what those acts were, to whom those employees reported,

3    what their responsibilities were and how their disciplinary

4    histories compared to plaintiffs.  By merely saying the

5    comparators are similar without facts rendering that conclusion

6    plausible, plaintiffs here have alleged but have not shown

7    entitlement to relief.  *See Iqbal* 566 U.S. 679.  Accordingly

8    they failed to plausibly allege the first prong of the

9    selective enforcement claim.

10           They've also failed to plausibly allege the second

11   prong; namely, that the defendants' actions were motivated by

12   religious-based animus.  The allegations in that regard are

13   conclusory, e.g., paragraph 20 says, "Indeed, out of animus for

14   plaintiffs based on the religion of plaintiff's principal..."

15   Paragraph 43 says, "The religiously motivated discrimination to

16   which defendant subjected plaintiff..."  But there are no facts

17   supporting these conclusions.  They are nothing more than a

18   personal opinion that defendants' conduct was motivated by

19   intent to discriminate on the basis of religion, which is not

20   enough to carry a selective enforcement claim past the motion

21   to dismiss claim.  *See Morales*, 22 F.Supp. 3d at 275.

22   Plaintiffs must do more than allege that defendants knew Manes

23   was Jewish and that something bad happened to plaintiffs.

24   Plaintiffs do not allege that the defendants made comments to

25   or about Manes suggesting discriminatory animus.  Plaintiffs

FILED: ROCKLAND COUNTY CLERK 10/18/2018 02:05 PM                INDEX NO. 031216/2017
NYSCEF DOC. NO. 104  Case 7:19-cv-06838-PMH  Document 183-2  Filed 12/23/20  Page 17 of 22  RECEIVED NYSCEF: 10/18/2018

15

1  fail to even allege circumstantial evidence of discriminatory

2  intent, such as allegations suggesting history of religious

3  discrimination or, as discussed above, facts suggesting that

4  defendants favored similarly situated non-Jewish people, *cf.*

5  *Hamzik versus Office for People with Developmental*

6  *Disabilities*, 859 F.Supp. 2d 265, 279 (Northern District,

7  2012).  Plaintiffs have therefore failed to state a plausible

8  selective enforcement claim.

9       Turning now to the free exercise claim.  The SAC

10  alleges that the defendants' burdened the free exercise of

11  religion in violation of the First Amendment which is

12  applicable to the states through the Fourteenth Amendment.

13  *Central Rabbinical Congress versus New York City* 763 F.3d 183,

14  193.  The protections of the free exercise clause pertain if

15  the law at issue discriminates against some or all religious

16  beliefs or regulates or prohibits conduct because it is

17  undertaken for religious reasons.  *Church of the Lukumi Babalu*

18  *Aye versus City of Hialeah*, 508 U.S. 520, 532.  The government

19  may, however, enact generally applicable laws that happen to

20  burden religious practice.  *Newdow versus Peterson*, 753 F.3d

21  105, 108.  A law that is neutral and of general applicability

22  need not be justified by a compelling governmental interest

23  even if it has the incidental effect of burdening a particular

24  religious practice.  *Lukumi* 508 U.S. at 531.

25       Defendants argue that the First Amendment claim rises

Angela O'Donnell, RPR, 914-390-4025

FILED: ROCKLAND COUNTY CLERK 10/18/2018 02:05 PM    INDEX NO. 031216/2017
NYSCEF DOC. NO. 104    Case 7:19-cv-06838-PMH   Document 183-3   Filed 12/23/20   Page 18 of 22   RECEIVED NYSCEF: 10/18/2018

