UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

TAL PROPERTIES OF POMONA, LLC
AND AVROHOM MANES,

                             Plaintiffs,

    - against -

THE VILLAGE OF POMONA, BRETT YAGEL, individually
and in his official capacity as Mayor of the Village of Pomona,
DORIS ULMAN, individually and in her official capacity as
Attorney for the Village of Pomona, LOUIS ZUMMO,
individually and in his official capacity as Building Inspector for
the Village of Pomona, NOREEN SHEA, individually and in her
official capacity as Deputy Village Clerk for the Village of Pomona
FRANCIS ARSA-ARTHA, individually and her in official capacity
as Clerk and Treasurer for the Village of Pomona, CHRISTOPHER
RILEY, individually and in his official capacity as Special
Prosecutor for the Village of Pomona, JOSEPH CORLESS,
individually and in his official capacity as Engineer for the
Village of Pomona, LEON HARRIS, individually
and in his official capacity as Deputy Mayor of the Village of
Pomona, IAN BANKS, individually and in his official capacities
as Trustee, and current Mayor for the Village of Pomona, and
JOHN DOES and JANE DOES,

                             Defendants.

-------------------------------------------------------------------------X

7:19-CV-06838
(PMH)

## DEFENDANT BANKS MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO RECONSIDER

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................... i, ii

PRELIMINARY STATEMENT ............................................................................................1

PROCEDURAL HISTORY....................................................................................................1

ARGUMENT

    I.   LEGAL STANDARD .................................................................................................3

    II.  PLAINTIFFS' UNRELATED CLAIMS ARGUMENT FAILS....................................4

    III. PLAINTIFFS' CLAIMS AGAINST BANKS FAIL IN ANY EVENT ..........................7

    IV. PLAINTIFFS' PRIVITY ARGUMENTS FAIL..............................................................8

    V.  PLAINTIFFS' REMAINING ARGUMENTS FAIL .......................................................9

    CONCLUSION.............................................................................................................9

**TABLE OF AUTHORITIES**

**Cases**

Burke v Bimbo Bakeries USA, Inc.,
    2020 WL 5518469 (S.D.N.Y.)....................................................................................3

Cayuga Nation v Tanner,
    6 F. 4th 361 (2nd Cir. 2021) ..............................................................................5, 6

Computer Associates International, Inc. v Altai, Inc.,
    126 F 3d. 365 (2nd Cir. 1997) ................................................................................6

EDP Med. Computer Sys., Inc. v. United States,
    480 F.3d 621 (2d Cir. 2007)...................................................................................5

Green Materials of Westchester, Inc. v Town of Cortlandt,
    2015 WL 9302838 (S.D.N.Y. 2015).......................................................................8

Hirschfeld v. Spanakos,
    871 F. Supp. 190 (S.D.N.Y. 1994)........................................................................8

Interoceanica Port v Sound Pilots, Inc.
    107 F. 3d 86.............................................................................................................6

Lucky Brand Dungarees v. Marcel Fashions Grp.,
    140 S. Ct. 1589, 1595, 206 L.Ed.2d 893 (2020) .........................................6

Mittelman v. Cnty. of Rockland,
    2013 WL 1248623 (S.D.N.Y. Mar. 26, 2013)............................................7

Monahan v. New York City Dep't of Corr.,
    214 F.3d 275 (2d Cir. 2000) ..................................................................................5

Pike v. Freeman,
    266 F.3d 78 (2d Cir. 2000) ....................................................................................5

Rafter v Liddle,
    288 Fed. Appx. 768 (2nd Cir. 2008) ......................................................................9

Ramirez v. Holmes,
    921 F. Supp. 204 (S.D.N.Y. 1996)........................................................................7

Richards v United States,
2012 WL 70344 (S.D.N.Y 2012)..................................................................9

RST (2005) Inc. v. Research in Motion Ltd.,
597 F. Supp. 2d 362 (S.D.N.Y. 2009)..........................................................3

Schrader v CSX Transp. Inc.,
70 F3d 255 ( 2nd Cir. 1995) ........................................................................3

TAL Properties of Pomona, LLC, et al. v. Village of Pomona, et al.,
No. 17- CV-02928 (S.D.N.Y. 2017) ............................................................1

Teltronics Servs., Inc. v. L M Ericsson Telecommunications, Inc.,
642 F.2d 31 (2d Cir. 1981) ..........................................................................4


**Statutes**

42 U.S.C. § 1983 .......................................................................................7

Fair Housing Act, 42 U.S.C. §§ 3601, *et seq* ..........................................2

