UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
TAL PROPERTIES OF POMONA, LLC
AND AVROHOM MANES,

                              Plaintiffs,          19-cv-06838 (PMH)

  -against-

THE VILLAGE OF POMONA, BRETT YAGEL, individually and in his official capacity as Mayor of the Village of Pomona, DORIS ULMAN, individually and in her official capacity as Attorney for the Village of Pomona, LOUIS ZUMMO, individually and in his official capacity as Building Inspector for the Village of Pomona, NOREEN SHEA, individually and in her official capacity as Deputy Village Clerk for the Village of Pomona, FRANCIS ARSA-ARTHA individually and in her official capacity as Clerk and Treasurer for the Village of Pomona, CHRISTOPHER RILEY, individually and in his official capacity as Special Prosecutor for the Village of Pomona; JOSEPH CORLESS, individually and in his official capacity as Engineer for the Village of Pomona LEON HARRIS, individually and in his official capacity as Deputy Mayor for the Village of Pomona, IAN BANKS, individually and in his official capacities as Trustee, and current Mayor for the Village of Pomona, and JOHN DOES and JANE DOES,

                              Defendants.
---------------------------------------------------------------------------X

# MEMORANDUM OF LAW IN OPPOSITION
# TO PLAINTIFFS' MOTION FOR RECONSIDERATION

                                        BARRY McTIERNAN & MOORE LLC
                                        Suzanne M. Halbardier, Esq.
                                        Courtney A. Chadwell, Esq.
                                        Attorneys for Defendants
                                        BRETT YAGEL, DORIS ULMAN,
                                        FRANCIS ARSA-ARTHA, and
                                        LEON HARRIS
                                        101 Greenwich Street, 14th Floor
                                        New York, NY 10006
                                        212-313-3600

# Table of Contents

PRELIMINARY STATEMENT ........................................................................... 1

ARGUMENT ........................................................................................................ 1

    **PLAINTIFFS FAIL TO MEET THE STANDARD FOR RECONSIDERATION** ............................................................................. 1

    **THE COURT DID NOT MISCONSTRUE THE STANDARD FOR RES JUDICATA** ................................................................................... 2

        Burden of Proof ............................................................................................ 2

        Shared Common Nucleus of Facts ............................................................... 3

        Privity .......................................................................................................... 6

        Fraudulent Concealment ............................................................................. 8

    **THE COURT PROPERLY APPLIED THE RULE 12(B)(6) STANDARD** ........................................................................................................... 8

CONCLUSION .................................................................................................... 11

# TABLE OF AUTHORITIES

Amadasu v. Bronx Leb. Hosp. Ctr., 2005 U.S. Dist. LEXIS 774 (S.D.N.Y. 2005)..................4

Animashaun v. Schmidt, 2018 U.S. Dist. LEXIS 243035 (E.D.N.Y. 2018) ........................3, 7

Bey v. City of New York, 2015 U.S. Dist. LEXIS 9829 (S.D.N.Y. 2015) ...............................8

Cameron v. Church, 253 F. Supp. 2d 611 (S.D.N.Y. 2003) ......................................................4

Clark v. Kitt, 2014 U.S. Dist. LEXIS 113494 (S.D.N.Y. 2014)................................................7

Emiabata v. Seton Healthcare Family, 2021 U.S. App. LEXIS 28298 (2d Cir. 2021)..............1

In re Optionable Secs. Litig., No. 07-CV-3753, 2009 U.S. Dist. LEXIS 52592, 2009 WL
    1653552 (S.D.N.Y. June 15, 2009) ......................................................................................10

L-TEC Elecs. Corp. v. Cougar Elec. Org., Inc., 198 F.3d 85 (2d Cir. 1999) ............................8

Marvel Characters v. Simon, 310 F.3d 280 (2d Cir. 2002) ......................................................4

Mennella v. Office of Court Admin., 938 F. Supp. 128 (E.D.N.Y. 1996) ................................4

N.L.R.B. v. United Techs. Corp., 706 F.2d 1254 (2d Cir. 1983) ..............................................3

Pike v. Freeman, 266 F.3d 78 (2d Cir. 2001) ...........................................................................4

Shrader v. CSX Transp., 70 F.3d 255 (2d Cir. 1995) ...............................................................1

TAL Props. of Pomona, LLC v. Vill. of Pomona, 2019 U.S. Dist. LEXIS 121729 (S.D.N.Y.
    2019)................................................................................................................................ 1, 10

