UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TAL PROPERTIES OF POMONA, LLC
and AVROHOM MANES

                    Plaintiffs,        Civil Action
                                      No. 7:19-cv-
                                      06838

        –against–

VILLAGE OF POMONA, BRETT YAGEL, individually and in his official capacity as Mayor of the Village of Pomona, DORIS ULMAN, , individually and in her official capacity as Attorney of the Village of Pomona, LOUIS ZUMMO, , individually and in his official capacity as Building Inspector of the Village of Pomona, NOREEN SHEA, , individually and in her official capacity as Deputy Village Clerk for the Village of Pomona, FRANCIS ARSA-ARTHA, individually and in her official capacity as Clerk and Treasurer for the Village of Pomona, CHRISTOPHER RILEY, individually and in his official capacity as Special Prosecutor for the Village of Pomona, JOSEPH CORLESS, individually and in his official capacity as Engineer for the Village of Pomona, LEON HARRIS, individually and in his official Capacity as Deputy Marshall for the Village of Pomona, IAN BANKS, individually and in his official capacities as Trustee, and current Mayor for the Village of Pomona, and JOHN DOES and JANE DOES,

                                      Defendants.

---

### DEFENDANT NOREEN SHEA'S MEMO OF LAW IN OPPOSITION TO PLAINTIFFS MOTION FOR RECONSIDERATION

---

                            **CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**
                            By: RONDIENE E. NOVITZ, ESQ.
                                AMANDA M. AIELLO, ESQ.
                            Attorneys for Defendant-NOREEN SHEA
                            341 Conklin Street
                            Farmingdale, NY 11735

## **TABLE OF CONTENTS**

**INTRODUCTION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

**LEGAL ARGUMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**POINT I**

      THE DISTRICT COURT PROPERLY APPLIED THE STANDARD OF RES JUDICATA . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**POINT II**

      THE BURDEN OF PROOF IMPOSED BY THE COURT WAS CORRECT. . . . . . . . . . 6

**POINT III**

      THE COURT DID NOT OVERLOOK ALLEGATIONS RELEVANT TO PLAINTIFF'S CLAIM……………………………………………………………………………….…7

**POINT IV**

      THE COURT CORRECTLY DREW INFERENCES IN LIGHT MOST FAVORABLE TO PLAINTIFF…………………………………………………………………….…..8

**CONCLUSION**……………………………………………………………………………..9

# TABLE OF AUTHORITIES

## Cases

*Carolco Pictures, Inc. v. Sirota*,
700 F.Supp. 169, 170 (S.D.N.Y.1988)) .................................................................................. 2

*Coliseum Towers Assocs. v. County of Nassau*,
217 A.D.2d 387, 391, 637 N.Y.S.2d 972 (2d Dept 1996) ...................................................... 4

*Dezer Ent. Concepts, Inc. v. VIP Club*,
No. 120288/01, 2002 WL 31748584, at *7 (N.Y. Sup. Ct. Nov. 22, 2002) ........................... 3

*Federated Dept. Stores, Inc. v. Moitie*,
452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981) .................................................. 3

*Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d
99, 104 (2d Cir. 2013) ............................................................................................................ 2

Monahan v. New York City Dept of Corrections,
214 F.3d 275, 285 (2d Cir.2000) ............................................................................................ 4

*Montanile v. Nat'l Broad. Co.*,
216 F.Supp.2d 341, 342 (S.D.N.Y.2002) ............................................................................... 2

*O'Brien v. City of Syracuse*,
54 N.Y.2d 353, 357, 445 N.Y.S.2d 687, 429 N.E.2d 1158 (1981) ......................................... 3

*S.E.C. v. Ashbury Capital Partners, L.P.*,
No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001) ................................... 2

*Santiago v. Lalani*,
256 A.D.2d 397, 399, 681 N.Y.S.2d 577 (2d Dept 1998) ...................................................... 4

*Schonberger v. Serchuk*,
742 F.Supp. 108, 119 (S.D.N.Y.1990) ................................................................................... 2

