UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

TAL PROPERTIES OF POMONA, LLC AND
AVROHOM MANES,

Case No.:     19-cv-06838 (PMH)

Plaintiffs,

-against-

VILLAGE OF POMONA, BRETT YAGEL, individually
And in his official capacity as major of the village of
Pomona, DORIS ULMAN, individually and in her official
Capacity as attorney for the village of Pomona,
LOUIS ZUMMO, individually and his official capacity
as building inspector for the village of Pomona,
NOREEN SHEA, individually and in her official capacity
as deputy village clerk for the village of Pomona,
FRANCIS ARSA-ARTHA individually and in her official
capacity as clerk treasurer for the village of Pomona,
CHRISTOPHER RILEY, individually and in his official
capacity as special prosecutor for the village of Pomona
JOSEPH CORLESS, individually and in his official
LEON HARRIS, individually and in his official capacity as
deputy Mayor for the village of Pomona, IAN BANKS,
individually and in his official capacities as trustee, and
current mayor the village of Pomona, and
JOHN DOES and JANE DOES

Defendants.

------------------------------------------------------------------------X

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO RECONSIDER

## PRELIMINARY STATEMENT

This memorandum of law is submitted on behalf of Defendants Riley, Corless, and the Village of Pomona ("Defendants") in opposition to Plaintiffs' motion for reconsideration of the Court's decision granting Defendants' motion to dismiss with leave to amend certain limited claims. In its decision and order granting Defendants' motion to dismiss, the Court held that: (1) claims that were or could have been raised in Plaintiffs' prior action against Defendants were barred by *res judicata*; and (2) that the remaining claims failed to state a claim upon which relief could be granted. Plaintiffs were given leave of the court to replead the latter set of claims.

In their motion to reargue, Plaintiffs contend that the Court applied the black-letter doctrine of *res judicata* "too broadly" and dismissed claims that were not subject to res judicata. Yet in both their opposition to the underlying motion and their motion to reargue, Plaintiffs failed to actually articulate what these putative erroneously dismissed claims actually are. Because nothing post-dating the allegations in Plaintiffs' prior lawsuit actually states a claim against Defendants, the Court properly granted Defendants' motion to dismiss. To the extent that Plaintiffs have actual claims based on allegations post-dating their prior lawsuit, they were given the opportunity to amend their complaint to clearly state them by the decision in question. Accordingly, it is respectfully submitted that Plaintiffs' motion to reargue should be denied in its entirety.

## LEGAL STANDARD GOVERNING MOTIONS TO REARGUE

"In the interests of finality and conservation of scarce judicial resources, the Court will grant reconsideration of its orders only in extraordinary circumstances." Nutting v. Zimmer, Inc., No. 18-md-2859, 2021 U.S. Dist. LEXIS 177530, at *29 (S.D.N.Y. Sept. 17, 2021) (quotation marks and alteration omitted). "A party moving for reconsideration under Local Civil Rule 6.3 must 'point to controlling decisions or data that the court overlooked – matters, in other words,

that might reasonably be expected to alter the conclusion reached by the court.'" Id. (quoting

Shrader v. CSX Transp., 70 F.3d 255, 257 (2d Cir. 1995)). "[Local Civil] Rule 6.3 is intended to

ensure the finality of decisions and to prevent the practice of a losing party plugging the gaps of a

lost motion with additional matters. A court must narrowly construe and strictly apply [Local Civil]

Rule 6.3 so as to avoid duplicative rulings on previously considered issues and to prevent [Local

Civil] Rule 6.3 from being used to advance different theories not previously argued…." Hinds

County v. Wachovia Bank N.A., 700 F. Supp. 2d 378, 407 (S.D.N.Y. 2010) (quotation marks,

citations, and alteration omitted). "A motion for reconsideration should be granted only when the

[movant] identifies an intervening change of controlling law, the availability of new evidence, or

the need to correct a clear error or prevent manifest injustice." Kolel Beth Yechiel Mechil of

Tartikov, Inc. v. YLL Irrevocable Tr., 729 F.3d 99, 104 (2d Cir. 2013) (quotation marks omitted).

