UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TAL PROPERTIES OF POMONA, LLC, et al.,

Plaintiffs,

-against-

VILLAGE OF POMONA, et al.,

Defendants.

**MEMORANDUM OPINION AND ORDER**

19-CV-06838 (PMH)

PHILIP M. HALPERN, United States District Judge:

TAL Properties of Pomona, LLC ("TAL") and Avrohom Manes ("Manes," and together with TAL, "Plaintiffs") filed their Second Amended Complaint ("SAC") against the Village of Pomona ("Pomona"), Brett Yagel ("Yagel"), Doris Ulman ("Ulman"), Louis Zummo ("Zummo"), Noreen Shea ("Shea"), Francis Arsa-Artha ("Arsa-Artha"), Christopher Riley ("Riley"), Joseph Corless ("Corless"), Leon Harris ("Harris"), and Ian Banks ("Banks") (collectively, "Defendants") on July 27, 2020. (Doc. 99, "SAC"). The Court, on September 7, 2021, dismissed with prejudice certain claims in the SAC barred by the *res judicata* effect of a prior lawsuit ("*TAL 1*") and dismissed the remaining claims without prejudice and with leave to amend. (Doc. 167, "Prior Order").[1]

Plaintiffs filed a motion for reconsideration of the *res judicata* finding set forth in the Prior Order on October 18, 2021. (Doc. 172; Doc. 173, "Pl. Br."). Defendants filed opposition to Plaintiffs' motion for reconsideration on January 17, 2022 (Doc. 191, "Opp. Br."), and the motion

[1] The Prior Order is available on commercial databases. *See Tal Prop. of Pomona, LLC v. Vill. of Pomona*, No. 19-CV-06838, 2021 WL 4066845 (S.D.N.Y. Sept. 7, 2021). However, for ease of reference, the Court cites herein the copy of the Prior Order filed on the docket.

was fully submitted upon the filing of Plaintiffs' reply papers on January 31, 2022 (Doc. 193, "Reply").[2]

For the reasons stated herein, Plaintiffs' motion for reconsideration is DENIED.

**STANDARD OF REVIEW**

A motion for reconsideration "is appropriate where 'the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Henderson v. Metro. Bank & Tr. Co.*, 502 F. Supp. 2d 372, 375-76 (S.D.N.Y. 2007) (quoting *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003)). It is appropriate to grant a motion for reconsideration only if the movant points to "an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Id*. at 376 (quoting *Doe v. New York City Dep't of Social Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)). "Reconsideration . . . is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *RST (2005) Inc. v. Research in Motion Ltd.*, 597 F. Supp. 2d 362, 365 (S.D.N.Y. 2009) (quoting *In re Health Mgmt. Sys. Inc. Secs. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)); *see also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (noting that the "[t]he standard for granting [a reconsideration] motion is strict . . . ."). Moreover, a motion for reconsideration "may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." *RST (2005) Inc. v. Research in Motion Ltd*., 597 F. Supp. 2d 362, 365 (S.D.N.Y. 2009).

[2] Given the parties' extensive litigation history, the Court assumes their familiarity with the underlying facts and procedural history of this action.

**ANALYSIS**

Plaintiffs make four arguments in support of their motion for reconsideration: (i) that the Court erred in its application of *res judicata* to their claims; (ii) that the Court erred in its *res judicata* finding by reversing the applicable burden of proof; (iii) that the Court overlooked certain factual assertions; and (iv) that the Court erred by misapplying the standard of review under Federal Rule of Civil Procedure 12(b)(6). The Court addresses Plaintiff's arguments *seriatim*.

I. First Argument: Application of *Res Judicata*

As stated in the Prior Order, *res judicata* "provides that a final judgment on the merits bars a subsequent action between the same parties over the same cause of action." *Channer v. Dep't of Homeland Sec.*, 527 F.3d 275, 279 (2d Cir. 2008). "Whether or not the first judgment will have preclusive effect depends in part on whether the same transaction or connected series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first." *N.L.R.B. v. United Techs. Corp.*, 706 F.2d 1254, 1260 (2d Cir. 1983). *Res judicata* is an affirmative defense that "may properly be raised via a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Iotova v. Patel*, 293 F. Supp. 3d 484, 487 (S.D.N.Y. 2018) (internal quotation omitted).