16

1   or falls with the equal protection claim, and plaintiffs do not
2   dispute or even address this argument.  I agree with the
3   parties that on the facts here the claims do rise and fall
4   together, because both depend on plaintiffs having plausibly
5   alleged religious-based animus, which they failed to do.
6   Plaintiffs have not alleged that the conditions and
7   requirements imposed by defendants are not neutral or of
8   general applicability or that they are designed to interfere
9   with religious observation.  Plaintiffs have merely set forth
10  the conclusory allegations of religious-based animus that I
11  discussed earlier and the conclusory assertion that the
12  defendants burdened the free exercise of Manes's religion.  See
13  paragraph 49.  Plaintiffs failed to allege that the conditions
14  and requirements imposed by defendants substantially burden
15  religious freedom or interfere with religious observation.  See
16  *Skoros versus City of New York*, 437 F.3d 1, 39, where the court
17  said, absent a showing that the purpose of the challenged
18  action was to impugn religious beliefs or restrict religious
19  practices, free exercise claim will only be sustained if the
20  government has placed a substantial burden on the observation
21  of a central religious belief without a compelling governmental
22  interest justifying the burden.  A substantial interest exists
23  where the state puts substantial pressure on an adherent to
24  modify his behavior and violate his beliefs.  *Newdow* 753 F.3d
25  at 109; *see Jolly versus Coughlin*, 468, 476-77.  Plaintiffs

FILED: ROCKLAND COUNTY CLERK 10/18/2018 02:05 PM    INDEX NO. 031216/2017
NYSCEF DOC. NO. 104    Case 7:19-cv-06838-PMH    Document 183-3    Filed 12/23/20    Page 19 of 22    RECEIVED NYSCEF: 10/18/2018

17

1    make no attempt aside from the conclusory allegations mentioned

2    earlier to allege a substantial burden on religious freedom.

3    Even their sole conclusory allegation in paragraph 49 alleges

4    only a burden, not a substantial one, and there are no facts

5    rendering that conclusion plausible.

6         Accordingly, plaintiffs have failed to state a

7    plausible free exercise claim.

8         In light of my disposition, I do not need to address

9    of the qualified immunity or *Monell*.

10        In this case, taking the allegations of the SAC as

11   true, as I must, plaintiffs have done a fine job of showing

12   that the defendants indeed gave plaintiffs a hard time as

13   alleged in paragraph 35 and treated them unfairly in ways for

14   which they might have been entitled to address in an

15   appropriate state court, but they have not alleged facts

16   suggesting that they were treated unfairly because Manes was

17   Jewish.  They are fallen victim to the fallacy that, because

18   they belong to a protected class, it is plausible that anything

19   negative that happens to them is because of their membership in

20   that class.  *See Grillo versus New York City Transit Authority*,

21   291 F.3d 231, 235, where the circuit said that, even if

22   plaintiff's highly dubious claim that he was unfairly singled

23   out for punishment by the instructors is credited, plaintiff

24   has done little more than cite to his alleged mistreatment and

25   asked the Court to conclude that it must have been related to

Angela O'Donnell, RPR, 914-390-4025

FILED: ROCKLAND COUNTY CLERK 10/18/2018 02:05 PM          INDEX NO. 031216/2017
NYSCEF DOC. NO. 104    Case 7:19-cv-06838-PMH   Document 181-2   Filed 12/23/20   Page 20 of 22
                                                              RECEIVED NYSCEF: 10/18/2018

18

1    his race; and *Varughese versus Mount Sinai*, 2015 WL 1499618 at

2    *42 (S.D.N.Y., March 27, 2015), where the Court said it was a

3    fallacy for the plaintiff to say, I belong to a protected

4    class, something bad happened to me at work, therefore it must

5    have occurred because I belong to a protected class.  Those

6    cases are equally applicable here.  That reasoning is not

7    sufficient.  While it's conceivable that plaintiff's treatment

8    here was based on religion, plaintiffs have not provided

9    sufficient facts to nudge that conclusion over the line from

10   the conceivable to the plausible.  *See Iqbal* at 680.