Federal Rule of Civil Procedure 12(b)(6) .................................................2

Federal Rule of Civil Procedure 60(b) .....................................................1

Religious Land Use and Institutionalized Persons Act Sections (a)(1), (b)(1), (b)(2),
(b)(3)(B) 42 U.S.C. §§ 2000cc *et seq*......................................................2

United States Constitution First Amendment ...........................................2

United States Constitution Fourteeth Amendment ...................................2

## PRELIMINARY STATEMENT

Plaintiffs herein move for reconsideration of the District Court's September 7, 2021 Memorandum Opinion and Order (DE 167, the "Order", Exhibit "A" to Arntsen Declaration).[1][2] Plaintiffs argue that reconsideration is warranted in this case based upon an incorrect application of the law by this Court in the Order granting Banks' (and the other defendants') motion to dismiss (ECF 132). [3] Plaintiffs have made a habit of seeking "extra bites at the apple" during the long history of this (and related) ligation between the parties. Despite plaintiff's proclivity for such, this Court did not misapprehend any facts or law and, in particular, correctly articulated and applied the doctrine of *res judicata* in granting defendants' motions to dismiss, warranting that the instant motion for reconsideration be denied in its entirety.

## PROCEDURAL HISTORY

In the Court's Order of dismissal, the pertinent procedural history upon which the court properly relied was set forth. On March 16, 2017, Plaintiffs brought a state court action concerning largely the same subject matter at issue in this action. The previously brought state court action was removed to this Court and docketed as *TAL Properties of Pomona, LLC, et al. v. Village of Pomona, et al.*, No. 17- CV-02928 (S.D.N.Y. 2017) ("Prior Action"). On January 10, 2018, Plaintiffs' Second Amended Complaint in the Prior Action ("Prior SAC", Exhibit "B") was dismissed and that case was terminated. (Exhibit "C").

---

[1] Plaintiffs do not seek reconsideration insofar as the Court's Order dismissed the "all claims for relief to the extent they are supported by the conduct alleged in paragraphs 283-305." Plaintiffs seek only reconsideration of the Order to the extend premised upon *res judicata* grounds, and the claims set forth in the denominated paragraphs were dismissed on other grounds. See, below, and Order, p. 8.

[2] All pertinent documents are appended to the accompanying Declaration of David H. Arntsen at Exhibit "A" thereto.

[3] At the time the motion to dismiss was interposed, Banks was represented by counsel who also represented defendants Corless, Riley and the Village of Pomona. By order dated February 11, 2021 (DE 149), this Court granted the motion of predecessor counsel to withdraw as counsel to Banks, and on March 12, 2021 (DE 156 and 157), the undersigned filed notices of appearance on behalf of Banks in this case.

1

On November 2, 2018, Plaintiffs moved to reopen the Prior Action under Federal Rule of Civil Procedure 60(b). That motion was denied on July 22, 2019 (Exhibit "D"). Plaintiffs commenced this action the next day, July 23, 2019. (DE 1). Plaintiffs later amended the complaint following receipt of defendants' pre motion conference requests, adding defendants and additional paragraphs asserting claims under additional legal theories, namely the Fair Housing Act and the Religious Land Use and Institutionalized Persons Act ("RLUIPA").

Plaintiffs filed their Second Amended Complaint herein ("SAC" Exhibit "E") on July 27, 2020. (DE 99). The SAC asserted several claims for relief in the SAC: violations of the Fourteenth Amendment's Equal Protection Clause; violations of the First Amendment's Free Exercise Clause; violations of the Fair Housing Act; violations of RLUIPA Sections (a)(1), (b)(1), (b)(2); and (b)(3)(B); tortious interference; and the imposition of unconstitutional conditions in violation of due process, equal protection, and the Takings Clause. (SAC ¶¶ 306-349). Defendants moved to dismiss the SAC under Federal Rule of Civil Procedure 12(b)(6), and the Court granted the motions on the grounds that the dismissal of the prior action warranted dismissal of the SAC herein on *res judicata* grounds.

The Court also granted Banks' motion on the merits as pertaining to allegations regarding Banks's alleged *quid pro quo* statements, noting that such "…still fail to state a claim for relief. Although these statements were allegedly made after Banks was elected mayor, Plaintiffs do not specify precisely when or where Banks made these statements. Nor do Plaintiffs tether these allegations to a specific claim for relief." (Exhibit "A", p. 9). Plaintiffs have not appealed, nor have they sought reconsideration of the Order to the extent these claims were dismissed on the merits based upon Plaintiffs' failure to state a claim pursuant to FRCP 12(b)(6).