TechnoMarine SA v. Giftports, Inc., 758 F.3d 493 (2d. Cir. 2014) ......................................4, 8

United States v. McCoy, 995 F.3d 32 (2d Cir. 2021) ................................................................3

Van Buskirk v. United Grp. of Cos., 935 F.3d 49 (2d Cir. 2019).............................................1

Waldman v. Village of Kiryas Joel, 39 F. Supp. 2d 370 (S.D.N.Y. 1999), aff'd 207 F.3d 105
    (2d Cir. 2000) ........................................................................................................................7

Watson v. Mayo, 2008 U.S. Dist. LEXIS 18444 (S.D.N.Y. 2008) ..........................................7

## PRELIMINARY STATEMENT

Defendants BRETT YAGEL, DORIS ULMAN, FRANCIS ARSA-ARTHA and LEON HARRIS ("Individual Defendants") hereby submit this memorandum of law in opposition to Plaintiffs' motion for reconsideration. In 2017, Plaintiffs TAL PROPERTIES OF POMONA, LLC and AVROHOM MANES filed a second amended complaint ("SAC") against the Village of Pomona and its government alleging selective enforcement and religious discrimination. TAL Props. of Pomona, LLC, et al. v. Village of Pomona, et al., No. 17-cv-02928 (S.D.N.Y. 2019) ("TAL 1"). After the SAC in TAL 1 was dismissed in 2018, the instant action ("TAL 2") was commenced by the same plaintiffs "concerning largely the same subject matter." 19-cv-06838, Doc. No. 167, p. 1. Via Memorandum Opinion and Order dated September 7, 2021, this Court correctly held that *res judicata* required dismissal of the TAL 2 SAC. Id. Plaintiffs' motion for reconsideration should be denied.

## ARGUMENT

## PLAINTIFFS FAIL TO MEET THE STANDARD FOR RECONSIDERATION

Due to their failure to satisfy the basic standard for a successful motion to reconsider, denying Plaintiffs' motion would not be an abuse of discretion. "A motion for reconsideration is an extraordinary request that is granted only in rare circumstances, such as where the court failed to consider evidence or binding authority." Van Buskirk v. United Grp. of Cos., 935 F.3d 49, 54 (2d Cir. 2019). To prevail, a movant must prove that the Court overlooked matters "that might reasonably be expected to alter the conclusion reached by the court." Emiabata v. Seton Healthcare Family, 2021 U.S. App. LEXIS 28298, *3 (2d Cir. 2021) (citation omitted). "Admittedly, a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Shrader v. CSX Transp., 70 F.3d 255, 257 (2d Cir. 1995).

Overall, their motion for reconsideration either simply reargues Plaintiffs' opposition

1

or raises arguments that Plaintiffs could and should have raised in opposition but did not. In particular, Plaintiffs waived the lack of privity argument by failing to raise it in opposition to the defendants' motions to dismiss on *res judicata* grounds. While the Individual Defendants explicitly argued that privity existed with respect to the new TAL 2 defendants (see TAL 2, Doc. No. 130-5, Individual Defendants' Memorandum of Law in Support of Motion to Dismiss, pp. 7-8), Plaintiffs did not address privity in their opposition. In addition, the questions of defendants' post-TAL 1 admissions, the Shea recordings and Human Rights Division report, and TAL 2's claims that are "unrelated" to the 22 High Mountain Road property were raised in Plaintiffs' opposition and discussed in the order granting defendants' motions to dismiss. Plaintiffs offer the Court nothing to reconsider, with the exception of the waived privity argument.

## THE COURT DID NOT MISCONSTRUE THE STANDARD FOR RES JUDICATA

Burden of Proof

Contrary to Plaintiffs' claim, the Court did not reverse the burden of proof so much as it determined that the Individual Defendants had met their burden of proof. In their underlying motion to dismiss, the Individual Defendants separately addressed each of the elements necessary for a finding that *res judicata* was applicable and explained in detail why each element was satisfied. Once they did so, the burden shifted to Plaintiffs.