*Shamis v. Ambassador Factors Corp.*,
187 F.R.D. 148, 151 (S.D.N.Y.1999) .................................................................................... 2

*Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995) ...................................................... 2

*Zion New York Ltd. Partnership v. Silverberg Stonehill & Goldsmith, P.C.*,
280 A.D.2d 432, 721 N.Y.S.2d 504 (1st Dept 2001) ........................................................... 4

Statutes

In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F.Supp.2d 613, 614 (S.D.N.Y.2000) ...................... 1
Interoceanica, 107 F.3d at 90 .......................................................................................................... 5

## Introduction

Defendant, Noreen Shea ("Ms. Shea"), respectfully submits this memorandum of law in opposition to Plaintiff's motion for reconsideration of the District Court's September 7, 2021 Memorandum Opinion and Order (ECF 167).

The District Court correctly dismissed Plaintiff's claims against Ms. Shea based on the doctrine of *res judicata*. Additionally, it is abundantly clear from the facts contained within the Second Amended Complaint (hereinafter "Second Amended Complaint"), Defendant, Noreen Shea ("Ms. Shea") did not participate in the alleged discrimination. As outlined in the District Court's September 7, 2021 Opinion and Order, all of the Plaintiff's claims against Ms. Shea are barred by the defense of *res judicata*. In the unlikely event the court was to reconsider its ruling with regard to *res judicata*, we hereby reiterate Ms. Shea's remaining arguments contained within our original motion papers herein, as the case should be dismissed against Ms. Shea based upon the additional arguments as well.

## PLAINITFF FAILS TO MEET THE BURDEN FOR RECONSIDERATION UNDER LOCAL RULE 6.3

Reconsideration or reargument of a previous order by the court is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." In *re Health Mgmt. Sys. Inc. Sec. Litig.*, 113 F.Supp.2d 613, 614 (S.D.N.Y.2000) (citations and quotation omitted). "The provision for reargument is not designed

1

to allow wasteful repetition of arguments already briefed, considered and decided." *Schonberger v. Serchuk*, 742 F.Supp. 108, 119 (S.D.N.Y.1990).

A request for reconsideration under Local Rule 6.3 must demonstrate controlling law or factual matters put before the court in its decision on the underlying matter that the movant believes the court **overlooked** and that might reasonably be expected to alter the conclusion reached by the court. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995). Local Rule 6.3 is intended to " 'ensure the finality of decisions and to prevent the practice of a losing party ... plugging the gaps of a lost motion with additional matters.' " *S.E.C. v. Ashbury Capital Partners, L.P.*, No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001) (quoting *Carolco Pictures, Inc. v. Sirota*, 700 F.Supp. 169, 170 (S.D.N.Y.1988)). A court must narrowly construe and strictly apply Local Rule 6.3 to avoid duplicative rulings on previously considered issues and to prevent the Rule from being used as a substitute for appealing a final judgment. *See Montanile v. Nat'l Broad. Co.*, 216 F.Supp.2d 341, 342 (S.D.N.Y.2002); *Shamis v. Ambassador Factors Corp.*, 187 F.R.D. 148, 151 (S.D.N.Y.1999).

Accordingly, "[a] motion for reconsideration should be granted only when the [moving party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013).

In the instant motion, Plaintiff simply includes case law that they failed to include in their original briefs. None of the cases cited post-date the District Court's opinion. Rather this is a feigned attempt by the Plaintiff to have a second bite of the apple after their case was already properly dismissed. There are no new facts alleged, there has been no change in controlling law nor was there a clear error. Accordingly, the Plaintiff's motion should be denied in its' entirety.

In the event that the Court does not dismiss the Plaintiff's motion for reargument based on their failure to meet the subject standard, the Court should nonetheless deny Plaintiff's motion, as it correctly applied the standard for *res judicata* as set forth below.