## **ARGUMENT**

### I.   **The District Court Correctly Applied *Res Judicata***

Plaintiffs continue to advance the novel contention that *res judicata* does not bar their

claims if they can point to some evidence they uncovered supporting their claims in the initial

lawsuit that post-dates the initial lawsuit's dismissal. They are incorrect. See Veleron Holding,

B.V. ex rel OJSC Russian Machines v. Stanley, 151 A.D. 3d 597, 598 (1st Dept. 2017) ("Plaintiff's

claim that it did not have sufficient knowledge to raise the cause of action when filing the federal

complaint is not persuasive in light of that [initial] complaint referencing the very allegations that

form the basis of this action. The fact that subsequent discovery revealed emails supporting this

claim is irrelevant, since the proper inquiry for res judicata purposes is not whether Veleron had

enough evidence to prove its claim, but when it had sufficient knowledge to raise the cause of

action."). If Plaintiffs' position was correct, then no adjudication would ever be final as any case

could be resurrected over and over again based on a self-serving attorney attestation that they uncovered some evidence after their case was dismissed. This would relieve counsel of their obligation to investigate their claims before filing suit and force defendants to waste resources litigating the same claims over and over again whenever an attorney claims to have uncovered some evidence supporting their claims (as has happened here).

As discussed in the moving papers, the arguments Plaintiffs make in attempting to raise the "fraud" exception to *res judicata* are the same issues that were raised and dismissed in their Fed. R. Civ. P. 60(b) motion to reopen their initial lawsuit. "Fraud" and "newly obtained evidence that could not have been discovered" are both grounds for reopening cases under Rule 60(b). As set forth in the moving papers, Plaintiffs already made such a motion in their initial action including the same arguments which they now use in an effort to evade *res judicata*. The motion was denied by the Court, which found no evidence of fraud and no evidence that relevant records were destroyed or made unavailable. See Dkt. No. 133 at Exhibit "D" at 25. Plaintiffs are, therefore, collaterally estopped from litigating these issues a second time. If Plaintiffs felt that the Village's response to Freedom of Information Requests was too slow, they had the option of commencing a CPLR Article 78 proceeding to expedite things.

Next, Plaintiffs argue that Defendants somehow failed to make a *prima facie* case that the affirmative defense of *res judicata* applied. They are incorrect. Point I of Defendants' memorandum of law in support of their motion to dismiss set forth the elements of *res judicata*, explained how these elements were satisfied, and discussed the prior action in detail with citations to its docket. The relevant pleadings and court decisions in the prior action were annexed to the moving papers as exhibits. Moreover, Plaintiffs failed to meet their burden on reconsideration of identifying controlling case law that the Court overlooked suggesting that more is needed to make

out a *prima facie* case of *res judicata*. Thus, Plaintiffs' contention that Defendants somehow failed to make out a *prima facie* case is meritless.

Next, Plaintiffs argue that the court erred in concluding that the defendants named in their individual capacities are not in privity with their municipal employers for *res judicata* purposes. They are mistaken. First, this argument was not raised in Plaintiff's opposition to the underlying motion and is therefore not a proper subject for a motion for reconsideration. Furthermore, defendants are in privity with their municipal employers when they are sued in their individual capacities regarding conduct undertaken within the scope of their employment. See Green Materials of Westchester v. Town of Cortlandt, 15-CV-3257 (VB), 2015 WL 9302838, at *7 (S.D.N.Y. Dec. 21, 2015) ("There is no indication or allegation the Town officials have individual interests conflicting with their interest as Town officials, not is there any allegations the Town officials acted outside of their capacity as Town officials. Under these circumstances, plaintiffs cannot avoid *res judicata* merely by suing the same officials again in their individual capacities); Malcolm v. Bd. Of Educ. Of Honeoye Falls-Lima Cent. School Dist., 506 Fed Appx 65, 68 (2d Cir. 2012) ("Although this action adds defendants who were not part of the prior actions, because all of the defendants named in this action are either current or former agents or employees of the school district, the principle of privity bars relitigation of these claims against these new defendants as well."); Hirschfeld v. Spanakos, 871 F. Supp. 190, 193 n.3 (S.D.N.Y. 1994) (concluding that prior lawsuit had *res judicata* effect on defendants in both their official and individual capacities); Waldman v. Vill. Of Kiryas Joel, 39 F.Supp.2d 370, 382 (S.D.N.Y. 1999) (holding that government officials sued in their official and individual capacities were entitled to claim preclusion defense based on prior lawsuit against their government entity), aff'd, 207 F.3d 105 (2d Cir. 2000).