To prove the affirmative defense of *res judicata*, Defendants "must show that (1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000).

Because Plaintiffs point to no "intervening change in controlling law [or] the availability of new evidence" in support of this argument, they must prove that there is "a need to correct a

clear error or prevent manifest injustice." *Henderson*, 502 F. Supp. 2d at 376. Plaintiffs' argument that the Court misapplied *res judicata* to their claims is two-fold: (i) the Court inappropriately ruled in Defendants' favor as to the third element by precluding claims asserted in this action that were unrelated to those in *TAL 1*; and (ii) the Court inappropriately ruled in Defendants' favor as to the second element because certain individual Defendants named in this action were not named in *TAL 1*.

A. Unrelated Claims

Plaintiffs' first argument at to Court's purported misapplication of *res judicata* is that because *TAL 1* only complained of actions taken by the Village regarding Plaintiffs' property at 22 High Mountain Road in Pomona ("22 High"), the claims asserted in this action with respect to other properties are not precluded. (Pl. Br. at 6-7). Plaintiffs state, as to the third element of *res judicata* in *Monahan*, that "the question is whether the claim was sufficiently related to the claims that were asserted in the first proceeding that it should have been asserted in that proceeding." (*Id.* at 7 (quoting *Pike v. Freeman*, 266 F.3d 78, 91 (2d Cir. 2000)). Plaintiffs thus challenge the Court's assessment of whether claims "could have been" brought in *TAL 1*, because the Court instead should have assessed whether the claims here were "related to" those in *TAL 1*. Plaintiff's argument fails to establish a basis for reconsideration for three reasons: (i) *Monahan* remains good law and the Court did not misconstrue it; (ii) the Court already considered whether the claims in this action were related to those made in *TAL 1*, and therefore the argument now is nothing more than a rehash of the issue; and (iii) that the claims in *TAL 1* were only based on 22 High does not render them unrelated to claims based on other properties bought by the same Plaintiff (or his privy), owned by the same Plaintiffs in the same village.

First, the Second Circuit in *Pike* cited *Monahan* favorably. To the extent the Second Circuit referred to *Monahan*'s "could have been" language as a "misnomer," it simply explained that "[t]he question is not *whether the applicable procedural rules permitted* assertion of the claim in the first proceeding." *Pike*, 266 F.3d at 91 (emphasis added). The Court applied the *Monahan* standard appropriately in light of *Pike's* qualification of the "could have been" language. The Court did not base its determination that Plaintiffs' claims "could have been" raised in *TAL 1* on applicable procedural rules, as *Pike* warns against. The Court found that certain claims could have been raised in *TAL 1* because they were based on factual information of which Plaintiffs ought to have previously known and that, "[a]s such, Plaintiffs' argument that *res judicata* does not apply to their allegations that are 'unrelated' to the 22 High property falls flat." (Prior Order at 7).

Second, Plaintiffs' argument fails because it does not point to any intervening change in controlling law, new evidence, or a need to correct a clear error in the Prior Order. *Henderson*, 502 F. Supp. at 376. Rather, Plaintiffs merely re-hash relatedness arguments that were already considered and rejected by the Court. A motion for reconsideration "may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." *RST (2005) Inc.*, 597 F. Supp. 2d at 365. Plaintiff's argument on this motion that "the *TAL 1* judgment should not have *res judicata* effect on any claims unrelated to . . . 22 High" (Pl. Br. at 10 (italics added)) is indistinguishable from its argument in briefing the Prior Order that *TAL 1* "was limited to specific claims involving the 22 High property, whereas the SAC alleges facts and presents causes of action that were not at issue" (Doc. 154 at 9).

Third, that the claims alleged in *TAL 1* were all based on 22 High does not, in and of itself, make them unrelated to the claims asserted here. As the Second Circuit explained in *Pike*:

> Whether a claim that was not raised in the previous action could have been raised therein depends in part on whether the same transaction or connected series of transactions is at issue, and whether the same evidence is needed to support both claims. To ascertain whether two actions spring from the same "transaction" or "claim," we look to whether the underlying facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

*Pike*, 266 F.3d at 91. Defendants correctly point out that in this action, "Plaintiffs allege that the same individuals (Village of Pomona government officials), for the same reason (religious animosity towards Orthodox Jews) and using the same tactics (selective code enforcement and general harassment), prevented the same plaintiffs from developing and profiting off residential properties that Plaintiffs owned in the Village during the same time period (the Yagel administration)." (Def. Br. at 9). Under these circumstances, Plaintiffs' claims arise from the same "common nucleus of operative facts" as *TAL 1*. *See TechnoMarine SA*, 758 F.3d at 502.