11   Plaintiffs must provide specifics showing a plausible

12   constitutional violation in order to overcome the otherwise

13   proper reluctance of federal courts to get involved in local

14   land use disputes, *cf. Filipowski versus Village of Greenwood

15   Lake*, 2013 WL 3357174 at *9 (S.D.N.Y., July 3, 2013).

16           I in no way intend to condone the imposition of

17   unfair roadblocks in connection with land use, but such

18   roadblocks are not necessarily redressable in federal court as

19   civil rights violations.  Just saying that there are other

20   properties that are similar in some respect does not suffice to

21   plausibly allege that those properties are roughly equivalent

22   or similar in all material respects.  If a plaintiff cannot be

23   bothered to provide facts as opposed to conclusions regarding

24   other purportedly similarly situated properties and how their

25   owners were treated by the defendants, or if a plaintiff cannot

Angela O'Donnell, RPR, 914-390-4025

FILED: ROCKLAND COUNTY CLERK 10/18/2018 02:05 PM INDEX NO. 031216/2017
NYSCEF DOC. NO. 104 Case 7:19-cv-06838-PMH Document 183-2 Filed 12/23/20 Page 20 of 22 RECEIVED NYSCEF: 10/18/2018

19

1    do so because no such facts exist, that plaintiff will have to
2    confine itself to the ordinary state law remedies available to
3    aggrieved property owners rather than a federal civil rights
4    remedy.

5            Finally, as to leave to amend, it should be given
6    freely when justice so requires.  It's within the sound
7    discretion of the Court to grant or deny leave to amend, and
8    though liberally granted, it may properly be denied for undue
9    delay, bad faith or dilatory motive, repeated failure to cure
10   deficiencies by amendments previously allowed, undue prejudice
11   or futility.  *See McCarthy versus Dunne and Bradstreet*, 482
12   F.3d 184, 200; *Ruotolo versus City of New York*, 514 F.3d 184,
13   191.

14           Here plaintiffs have already amended twice after
15   having the benefit of two premotion letters from defendants
16   outlining their proposed ground for dismissal and my
17   observations during the August 25, 2017 conference which
18   focused on the complaint being strong on allegations of
19   unfairness but weak on that unfairness being religiously based.
20   Plaintiff's failure the fix deficiencies in the previous
21   pleadings after being provided notice of them is alone
22   sufficient ground to deny leave to amend *sua sponte*.  *See In Re*
23   *Eaton Vance* 380 F.Supp. 2d 222, 242 (S.D.N.Y., 2005) *aff'd* 481
24   F.3d 110, 118 and *Payne versus Malemathew*, 2011 WL 3043920 at
25   *5 (S.D.N.Y., July 22, 2011).

                    Angela O'Donnell, RPR, 914-390-4025

**FILED: ROCKLAND COUNTY CLERK 10/18/2018 02:05 PM** INDEX NO. 031216/2017
NYSCEF DOC. NO. 104 Case 7:19-cv-06838-PMH Document 183-2 Filed 12/23/20 Page 22 of 22 RECEIVED NYSCEF: 10/18/2018

20

 1              Further, plaintiffs have not asked to amend again or

 2    otherwise suggested that they are in possession of facts that

 3    would cure the deficiencies identified in this opinion.

 4              Accordingly, I decline to grant leave to amend *sua*

 5    *sponte*. *See TechnoMarine versus Giftports*, 758 F.3d 493, 505;

 6    *Gallop versus Cheney*, 642 F.3d 364, 369; *see also Loreley*

 7    *Financial versus Wells Fargo*, 797 F.3d 160, 190.

 8              So, for the reasons just discussed, the motion to

 9    dismiss is granted.

10              The clerk of the court is to terminate motion number

11    17 and close the case.

12              Sorry to drop bad news on you, Mr. Sussman, while

13    you're in a bad place, but I think that takes care of our

14    business here. I'll do a brief order of the saying that, for

15    the reasons set forth on the record today, the motion is

16    granted.

17              All right, thank you both.

18              MS. MASTELLONE: Thank you, your Honor.

19              THE COURT: Best of luck, Mr. Sussman.

20              (Proceedings concluded)

21

22

23

24

25

                 Angela O'Donnell, RPR, 914-390-4025