2

## ARGUMENT

## I.   LEGAL STANDARD

Plaintiffs correctly concede that the legal standard on such a motion "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Schrader v CSX Transp. Inc.*, 70 F3d 255, 257( 2nd Cir. 1995). "Reconsideration of a previous order by the court is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Such a motion "may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." *RST (2005) Inc. v. Research in Motion Ltd.*, 597 F. Supp. 2d 362, 365 (S.D.N.Y. 2009).

Reconsideration is not a procedural mechanism used to re-examine a court's decision. "Reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Burke v Bimbo Bakeries USA, Inc.* 2020 WL 5518469 at *1 (S.D.N.Y.).

Plaintiffs fail to meet this strict standard. Rather, they reassert the claim, as they did in opposition to the motion to dismiss, that the claims in the Second Amended Complaint were "unrelated" to the claims in the Amended Complaint. This argument was considered and rejected by the Court. Plaintiffs also raise new arguments not made in their opposition to the motion to dismiss, which is improper.

## II.    **PLAINTIFFS' UNRELATED CLAIMS ARGUMENT FAILS**

Plaintiffs argue in the first instance that *res judicata* was improperly employed by the Court because "The SAC (in the prior action) only asserted claims regarding the 22 High Mountain Property. Yet the District Court dismissed – on the basis of *res judicata* – allegations and claims in the present lawsuit that had nothing to do with the 22 High Mountain Property." (P MOL, p.6). The Court, however, addressed this concern in its Order: "With respect to Plaintiffs' first argument (that the Prior SAC was limited to specific claims involving the 22 High property, the Court is not persuaded that *res judicata* is inapplicable here simply because Plaintiffs press additional allegations and claims for relief in this action, which they characterize as "unrelated" to those asserted in the Prior Action." (Exhibit "A" p. 6).

The Court clearly addressed why Plaintiffs' "unrelated claims" argument failed. In the first instance, the Court noted that "Plaintiffs' attempt to rectify their previous presentation by retaining new counsel and initiating a new action does not dodge the effects of *res judicata*" citing *Teltronics Servs., Inc. v. L M Ericsson Telecommunications, Inc.,* 642 F.2d 31, 35 (2d Cir. 1981). The Court held that "simply because Plaintiffs' previous counsel did not allege facts that were 'unrelated' to the 22 High property discussed in the Prior SAC, it remains true that they could have done so," going on to set forth in great detail allegations that justified the Court's conclusion.

For example, the Court noted that "Plaintiffs themselves concede (that) Shea knew of the existence and content of the recorded conversations before Plaintiffs filed their Prior SAC. (SAC ¶ 39 (alleging that Shea made the Village Hall recordings in 2016 and 2017))" and thus properly concluded that "had Plaintiffs pressed Shea to further discuss her knowledge of Defendants' alleged discriminatory actions, Plaintiffs could have learned the content of the recorded conversations and included such information in their Prior SAC. They simply chose not to do so."

4

The Court also noted that "several of the SAC's "unrelated" allegations are based on alleged admissions made by Zummo and Ulman in 2018 regarding their involvement in past discriminatory conduct" and found that "Had Plaintiffs pursued Zummo and Ulman's admissions sooner, it is conceivable that the information revealed by such admissions "could have been" included (in the Prior SAC)." The Court thus properly concluded that "Plaintiffs' argument that *res judicata* does not apply to their allegations that are "unrelated" to the 22 High property falls flat."

Despite the Court's detailed analysis and rejection of Plaintiffs' opposition to the motions to dismiss on *res judicata* grounds, Plaintiffs herein assert that the dismissal of the Prior SAC should not have *res judicata* effect on any claims unrelated to the 22 High Mountain Property because of the Court's alleged misconstruction of the third prong of the test for the application of *res judicata*. Plaintiffs argue that the court improperly construed the phrase "or could have been" set forth in *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000) too broadly such as to preclude even allegations and claims that are unrelated to the claims asserted in the Prior SAC. Plaintiff relies on the case of *Pike v. Freeman*, 266 F.3d 78 (2d Cir. 2000), alleging that the Second Circuit in *Pike* clarified and expressed the narrow application of that phrase.