Plaintiffs argue that the Court "presumed that any factual matter that may have occurred prior to the filing of the September 7, 2017 TAL 1 SAC or the January 10, 2018 dismissal of TAL 1 was precluded under the doctrine of *res judicata*." Plaintiffs' Motion For Reconsideration (hereinafter "Mot. for Recon."), Doc. No. 173, p. 12 (emphasis in original). The Court did no such thing, nor did it reverse the burden of proof. Rather, the Court thoughtfully addressed all of the arguments[1] made by Plaintiffs in opposition to the Individual

---

[1] Plaintiffs' motion for reconsideration does not fault the Court's correct determination that a dismissal under

2

Defendants' position that *res judicata* barred the entire TAL 2 SAC. First, the Court explained in detail why the TAL 2 facts that predated TAL 1's SAC or its dismissal, which Plaintiffs characterized as "unrelated", could have been alleged in TAL 1. The Court next discussed the other opposition argument, that the fact that TAL 2 included factual allegations and legal issues that arose after the TAL 1 SAC was filed should prevent the application of *res judicata*. The Court explained in detail why both of Plaintiffs' arguments failed to stave off dismissal, an analysis which was factually and legally sound. See TAL 2, Doc. No. 167, pp. 6-8. Multiple specific examples as well as case law were offered to illustrate the propriety of this holding. In reality, Plaintiffs' burden-shifting argument is nothing more than a way for them to reargue their opposition. The mere fact that Plaintiffs disagree with the assessment that the Individual Defendants met their burden of showing *res judicata* applied does not mean the Court erred in making such an assessment. See United States v. McCoy, 995 F.3d 32, 52 (2d Cir. 2021).

Shared Common Nucleus of Facts

Plaintiffs contend that the Court construed the "or could have been" standard too broadly so as to encompass the so-called "unrelated" claims asserted in TAL 2 and wrongly applied *res judicata* to claims against Individual Defendants that are named in TAL 2 who were not named in TAL 1. They are incorrect on both issues. "Whether or not the first judgment will have preclusive effect [on a subsequent action] depends in part on whether the same transaction or connected series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first." N.L.R.B. v. United Techs. Corp., 706 F.2d 1254, 1260 (2d Cir. 1983). This is true even if two actions are not identical in every aspect. See Animashaun v. Schmidt, 2018 U.S. Dist. LEXIS 243035 (E.D.N.Y. 2018). In determining whether the same transaction or transactional chain underlies two actions, courts consider "whether the underlying facts are related in time, space, origin, or

---

Fed. R. Civ. P. 12(b)(6) is a judgment on the merits for purposes of *res judicata*.

motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations." Marvel Characters v. Simon, 310 F.3d 280, 287 (2d Cir. 2002). "Res judicata applies not only as to what was pleaded, but also as to what could have been pleaded. Res judicata bars cases that arise from the same operative nucleus of fact." Amadasu v. Bronx Leb. Hosp. Ctr., 2005 U.S. Dist. LEXIS 774, *28 (S.D.N.Y. 2005) (internal citations and quotation marks omitted); accord Pike v. Freeman, 266 F.3d 78, 91 (2d Cir. 2001) ("the question is whether the claim was sufficiently related to the claims that were asserted in the first proceeding that it *should have been* asserted in that proceeding") (emphasis in original).

Plaintiffs' argument that *res judicata* does not apply because the TAL 2 SAC "was drafted based upon newly obtained facts and evidence that was not available to Plaintiffs until after the TAL 1 SAC was filed" is unpersuasive. See Mot. For Recon., p. 14. It is true that a subsequent action might not be barred if it is based on legally significant later conduct that occurred after the prior action was filed. However, *res judicata* will nonetheless apply "when the subsequent facts are merely additional examples of the earlier-complained of conduct, such that the action remains based principally upon the shared common nucleus of operative facts." Cameron v. Church, 253 F. Supp. 2d 611, 620 (S.D.N.Y. 2003). If it is not the later conduct by itself that can support a new cause of action, but rather the shared common nucleus of operative facts that does, *res judicata* applies. E.g., TechnoMarine SA v. Giftports, Inc., 758 F.3d 493, 503 (2d. Cir. 2014).

This test is clearly satisfied. Both TAL 1 and TAL 2 "sought to remedy the same alleged wrongful conduct." Mennella v. Office of Court Admin., 938 F. Supp. 128, 133 (E.D.N.Y. 1996). TAL 1 alleged that Village of Pomona government officials purposefully discriminated against Plaintiffs because Mr. Manes is a member of the Orthodox Jewish community who wanted to cater his business to the needs of Orthodox Jewish residents. This discrimination was

4

carried out by imposing a variety of costly and unjust conditions with respect to the development and sale of Plaintiffs' property that were not imposed with respect to the properties of non-Jewish residents. As a result, Plaintiffs claimed that they were unable to sell the property in timely manner and subsequently experienced substantial economic loss in the form of property devaluation and the inability to use the sales proceeds to engage in other profitable business opportunities. Ultimately, TAL 2 alleges that the same individuals (Village of Pomona government officials), for the same reason (religious animosity towards Orthodox Jews) and using the same tactics (selective code enforcement and general harassment), prevented the same plaintiffs from developing and profiting off residential properties that Plaintiffs owned in the Village of Pomona during the same time period (the Yagel administration).