## ARGUMENT

### I. THE DISTRICT COURT PROPERLY APPLIED THE STANDARD OF RES JUDICATA

The doctrine of claim preclusion (*res judicata*) is intended to provide finality to litigation thus give the parties stability. *Dezer Ent. Concepts, Inc. v. VIP Club,* No. 120288/01, 2002 WL 31748584, at *7 (N.Y. Sup. Ct. Nov. 22, 2002). Upon final judgment, further litigation between the parties arising from the same transaction is barred. *Id.* citing *Federated Dept. Stores, Inc. v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981). New York has adopted this pragmatic, transactional analysis approach, holding that a claim or a cause of action is coterminous with the transaction irrespective of the number of substantive theories or variant forms of relief available to the plaintiff. *Id.* citing *O'Brien v. City of Syracuse,* 54 N.Y.2d 353, 357, 445 N.Y.S.2d 687, 429 N.E.2d 1158 (1981). Thus, once a claim is brought to its final conclusion, all other claims

3

arising out of the same common nucleus of operative facts are barred, even if they are based on different theories, seek different remedies, or allege different facts. *Id. citing Coliseum Towers Assocs. v. County of Nassau,* 217 A.D.2d 387, 391, 637 N.Y.S.2d 972 (2d Dept 1996).

### A. *Res Judicata* applies to all claims brought by Plaintiff

Plaintiff argues the court used the incorrect standard for res *judicata*. He states the scope of *res judicata* is limited by the claims asserted in the prior litigation. This is incorrect. The court has repeatedly made clear, "*res judicata* bars not only theories that had been asserted, but also bars those that could have been, but were not asserted. *Zion New York Ltd. Partnership v. Silverberg Stonehill & Goldsmith, P.C.,* 280 A.D.2d 432, 721 N.Y.S.2d 504 (1st Dept 2001); *Santiago v. Lalani,* 256 A.D.2d 397, 399, 681 N.Y.S.2d 577 (2d Dept 1998). It is abundantly clear, each and every claim asserted in the Second Amended Complaint could have been asserted in the previous action. The SAC involves claims arising from the same series of land use decisions at issue in the first action  The defendants in both actions consist of the Village of Pomona and individuals in privity to the Village.   Plaintiff's act of naming the Village of Pomona in the original complaint and then adding individual defendants who were not originally named in the SAC is exactly what the Courts try to avoid.  Plaintiff cannot bring the same claims against additional individuals and avoid *res judicata*. A court must give preclusive effect to a prior judgment if: "1) the previous action involved an adjudication on the merits; 2) the previous action involved the Plaintiffs or those in privity with them; and 3) the claims asserted in the subsequent action were, or could have been raised in the prior action. "Monahan v. New York City Dept of Corrections, 214 F.3d 275, 285 (2d Cir.2000).

A determination of whether a claim not raised in the previous action could have been raised, "'depends in part on whether the same transaction or connected series of transactions is at issue, and whether the same evidence is needed to support both claims.'" *Pike v. Freeman*, 266 F.3d 78, 86 (2d Cir.2001). (quoting *Interoceanica Corp. v. Sound Pilots, Inc.*, 107 F.3d 86, 90 (2d Cir.1997)). Moreover, whether two actions arise from the same claim or transaction may be ascertained by whether "'the underlying facts are "related in time, space, origin or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage."'" *Id.* (quoting *Interoceanica*, 107 F.3d at 90 (quoting Restatement (Second) of Judgments § 24(b))).

In the instant matter, the Plaintiff initially claimed that the Village of Pomona and other defendants discriminated against the Plaintiff based on their religion when they refused to issue a Certificate of Occupancy for 22 High Mountain and refused to issue a grading permit for the same property. When the initial action was dismissed, the Plaintiffs brought a second action against the Village of Pomona and additional individually named defendants, alleging the same discriminatory practices. Simply put, this second action makes broader claims of discrimination against the Orthodox Jewish community and uses the same series of land use decisions at issue in the first action. It is impossible to separate the "unrelated claims" as Plaintiff alleges. All of Plaintiffs' claims arise out of the same alleged actions and transactions. The exact same evidence would be used to prove the second action as was used in the first.