**II.** **The Court Correctly Ruled that the Claims Not Barred by *Res Judicata* Fail to State Claims**

Defendants' motion to dismiss was not grounded solely upon *res judicata*, but on the additional ground that the claims post-dating the original lawsuit fail to state a claim against Defendants. As discussed in the moving papers, the remainder of the eighty-page complaint is a hodgepodge of allegations that the Village committed random "bad acts" against people who are not plaintiffs in this action. In both Plaintiffs' memorandum in opposition and the instant motion, Plaintiffs resort to hand-waving about the dismissal of unspecified claims against unspecified defendants post-dating the initial lawsuit, but they never bother to specify precisely what causes of action were purportedly wrongfully dismissed or how their complaint satisfies the elements of such causes of action. For example, in their motion for reconsideration, Plaintiffs allege in a conclusory manner that they lost the ability to bring a claim pertaining to Village officials "doctoring" Village records, but fail to explain how these factual allegations actually state a legal claim. See Hayes v. Perotta, 751 F. Supp. 2d 597, 602 (S.D.N.Y. 2010) ("The Complaint does allege that [the defendant local governmental unit] wrongly refused to provide Plaintiff with information that he requested…[But] [t]his allegation does not state a § 1983 claim, as it is not rooted in a claimed constitutional or federal statutory right.").

In a similar vein, Defendant Riley, the Village prosecutor, is named in this action; however, as set forth in the moving papers, the complaint merely alleges that he was involved in a dispute with a co-defendant at a Village meeting over an application filed by a non-party and fails to identify any action that he took under color of state law that deprived Plaintiffs of any constitutional right. See Dkt. No. 132 at 5-6. Moreover, Defendants specifically raised the issue of claims post-dating *res judicata* in the underlying motion. See Dkt. No. 132 at 1. Thus, Plaintiffs were afforded the opportunity to spell out how these new facts stated a cause of action. They failed

to do so, instead choosing to string cite paragraphs of their complaint without making any legal argument as to how these paragraphs stated a claim. See Dkt. No. 134 at 3. In the absence of any explanation from Plaintiffs of which facts in their eighty-page complaint post-date the first action, and how these facts state claims upon which relief can be granted, it was appropriate for the Court to afford Plaintiffs one final opportunity to file a complaint limited to the theories of relief identified as post-dating their original lawsuit.

Moreover, Plaintiffs fail to identify the requisite controlling legal authority holding that dismissing claims barred *by res judicata* while permitting repleading of the remaining claims is somehow an abuse of discretion.

## **<u>CONCLUSION</u>**

Wherefore, in light of the foregoing, it is respectfully submitted that Plaintiffs' motion to reconsider should be denied. Should the Court revisit any aspects of its ruling, it is respectfully submitted that it should address Defendants' remaining unadjudicated arguments in the underlying motion and conclude that the complaint fails to state a claim for relief.

Dated: November 22, 2021
  New York, New York

      Respectfully submitted,

      MORRIS DUFFY ALONSO & FALEY


    By: /s/ Kenneth E. Pitcoff    
      KENNETH E. PICTOFF
      MICHAEL A. CZOLACZ
      REBECCA J. ROSEDALE
      Attorney for Defendants
      THE VILLAGE OF POMONA, JOSEPH
      CORLESS, and CHRISTOPHER RILEY
      101 Greenwich Street, 22nd Floor
      New York, New York 10006
      T: (212) 766-1888

F: (212) 766-3252
Our File No.: (TRV) 71094