For the foregoing reasons, the Court declines to reconsider its findings in the Prior Order as to the third element of *res judicata*.

B. Privity of Defendants

Plaintiffs' second argument as to the Court's application of *res judicata* is that the Court erred in its assessment of the second element because it did not consider whether Defendants in this action were in privity with the defendants in *TAL 1*. (Pl. Br. at 10-12). Plaintiffs failed to argue this point in the underlying briefing, even though Defendants explicitly raised it, thereby waiving the argument. (*See generally* Doc. 154; Doc. 132 at 4). This argument is, thus, inappropriate on this motion and fails establish a basis for reconsideration. *Mexico Infrastructure Fin., LLC v. Corp. of Hamilton*, No. 17-CV-06424, 2020 WL 5646107, at *3 (S.D.N.Y. Sept. 21, 2020) (a "new legal theory is . . . improper on a motion for reconsideration" where it was not raised in the underlying

briefing); *see also Burke v. Bimbo Bakeries USA, Inc.*, No. 17-CV-04481, 2020 WL 5518469, at *1 (S.D.N.Y. Sept. 14, 2020). Moreover, even if Plaintiffs had raised this argument below, it fails on the merits because Defendants named in this action that were not named in *TAL 1* are all in privity with the Village for purposes of *res judicata*. *Malcolm v. Bd. of Educ. of Honeoye Falls-Lima Cent. Sch. Dist.*, 506 F. App'x 65, 68 (2d Cir. 2012) ("Although this action adds defendants who were not part of the prior actions, because all of the defendants named in this action are either current or former agents or employees of the school district, the principle of privity bars relitigation of these claims against these new defendants as well."). Thus, the Court declines to reconsider its findings in the Prior Order as to the second element of *res judicata*.

Plaintiffs' arguments concerning the Court's application of *res judicata*, therefore, fail to warrant reconsideration of the Prior Order.

II. Second Argument: The Burden of Proof

Plaintiffs further argue that the Court erred by misapplying the burden of proof for *res judicata*. *Res judicata* is an affirmative defense properly brought on a 12(b)(6) motion. *Iotova*, 293 F. Supp. 3d at 487. As an affirmative defense, "[t]he burden of showing that the issues are identical and were necessarily decided in the prior action rests with the party seeking to apply issue preclusion." *Proctor v. LeClaire*, 715 F.3d 402, 414 (2d Cir. 2013); *see also Chigirinskiy v. Panchenkova,* No. 14-CV-04410, 2015 WL 1454646, at *13 (S.D.N.Y. Mar. 31, 2015) ("[T]he party asserting [*res judicata*] bears the burden of proof of showing that it applies.").

The Court, in the Prior Order, appropriately placed the burden on Defendants to establish that Plaintiffs' claims in this action were precluded by *TAL 1*. Defendants met their burden as to each element of the defense, which Plaintiffs failed to successfully oppose. This was a proper application of the burden of proof. Plaintiffs' sole example of alleged improper burden shifting is

that the Court "incorrectly presumed that any factual matter that may have occurred prior to the filing . . . or . . . dismissal of *TAL 1* was precluded." (Pl. Br. at 12 (emphases removed and italics added)). The Court, on this issue, first identified that Defendants met the burden of proving "that all of Plaintiffs' claims in this action ar[ose] from the same allegedly discriminatory transactions as [*TAL 1*]." (Prior Order at 5 (internal quotation omitted)). The Court then identified Plaintiffs' rebuttal argument "that the Court should reject Defendants' *res judicata* defense because the SAC alleges facts and presents legal issues that arose after September 7, 2017, the date on which the Prior SAC was filed." (*Id.* at 8 (internal quotation omitted)). The Court, however, rejected Plaintiffs' rebuttal argument because "the vast majority of the allegations that Plaintiffs cited could have been raised in the Prior SAC." (*Id.* (internal quotation omitted)). There was no error in the Court's analysis in that regard.

Accordingly, Plaintiffs' arguments concerning the burden of proof likewise fail to warrant reconsideration of the Prior Order.