However, and though citing the case in its MOL in support of this motion, plaintiff fails to construe the import of *Cayuga Nation v Tanner*, 6 F. 4th 361 (2nd Cir. 2021). In *Cayuga Nation*, the Second Circuit held that "for claim preclusion to apply, the later suit must involve the same cause of action as the earlier suit. *EDP Med. Computer Sys., Inc. v. United States*, 480 F.3d 621, 624 (2d Cir. 2007)…Suits involve the same claim (or 'cause of action') when they arise from the same transaction, or *involve a common nucleus of operative facts. Lucky Brand Dungarees v.*

*Marcel Fashions Grp.*, 140 S. Ct. 1589, 1595, 206 L.Ed.2d 893 (2020)" (citations and internal quotation marks omitted, emphasis added).

As the Court recognized herein by addressing the Plaintiffs' interactions with defendants Shea, Zummo and Ullman, and Plaintiffs' failure to delve deeply enough into the facts that they allegedly possessed, the claims herein arose from a "common nucleus of operative fact" and therefore could have been included in the SAC had they been properly and sufficiently pursued and vetted by Plaintiffs. This comports with the legal standard as it has developed in the Second Circuit as reflected in the *Cayuga* Nation case, and justifies dismissal based upon the doctrine of *res judicata.*

A first judgment will generally have preclusive effect only where the transaction or *connected series of transactions* at issue in both suits is the same, that is where the same evidence is needed to support both claims, and where the facts essential to the second were present in the first. *Computer Associates International, Inc. v Altai, Inc.*, 126 F 3d. 365, 369 (2nd Cir. 1997)(emphasis added); *Interoceanica Port v Sound Pilots, Inc.* 107 F. 3d 86, 90 ("To ascertain whether two actions spring from the same "transaction" or "claim," we look to whether the underlying facts are "related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage").

What the Court understood, and what Plaintiffs do not, is that the allegations of wrongdoing by the defendants herein springs from the same series of claims; they are related in time, space, origin and motivation, form a convenient trial unit that conforms to the parties' expectations or business understanding, all premised upon the alleged discriminatory actions of the defendants, most of which, as reflected in the prior, dismissed pleading, allegedly occurred contemporaneously

6

with each other.[4] All of the claims dismissed by the Court on *res judicata* grounds are premised upon a common nucleus of operative fact and could have been brought in the Prior SAC. Plaintiffs were properly not given a second (and now a requested third) bite at the apple.

## III.   PLAINTIFFS' CLAIMS AGAINST BANKS FAIL IN ANY EVENT

As noted previously herein, Plaintiffs do not seek reconsideration of the dismissal of the claims purporting to assert improper conduct to Banks, paragraphs 283-305 of the SAC. As such this Court need not address those particular allegations in this limited motion.

Nonetheless, should the Court be inclined to countenance the instant motion insofar as the specified paragraphs are concerned, and as asserted in the papers submitted in Banks' motion to dismiss, reconsideration is unwarranted, though dismissal is warranted. Plaintiffs have alleged that Banks would not give them permits unless they discontinued their lawsuits against the Village. Plaintiffs further alleged that Banks threatened them, but did not plausibly assert that the Village took any action against them. Plaintiffs did not allege that they ever applied for any benefit during Banks' administration that was denied.

Plaintiffs allege that Mayor Banks advised them that they would not receive permits if they continued to maintain suits against the Village. However, even assuming, *arguendo*, that this conduct was unconstitutional if carried out, threats of unconstitutional conduct are not themselves unconstitutional absent some action under color of state law carrying out the threat. See *Mittelman v. Cnty. of Rockland*, 2013 WL 1248623, at *13 (S.D.N.Y. Mar. 26, 2013) ("A threat of force does not constitute excessive force."); *Ramirez v. Holmes*, 921 F. Supp. 204, 210 (S.D.N.Y. 1996)

---

[4] As noted, the only claims which Plaintiffs allege occurred subsequently are those raised in paragraphs 283-305 of the SAC, and these were not dismissed on *res judicata* grounds and reconsideration of their dismissal is not sought herein.

(threats or verbal harassment without injury, "although indefensible and unprofessional," do not rise to the level of constitutional violations).

Plaintiffs fail to identify any adverse *action* taken against them under color of law by Banks that would be actionable against Banks in his individual capacity as either a trustee or the Mayor of the Village and thus they do not state a plausible § 1983 claim against Mayor Banks in his individual capacity. The Court thus properly dismissed the SAC because, as concerns these claims, the SAC failed to state a claim with plausible and specific factual allegations against Banks.[5] The dismissal is on the merits. As the Court noted, in footnote 4 of its Order, the "merit of a Rule 12(b)(6) motion is the adequacy of the pleadings."