Plaintiffs' own opposition to the defendants' motions to dismiss TAL 2 characterizes TAL 1 as concerning three main claims: (1) defendants' refusal to issue a certificate of occupancy for 22 High Mountain Road because the prior owner of the property owed the Village of Pomona money; (2) the refusal to issue a grading permit for the 22 High Mountain Road property; and (3) the threatened withdrawal of the certificate of occupancy unless Plaintiffs signed a false acknowledgement that the access road for the 22 High Mountain Road property was not a village road and the road's maintenance was therefore the responsibility of the property owner[2]. TAL 2, Doc. No. 136, p. 3. The same three claims also form the crux of TAL 2. Compare TAL 2 SAC, Doc. No. 93, ¶¶93-102 to TAL 1 SAC, Doc. No. 16, ¶¶38-40 (dispute over road ownership); compare TAL 2 SAC, ¶¶75-81 to TAL 1 SAC, ¶¶23-33 (refusal to issue grading permit); TAL 2 SAC, ¶¶59-73 to TAL 1 SAC, ¶¶13-21 (refusal to issue certificate of occupancy). Although Plaintiffs attempt to meaningfully differentiate between

---

[2] The Individual Defendants note that the same road was required to access both the Subdivided Properties and 22 High Mountain. See TAL 2 SAC, ¶95.

5

the 22 High Mountain Road property and what the TAL 2 SAC refers to as the "Subdivided Properties", Mr. Manes bought all of these properties in December 2015 at a foreclosure sale. See TAL 2, Doc. No. 136, pp. 1-2. In addition, the purportedly new claims related to other properties in TAL 2 are identical to what Plaintiffs allege was going on with 22 High Mountain Road: the Individual Defendants wrongfully withheld permits and certificates of occupancy in an attempt to prevent Plaintiffs from developing and selling the properties. TAL 2 SAC, e.g., ¶¶88-103.

Plaintiffs' characterization of TAL 2's claims involving the Subdivided Properties, or any other properties discussed therein, as "unrelated" to the 22 High Mountain claims in TAL 1 is therefore a misnomer. Since Plaintiffs owned and were trying to develop both the 22 High Mountain Road property and the TAL 2 Subdivided Properties during the exact same time period, the suggestion that the facts essential to TAL 2 were not present or available for TAL 1 lacks merit. The overlapping facts between the two actions unequivocally show that they share a common nucleus of operative facts, and that it is this common nucleus that supports the causes of action in TAL 2. The new facts pleaded in TAL 2 are simply additional examples of the same pattern of behavior that was alleged in less detail in TAL 1, i.e., religious discrimination through selective and unfair code enforcement by Pomona officials motivated by anti-Orthodox Jewish sentiment. Plaintiffs could have, and indeed should have, brought all of these claims in TAL 1.

Privity

*Res judicata* requires privity of defendants, not identity. With respect to the privity question, a municipal employee sued in their personal capacity is typically not considered in privity with a municipality for purposes of *res judicata*. However, preclusion is nonetheless justified in this case. "*Res judicata* is available to a newly named defendant with a close or significant relationship to a defendant previously sued, when the claims in the new action are

essentially the same as those in the prior action and the defendant's existence and participation in the relevant events was known to the plaintiff." Waldman v. Village of Kiryas Joel, 39 F. Supp. 2d 370, 381 (S.D.N.Y. 1999), aff'd 207 F.3d 105 (2d Cir. 2000); accord Watson v. Mayo, 2008 U.S. Dist. LEXIS 18444, at *8 (S.D.N.Y. 2008) ("Courts have routinely found privity between co-employees sued in separate suits over allegedly tortious acts that occurred during the course of their employment."). As discussed above, the claims in TAL 2 are nearly identical to the claims asserted in TAL 1.