### A. The named Defendants are essentially same and are irrelevant to the Doctrine of *Res Judicata*

Plaintiff argues the individual defendants in his prior case and the SAC are not exactly the same and as such, r*es judicata* should not apply. This is not correct. In the first action the Plaintiffs brought their claims against the Village of Pomona, and some, but not all individual employees. However, the additional employees named in the SAC, including defendant Shea, are in privity with the employees originally named. The Second Circuits courts have repeatedly held government employees in their individual capacities are in privity with their government employer. Plaintiff is relying on other Circuits Court decisions to argue otherwise.

Thus, it is clear that the individual Defendants named in the instant action are all in privity with their employer. All the claims asserted involved alleged discrimination by the Defendants, by and through their employment with the Village.

## II. THE BURDEN OF PROOF IMPOSED BY THE COURT WAS CORRECT

The Plaintiff alleges that the District Court incorrectly shifted the burden of proof to the Plaintiff to prove that their claims were not precluded. This allegation is simply not true.

Despite the Plaintiff's contentions, Defendants proved each required element of *res judicata*. The claims are the same, the parties are the same and the previous matter was decided on the merits.

Plaintiff misconstrues the District Court's opinion by stating that any factual matters that may have occurred prior to the September 7, 2017 complaint or the January 10, 2018 complaint were precluded by *res judicata*.

Rather, the Court correctly rejected Plaintiff's argument that facts and legal issues arose after the September 7, 2017 complaint was filed. The Court correctly noted that the facts underlying the 2017 complaint were referenced in the 2018 complaint. Accordingly, the Court correctly decided that the Plaintiff could have brought claims that occurred after September 7, 2017 by amending their pleadings prior to the January 2018 dismissal.

### III.   THE COURT DID NOT OVERLOOK ALLEGATIONS RELEVANT TO PLAINTIFF'S CLAIM

Plaintiff is grasping at straws by alleging that the defendants fraudulently concealed evidence necessary to prove their claims. Further, Plaintiff repeats over and over that the claims asserted were only discovered after the first action was filed. What Plaintiff either fails to acknowledge or intentionally omits, is that the vast majority of this 'new evidence' was discovered or could have been discovered before his original case was dismissed.

For whatever reason, whether mistakenly or intentionally, Plaintiff never attempted to amend their complaint. Instead, Plaintiff waited until after the matter was dismissed to bring a new action. The defendants should not be barred from the defense of *res judicata* because the Plaintiff chose to wait to use the evidence which was readily available to them.

7

Plaintiff rests their entire point on the argument and allegations that they only obtained the evidence from Ms. Shea with great difficulty. But again, this evidence was available and known to Plaintiff before their case was dismissed. Plaintiff actively and deliberately chose not to seek out the information which they knew existed, and instead began their crusade against Ms. Shea only after the case was dismissed.

### IV. THE COURT CORRECTLY DREW INFERENCES IN LIGHT MOST FAVORABLE TO PLAINTIFF

Plaintiff argues that the Court failed to draw inferences in a light most favorable to Plaintiff, ignoring the fact that, even viewing the facts in light most favorable to the Plaintiff, the facts simply do not support Plaintiff's claims. The Court correctly determined that the Plaintiff delayed in seeking the 'new evidence' from Ms. Shea despite the fact that it could have been available to them had they attempted to seek it out.

Most importantly, despite learning about the recordings in 2019, the Plaintiff did not include any fraudulent concealment claims in their 2020 complaint. Plaintiff is now relying on the delay of receiving the recordings as a means to bar the defense of *res judicata*. If this argument is to be believed, then any plaintiff may wait to perform their due diligence investigation as a backup plan to revive their case if it is ultimately dismissed.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that Plaintiffs' motion for Reconsideration be denied in its' entirety and for such other and further relief as the Court deems just and proper.

_____
Rondiene E. Novitz, Esq.
Amanda Aiello, Esq.