III. Third Argument: Overlooked Allegations

Plaintiffs contend that the Court overlooked, in the Prior Order, three sets of factual allegations that would have led to a different conclusion had the Court considered them: (i) allegations concerning withholding, concealing, and destroying records; (ii) allegations concerning newly discovered information and evidence; and (iii) allegations concerning separate claims unrelated to 22 High. (Pl. Br. at 13). To meet their burden on this factual issue, Plaintiffs must point to "data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court." *Henderson*, 502 F. Supp. 2d at 376.

As to the first set of allegations, Plaintiffs have not met this burden. None of the allegations in the SAC relating to concealment that Plaintiffs claim the Court overlooked disturb the Court's

finding in the Prior Order that the claims asserted in this action either were or could have been raised in *TAL 1* and arose from the same transactions. Plaintiffs allege that "Defendants Yagel, Ulman and Zummo, assisted by other Defendants, have: (i) destroyed, falsified, hidden and otherwise denied access to incriminating information; (ii) denied meritorious building permits arbitrarily and discriminatorily, and (iii) given false testimony at depositions." (SAC at ¶ 243). Plaintiffs do not, however, connect any alleged concealment to evidence that was not raised in *TAL 1* because it was only discovered after-the-fact. Any alleged concealment was therefore not material to the issue of *res judicata*. Thus, even assuming the existence of fraudulent concealment, the Court's conclusion as to *res judicata* would not change.

As to the second set of allegations, the Court thoroughly considered in the Prior Order the alleged new facts that came to light after the filing of *TAL 1* and whether those facts could have been discovered in time to be raised in *TAL 1*. The Court found, except as to allegations in paragraphs 283-305 of the SAC relating to alleged discrimination by Banks, that Plaintiffs could have discovered the new facts earlier with reasonable diligence and brought claims based on them in *TAL 1*. (Prior Order at 7).

Finally, with respect to the third set of allegations, the Court thoroughly considered whether claims not based on 22 High were nevertheless related to the claims in *TAL 1* and found that they were. (Prior Order at 6; *see also supra* at 5-6).

Plaintiffs have not met their burden of proving that any facts were overlooked in the Prior Order that would have altered the Court's conclusion and therefore, reconsideration based on Plaintiffs' third argument is not warranted.

IV. Fourth Argument: Application of the 12(b)(6) Standard

Finally, Plaintiffs argue that the Court erred by misapplying the standard of review for a motion to dismiss under Rule 12(b)(6). Plaintiffs argue that the Court "failed to draw all reasonable inferences in Plaintiffs' favor." (Pl. Br. at 15). Plaintiffs cite to two examples of alleged error: (i) that the Court inferred that Plaintiffs could have discovered that Shea had secret recordings of other Defendants; and (ii) that the Court inferred that Plaintiff could have discovered the information underlying admissions made by Zummo and Ulman subsequent to *TAL 1*. (Pl. Br. at 15-16). The Court, as required, assumed all facts alleged in the SAC to be true and concluded that because Plaintiffs alleged that Shea, Zummo, and Ulman possessed the relevant information prior to the filing of *TAL 1*, Plaintiffs were able to obtain it from them. In order to conclude the opposite—that Plaintiffs *could not have* discovered this information—the Court would have had to assume some unpled impediment to asking for it, which the Court was not obligated to do.

Plaintiffs' arguments concerning the standard of review, accordingly, also fail to warrant reconsideration of the Prior Order.

**CONCLUSION**

For the foregoing reasons, Plaintiffs' motion for reconsideration is DENIED.[3] The Clerk of Court is respectfully directed to (i) terminate the motion sequence pending at Doc. 172; and (ii) close this case.

[3] Plaintiffs have peppered their reconsideration motion, which is the sole and only proper motion before the Court, with a variety of requests. Plaintiffs seek, in their main brief, as an afterthought, 28 U.S.C. 1292(b) certification relief and alternatively, Fed. R. Civ. P. 54(b) relief. (Pl. Br. at 16-17). Plaintiffs seek, in their reply brief, an extension of time to file an amended complaint, which time expired on October 7, 2021. (Reply at 10). None of those requests are properly before the Court and each is denied.

**SO ORDERED:**

Dated: White Plains, New York
July 21, 2022

_______________________________
Philip M. Halpern
United States District Judge