## IV.    PLAINTIFFS' PRIVITY ARGUMENTS FAIL

To the extent that Plaintiffs assert that the absence of privity benefits their arguments in favor of reconsideration of the dismissal of those claims against Banks, such assertions must fail. In the 2017 action, Banks was sued "as Trustee of the Village of Pomona." In this action, Banks was sued "individually and in his official capacities as Trustee, and Current Mayor for the Village of Pomona."

The principle distinguishing privity as concerns official or representative vs. individual capacity suits applies when "a party who occupies both individual and representative capacities may have conflicting interests with respect to the conduct of litigation." *Green Materials of Westchester, Inc. v Town of Cortlandt*, 2015 WL 9302838 at *7 (S.D.N.Y. 2015); *Hirschfeld v. Spanakos*, 871 F. Supp. 190, 193 n.3 (S.D.N.Y. 1994) (concluding prior suit had *res judicata* effect on defendants in both their official and individual capacities).

---

[5] Though the Court afforded the Plaintiffs the opportunity to replead within thirty days of the date of its Order to plead claims for relief concerning the allegations set forth in paragraphs 283-305 limited to Banks's role as mayor beginning in 2019, Plaintiffs have failed to timely avail themselves of this opportunity. Regardless, and for the reasons set forth herein, such claims would be insufficient as a matter of law to withstand a motion to dismiss.

Though it is unclear as to whether Plaintiffs assert the privity argument directly against Banks, it would thus not apply, as plaintiffs cannot avoid *res judicata* merely by suing Banks in his individual and official capacities herein as opposed to only his capacity as trustee in the 2017 action. Banks clearly has no conflicting interests with respect to the conduct of the litigation herein which, barely, asserts conclusory allegations as to certain threats or promises, without plausible allegations of any unconstitutional actions in furtherance thereof, allegedly made while occupying his official offices. Moreover, the privity arguments are unpreserved, having not been made opposition to the motion to dismiss. *See*, *Rafter v Liddle*, 288 Fed. Appx. 768, 769 (2nd Cir. 2008).

## V.  PLAINTIFFS' REMAINING ARGUMENTS FAIL

The remainder of Plaintiffs' motion seeking reconsideration is premised upon contentions that are largely unsupported by applicable case authorities and/or were not misapprehended by the Court. Plaintiffs assert allegations concerning the withholding or destruction of records, fraud, newly discovered evidence, and other allegations of wrongdoing. Pl. Mem. at 13-14. The Court did not "overlook" these allegations and did not engage in any improper "burden shifting." In any event, these claims do not support the grant of a motion for reconsideration that was premised upon the *res judicata* effect of earlier dismissals. Indeed, it appears that Plaintiffs are, in fact, attempting to raise new arguments in this motion for reconsideration, which need not be considered by this Court, *Richards v United States*, 2012 WL 70344 *2 (S.D.N.Y 2012).

## CONCLUSION

Plaintiffs' motion for reconsideration must fail in its entirety. Banks has demonstrated that the prior the dismissal was a judgment on the merits, that the same parties, or their privies, were involved in both cases, and that the claims asserted in the prior actions were and are based on a common nucleus of operative facts such that any additional claims could, and should have been

raised in the SAC. It is therefore respectfully requested that the Court deny Plaintiffs' motion for reconsideration in its entirety along with such other and further relief as to the Court seems just and proper.

Dated: Nesconset, New York
      November 22, 2021

                  Yours, etc.,

                  THE LAW OFFICES OF THOMAS M. VOLZ, PLLC
                  Attorneys for Defendant, IAN BANKS
                  280 Smithtown Blvd
                  Nesconset, New York 11767
                  Phone: (631)366-2700
                  Fax: (631) 256-1074

                  By: _____
                       DAVID H. ARNTSEN, ESQ

TO:    Ashburn Law Office, PLLC
       300 Carolyn Drive
       Atlanta, GA 30329
       (404) 939-1323
       Dashburn.ga@gmail.com

       Albert A. Levy
       94 Roselle Court
       Lakewood, NJ 08701
       (917) 589-3737

       Barry McTiernan & Moore
       Suzanne M. Halbardier
       2 Rector Street
       New York, NY 10006
       (212) 313-3600

       Wilson Elser Moskowitz
       Edelman & Dicker LLP
       1133 Westchester Avenue
       White Plains, New York 10604
       (914) 323-7000

MORRIS DUFFY ALONSO & FALEY
101 Greenwich Street, 22nd Floor
New York, New York 10006
(212) 766-1888