Plaintiffs waived the lack of privity argument by failing to raise it in their opposition to the Individual Defendants' motion to dismiss. Regardless, with respect to the new defendants in TAL 2, Leon Harris was Deputy Mayor and Francis Arsa-Artha was the Treasurer during Mr. Yagel's tenure as Mayor of Pomona. They surely satisfy the privity requirement for purposes of *res judicata*. They were both part of the Village of Pomona government at the same time as the individual TAL 1 defendants and are essentially alleged to be co-conspirators of Mr. Yagel and Ms. Ulman. Mr. Harris and Ms. Arsa-Artha's "relevant interests and relationships to the "nucleus of operative facts" at issue here are, therefore, effectively identical to those" of Mr. Yagel and Ms. Ulman in TAL 1. Animashaun, supra, at *10. In fact, Mr. Harris was originally named in his individual capacity in TAL 1, but the SAC in that action dropped him as a defendant. Plaintiffs' lack of privity argument with respect to Mr. Harris is therefore particularly disingenuous since he and his purported role in the alleged discrimination was clearly known to Plaintiffs at the time of the first lawsuit. Accordingly, *res judicata* operates as a bar to TAL 2 even with respect to Ms. Arsa-Artha and Mr. Harris. See Clark v. Kitt, 2014 U.S. Dist. LEXIS 113494, *34-35 (S.D.N.Y. 2014) (where plaintiff's first attempt to remedy the alleged violations of his rights failed, "he cannot now revive those claims by blaming a different individual in the same office in connection with the same set of hearings and decisions.").

Fraudulent Concealment

Plaintiffs allege that the defendants "engaged in deliberate actions to conceal, withhold, and destroy evidence. (SAC ¶¶243-258)." Mot. for Recon., p. 14. However, many of these allegations are wholly conclusory. Others are based on the conversations recorded by Noreen Shea and alleged admissions from Ms. Shea and Louis Zummo. See TAL 2 SAC, e.g., ¶¶248, 251, 256. As discussed in more detail below, the TAL 1 SAC proves that Mr. Manes was directly communicating with both Ms. Shea and Mr. Zummo prior to filing the SAC. He clearly could have obtained at least some (if not all) of the information regarding the purported fraudulent concealment of documents. The fraudulent concealment exception "does not apply where '[n]o showing has been made that the [ ] defendants *actively concealed* evidence of the relevant facts or where a plaintiff could have ascertained this information through due diligence, including…discovery upon the original complaint." Bey v. City of New York, 2015 U.S. Dist. LEXIS 9829, *10-11 (S.D.N.Y. 2015) (emphasis and alterations in original, citation omitted)' see also L-TEC Elecs. Corp. v. Cougar Elec. Org., Inc., 198 F.3d 85, 88 (2d Cir. 1999) (exception does not apply if information could have been discovered through "pre-filing investigation or discovery upon the original complaint."). The Individual Defendants further note that, while Plaintiffs assert that the allegations of fraudulent concealment alone constitute separate claims, they fail to identify which cause of action these supposedly new allegations can support on their own. See TechnoMarine SA, supra.

## THE COURT PROPERLY APPLIED THE RULE 12(B)(6) STANDARD

Plaintiffs' remaining argument, that all reasonable inferences were not drawn in their favor and certain new factual allegations were overlooked, is best categorized as an objection to the Court's application of the standard for dismissal under Fed. R. Civ. P. 12(b)(6). As a threshold matter, TAL 2's "new" facts were not overlooked or ignored. The Court duly considered and then rejected them.

The problem with the Plaintiffs' argument is that the inferences that Plaintiffs want the Court to draw in their favor are not reasonable. The Plaintiffs' inference argument involves their claims of newly discovered evidence, primarily the recordings made by defendant Noreen Shea and the Human Rights Division's ("HRD") report. They also focus on the availability of admissions supposedly made by Ms. Shea, Mr. Zummo, and Doris Ulman. In dismissing TAL 2, the Court explained that Plaintiffs' failure to obtain such new information and facts was due entirely to their own lack of due diligence prior to filing the SAC in TAL 1. Plaintiffs' insistence that this information was unavailable prior to the TAL 1 SAC is not compelling.

With respect to the recorded conversations, Plaintiffs emphasize Ms. Shea's alleged lack of cooperation in turning over the tapes as the reason that they could not have obtained most of the new facts they now rely upon to salvage TAL 2 before filing the TAL 1 SAC. However, the motion for reconsideration itself exposes the weakness of that argument. Even if Ms. Shea later refused to cooperate or provide this information to Mr. Manes, the fact remains that she was apparently more than willing to work with him prior to and very shortly after the filing of the TAL 1 SAC. "On or about November 5, 2017, Defendant Shea gave a copy of her HRD complaint to Manes, **seeking to enlist Manes and other Orthodox Jews to support her** in her employment claim against the Village." Mot. for Recon., p. 2 (emphasis added). The TAL 1 SAC also states that Mr. Manes and Ms. Shea (and Mr. Manes and Mr. Zummo) had candid discussions regarding the Individual Defendants' alleged discriminatory actions and motivation prior to the SAC being filed. TAL 1 SAC, ¶35 ("Zummo and [Shea] have both expressly told plaintiff's principal that defendants Yagel and Ullman [sic] advised them to give plaintiffs a hard time with anything they needed"). It is clear that Plaintiffs could have obtained this information before the TAL 1 SAC was filed.

Importantly, Judge Seibel agreed with this take on Plaintiffs' due diligence in her decision denying the motion to reopen TAL 1:

9

> Accordingly, Plaintiffs had spoken with Shea prior to filing their SAC and at that time knew, or should have known, of the facts Shea alleged in her Human Rights Complaint. "Even if some of the particular underlying facts that later came out in" Shea's complaint or the Human Rights Report "could be considered 'newly discovered,' it is clear that Plaintiffs were not justifiably ignorant of those facts." *In re Optionable Secs. Litig.*, No. 07-CV-3753, 2009 U.S. Dist. LEXIS 52592, 2009 WL 1653552, at *4 (S.D.N.Y. June 15, 2009)…she was almost certainly armed with those same allegations when she spoke with Plaintiffs, as Shea filed her Human Rights Complaint less than two months after Plaintiff filed the SAC. (Human Rights Complaint at 3.) **When drafting their SAC, Plaintiffs were apparently satisfied with the evidence that Shea provided to them, and instead of pressing her for more facts, "Plaintiffs chose to file on insufficient allegations**." *In re Optionable Sec. Litig.,* 2009 U.S. Dist. LEXIS 52592, 2009 WL 1653552, at *4 ("Plaintiffs knew of the investigations, but instead of waiting for more facts to emerge — or even requesting from [the court] more time to amend the complaint — Plaintiffs chose to file on insufficient allegations, perhaps to gain a tactical advantage."). Plaintiffs do not allege that Shea refused to speak further or that they were unable to seek more information from her.
>
> The remaining "newly discovered evidence" contains statements made by Zummo and Ulman in post-judgment conversations with Manes, and allegations brought by other Jewish residents of Pomona in the Indig Complaint. **Plaintiffs do not allege that they were unable to speak with Zummo, Ulman, or the Indig Complaint plaintiffs prior to filing their Complaint, or that those individuals were previously unwilling to share information with Plaintiffs**.

TAL Props. of Pomona, LLC v. Vill. of Pomona, 2019 U.S. Dist. LEXIS 121729, *19, FN. 5 (S.D.N.Y. 2019) (emphasis added)[3].

The Shea recordings were made in 2016 and 2017. Ms. Shea certainly knew about these recordings and their contents when she was willingly in communication with Mr. Manes prior to and right after the filing of the TAL 1 SAC. The only reasonable inference to be drawn from these circumstances is precisely the inference the Court drew. "[H]ad Plaintiffs pressed Shea to further discuss her knowledge of Defendants' alleged discriminatory actions, Plaintiffs could have learned the content of the recorded conversations and included such information in their

---

[3] While Judge Seibel discussed the Plaintiffs' due diligence as indicated *supra*, she ultimately did not definitively decide whether the "newly discovered evidence" was truly newly discovered because "none of it would have changed the outcome of this Court's previous Opinion and Order." TAL Props. Of Pomona LLC, 2019 U.S. Dist. LEXIS 121729, *19 (S.D.N.Y. 2019).

10

Prior SAC. They simply chose not to do so." <u>TAL 2</u>, Doc. No. 167, p. 7. The same is true with respect to the alleged admissions made by Mr. Zummo and Ms. Ulman. The SAC in <u>TAL 1</u> explicitly confirms Mr. Manes' ability to obtain information from Mr. Zummo, and there are exactly zero allegations to support the inference that the same was not true with respect to Ms. Ulman.

## **CONCLUSION**

As a result of the foregoing, defendants BRETT YAGEL, DORIS ULMAN, FRANCIS ARSA-ARTHA and LEON HARRIS respectfully request that Plaintiffs' motion for reconsideration of the September 7, 2021 Order be denied and for such other relief as this Court deems necessary and just.

Dated: New York, New York
       November 22, 2021

_____
COURTNEY A. CHADWELL